

FILED
2023 Nov-13  PM 03:52
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
### EASTERN DIVISION

| | | |
|---|---|---|
| **FEDERAL INSURANCE COMPANY, PACIFIC EMPLOYERS INSURANCE COMPANY, ACE AMERICAN INSURANCE COMPANY, ACE PROPERTY AND CASUALTY INSURANCE COMPANY, INDEMNITY INSURANCE COMPANY OF NORTH AMERICA, and WESTCHESTER FIRE INSURANCE COMPANY,** | ) ) ) ) ) ) ) ) ) ) | |
| **Plaintiffs,** | ) ) ) | |
| **v.** | ) ) ) | **CASE NO.: 1:23-cv-01367-RDP** |
| **SHAW INDUSTRIES, INC.,** | ) ) ) | |
| **Defendant,** | ) ) ) | |
| **and** | ) ) ) | |
| **COMMERCE & INDUSTRY INSURANCE COMPANY; FIREMAN'S FUND INSURANCE COMPANY; FIRST STATE INSURANCE COMPANY; EMPLOYERS MUTUAL LIABILITY INSURANCE COMPANY; GREAT AMERICAN INSURANCE COMPANY; U.S. FIRE INSURANCE COMPANY; TRAVELERS CASUALTY AND SURETY COMPANY; WESTPORT INSURANCE CORPORATION f/k/a PURITAN INSURANCE COMPANY; JOHN DOE INSURERS;** | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| **Nominal Defendants.** | ) | |

## <u>TRAVELERS CASUALTY AND SURETY COMPANY F/K/A THE AETNA CASUALTY AND SURETY COMPANY'S ANSWER TO COMPLAINT FOR DECLARATORY JUDGMENT</u>

COMES NOW Defendant Travelers Casualty and Surety Company f/k/a The Aetna Casualty and Surety Company ("Travelers"),[1] and answers Plaintiffs' Complaint as follows:

## I.  <u>INTRODUCTION</u>

1.      The allegations in Paragraph 1 of Plaintiffs' Complaint set forth Plaintiffs' characterization of this action and do not require a response from Travelers.

2.      Paragraph 2 of Plaintiffs' Complaint contain no allegations against Travelers and do not require a response from Travelers. To the extent that a response is deemed required, Travelers is without sufficient information to admit or deny the allegations in Paragraph 2 of Plaintiffs' Complaint.

3.      Paragraph 3 of Plaintiffs' Complaint contain no allegations against Travelers and do not require a response from Travelers. To the extent that a response is deemed required, Travelers is without sufficient information to admit or deny the allegations in Paragraph 3 of Plaintiffs' Complaint.

## II.  <u>THE PARTIES</u>

4.      Travelers is without sufficient information to admit or deny the allegations in Paragraph 4 of Plaintiffs' Complaint.

5.      Travelers is without sufficient information to admit or deny the allegations in Paragraph 5 of Plaintiffs' Complaint.

6.      Travelers is without sufficient information to admit or deny the allegations in Paragraph 6 of Plaintiffs' Complaint.

---

[1]  Travelers Casualty and Surety Company f/k/a The Aetna Casualty and Surety Company is improperly named as "Travelers Casualty and Surety Company" in Plaintiffs' Complaint. Travelers Casualty and Surety Company f/k/a The Aetna Casualty and Surety Company reserves all rights in this regard.

7.      Travelers is without sufficient information to admit or deny the allegations in Paragraph 7 of Plaintiffs' Complaint.

8.      Travelers is without sufficient information to admit or deny the allegations in Paragraph 8 of Plaintiffs' Complaint.

9.      Travelers is without sufficient information to admit or deny the allegations in Paragraph 9 of Plaintiffs' Complaint.

10.      Travelers is without sufficient information to admit or deny the allegations in Paragraph 10 of Plaintiffs' Complaint.

11.      Travelers is without sufficient information to admit or deny the allegations in Paragraph 11 of Plaintiffs' Complaint.

12.      Travelers is without sufficient information to admit or deny the allegations in Paragraph 12 of Plaintiffs' Complaint.

13.      Travelers is without sufficient information to admit or deny the allegations in Paragraph 13 of Plaintiffs' Complaint.

14.      Travelers is without sufficient information to admit or deny the allegations in Paragraph 14 of Plaintiffs' Complaint.

15.      Travelers is without sufficient information to admit or deny the allegations in Paragraph 15 of Plaintiffs' Complaint.

16.      Travelers is without sufficient information to admit or deny the allegations in Paragraph 16 of Plaintiffs' Complaint.

17.      Travelers admits the allegations contained in the first sentence of Paragraph 17. Travelers further admits that The Aetna Casualty and Surety Company n/k/a Travelers Casualty and Surety Company issued certain insurance policies to Shaw, including the policies referenced

under "Travelers Casualty and Surety Company" and "Travelers" on Exhibit B to Plaintiffs' Complaint (the "Travelers Policies").[2] Travelers states that the Travelers Policies speak for themselves. To the extent the allegations of Paragraph 17 of Plaintiffs' Complaint are inconsistent with the Travelers Policies, such allegations are denied.

18.     Travelers is without sufficient information to admit or deny the allegations in Paragraph 18 of Plaintiffs' Complaint.

19.     Travelers is without sufficient information to admit or deny the allegations in Paragraph 19 of Plaintiffs' Complaint.

## III.    JURISDICTION AND VENUE

20.     The allegations in Paragraph 20 of Plaintiffs' Complaint constitute legal conclusions and do not require a response from Travelers. To the extent that a response is deemed required, Travelers is without sufficient information to admit or deny the allegations in Paragraph 20 of Plaintiffs' Complaint.

21.     The allegations in Paragraph 21 of Plaintiffs' Complaint constitute legal conclusions and do not require a response from Travelers. To the extent that a response is deemed required, Travelers is without sufficient information to admit or deny the allegations in Paragraph 21 of Plaintiffs' Complaint.

22.     The allegations in Paragraph 22 of Plaintiffs' Complaint constitute legal conclusions and do not require a response from Travelers. To the extent that a response is deemed required, Travelers is without sufficient information to admit or deny the allegations in Paragraph 22 of Plaintiffs' Complaint.

---

[2] Exhibit B to Plaintiffs' Complaint incorrectly lists the policy number for the "Travelers" 1979-1980 policy. The Aetna Casualty and Surety Company n/k/a Travelers Casualty and Surety Company issued policy number 11 GL 1226 SCA with a policy period of 07/01/1979-07/01/1980 to Shaw Industries, Inc.

23.     The first sentence in Paragraph 23 of Plaintiffs' Complaint contains legal conclusions and does not require a response from Travelers. To the extent that a response is deemed required, Travelers is without sufficient information to admit or deny the allegations in the first sentence in Paragraph 23 of Plaintiffs' Complaint. Answering further, Travelers is without sufficient information to admit or deny the remaining allegations in Paragraph 23 of Plaintiffs' Complaint.

24.     The allegations in Paragraph 24 of Plaintiffs' Complaint constitute legal conclusions and do not require a response from Travelers. To the extent that a response is deemed required, Travelers is without sufficient information to admit or deny the allegations in Paragraph 24 of Plaintiffs' Complaint.

25.     The allegations in Paragraph 25 of Plaintiffs' Complaint constitute legal conclusions and do not require a response from Travelers. To the extent that a response is deemed required, Travelers is without sufficient information to admit or deny the allegations in Paragraph 25 of Plaintiffs' Complaint.

**IV.     FACTS AND BACKGROUND**

26.-69.     The allegations in Paragraphs 26-69 of Plaintiffs' Complaint are not directed at Travelers and do not require a response from Travelers. To the extent these Paragraphs require a response, Travelers states that it is without sufficient information to admit or deny the allegations in Paragraphs 26-69 of Plaintiffs' Complaint.

**V.     THE POLICIES ISSUED BY FEDERAL**

70.-84.     The allegations in Paragraphs 70-84 of Plaintiffs' Complaint are not directed at Travelers and do not require a response from Travelers. To the extent these Paragraphs require a response, Travelers states that it is without sufficient information to formulate a response at this

time. Travelers states that the Federal Policies speak for themselves. To the extent the allegations of Paragraphs 70-84 of Plaintiffs' Complaint are inconsistent with the Federal Policies, such allegations are denied.

## VI.   THE POLICIES ISSUED BY DEFENDANT INSURERS

85.   Travelers admits that The Aetna Casualty and Surety Company n/k/a Travelers Casualty and Surety Company issued the Travelers Policies. Travelers is without sufficient information to admit or deny the remaining allegations in Paragraph 85 of Plaintiffs' Complaint.

86.   Travelers states that the terms of the Travelers Policies speak for themselves. To the extent that the allegations in Paragraph 86 of Plaintiffs' Complaint are inconsistent with the Travelers Policies, such allegations are denied. Travelers is without sufficient information to admit or deny the remaining allegations in Paragraph 86 of Plaintiffs' Complaint.

87.   Travelers states that the terms of the Travelers Policies speak for themselves. To the extent that the allegations in Paragraph 87 of Plaintiffs' Complaint are inconsistent with the Travelers Policies, such allegations are denied. Answering further, Travelers admits that Shaw notified it of the Underlying Actions.

88.   To the extent the allegations of Paragraph 88 relate to Travelers, Travelers responds: admitted. Travelers is without sufficient information to admit or deny the remaining allegations in Paragraph 88 of Plaintiffs' Complaint.

89.   Travelers is without sufficient information to admit or deny the allegations in Paragraph 89 of Plaintiffs' Complaint.

90.    Travelers is without sufficient information to admit or deny the allegations in Paragraph 19 of Plaintiffs' Complaint.

## COUNT I

**(Declaratory Judgment as to Shaw)**

91.     Travelers incorporates its responses to each and every allegation of the preceding paragraphs as if fully set forth herein.

92.-98.     The allegations in Paragraphs 92-98 of Plaintiffs' Complaint are not directed at Travelers and do not require a response from Travelers.

## COUNT II

**(In the Alternative, Declaratory Judgment as to the Defendant Insurers)**

99.     Travelers incorporates its responses to each and every allegation of the preceding paragraphs as if fully set forth herein.

100.     Travelers states that the terms of the Travelers Policies speak for themselves. To the extent that the allegations in Paragraph 100 of Plaintiffs' Complaint are inconsistent with the Travelers Policies, such allegations are denied. Travelers is without sufficient information to admit or deny the remaining allegations in Paragraph 100 of Plaintiffs' Complaint.

101.     Travelers states that the terms of the Travelers Policies speak for themselves. To the extent that the allegations in Paragraph 101 of Plaintiffs' Complaint are inconsistent with the Travelers Policies, such allegations are denied. Answering further, Travelers admits that Shaw notified it of the Underlying Actions but lacks sufficient information to admit or deny the remaining allegations in Paragraph 101 of Plaintiffs' Complaint.

102.     Travelers denies the allegations and request for relief in Paragraph 102 of Plaintiffs' Complaint as they relate to Travelers.

Travelers denies the requests for relief contained in the section following Paragraph 102 of Plaintiffs' Complaint as they relate to Travelers.

## AFFIRMATIVE DEFENSES

Discovery and investigation may reveal that any one or more of the following defenses should be available to Travelers in this matter. Travelers therefore asserts said defenses to preserve the right to assert them. Upon completion of discovery, and if the facts warrant, Travelers may withdraw any of these defenses as may be appropriate. Travelers reserves the right to amend this answer. Further answering, and by way of defense and affirmative defense, Travelers states as follows:

### FIRST DEFENSE

The complaint fails to state a claim against Travelers upon which relief may be granted.

### SECOND DEFENSE

Plaintiffs' claims against Travelers are barred to the extent the claims are unripe or non-justiciable.

### THIRD DEFENSE

Plaintiffs' claims against Travelers are barred (or alternatively reduced) to the extent that the insureds' claims exceed the applicable and available limits of liability, if any, and/or aggregate limits of the Travelers Policies

### FOURTH DEFENSE

Travelers duty to indemnify the insured under the policies, if any, is subject to the applicable deductibles, retentions, retrospective premiums and the limits of liability contained in the Travelers Policies.

### FIFTH DEFENSE

To the extent that the Travelers Policies has a duty to indemnify the insured, that obligation is subject to the proper allocation and/or offset of such indemnity costs with all other insurers and to the insured.

## SIXTH DEFENSE

Any claimed coverage under the Travelers Policies may be precluded or limited by the existence of other insurance or self-insurance.

## SEVENTH DEFENSE

Travelers denies each and every material allegation of Plaintiffs' Complaint as it relates to Travelers, and demands strict proof thereof.

## EIGHTH DEFENSE

Travelers asserts the affirmative defenses of waiver and estoppel.

## NINTH DEFENSE

Travelers asserts the affirmative defense of laches.

## TENTH DEFENSE

Travelers asserts that Plaintiffs' cause of action is barred by the doctrines of res judicata and/or collateral estoppel.

## ELEVENTH DEFENSE

This defendant asserts that Plaintiff's cause of action is barred by the applicable statute of limitations.

## TWELFTH DEFENSE

Travelers asserts that Plaintiffs did not comply with a duty under the law to mitigate.

## THIRTEENTH DEFENSE

This defendant pleads the defense of setoff.

## FOURTEENTH DEFENSE

Travelers pleads the defense of payment.

## FIFTEENTH DEFENSE

Plaintiffs failed to join a necessary party or parties under Rule 19 of the Federal Rules of Civil Procedure.

## SIXTEENTH DEFENSE

Travelers asserts all policy defenses under the Travelers Policies and applicable law including, but not limited to, that the insuring agreement of the insurance policies have not been met, the conditions precedent under the policies have not been met, and/or the claims are excluded under the policies.

## SEVENTEENTH DEFENSE

Travelers asserts that the Travelers Policies do not cover any obligation of Shaw Industries, Inc. to pay damages other than to third parties for injury to or destruction of tangible property.

## EIGHTEENTH DEFENSE

Travelers asserts that coverage does not apply to punitive or exemplary damages, fines, or penalties sought or recovered by the Plaintiffs in the underlying litigation.

## NINETEENTH DEFENSE

Travelers asserts that coverage does not apply to any property damage which takes place or is suffered prior and/or subsequent to the effective dates of the Travelers Policies.

## TWENTIETH DEFENSE

Travelers asserts that coverage does not apply to any injury or destruction of property unless caused by an "occurrence" as that term is defined in the Travelers Policies.

## TWENTY-FIRST DEFENSE

Travelers asserts that coverage does not apply to the liability of any individual(s) or organization(s) not described as a named insured or an insured in the Travelers Policies.

**TWENTY-SECOND DEFENSE**

Travelers asserts that coverage does not apply to bodily injury or property damages arising out of the discharge, dispersal, release, or escape of smoke, vapors, soot, fumes, acids, alkalis, toxic chemicals, liquids, or gases, waste materials or other irritants, contaminants or pollutants into or upon the land, the atmosphere or any water course of body of water, unless said discharge, dispersal, release, or escape is sudden and accidental.

**TWENTY-THIRD DEFENSE**

Travelers asserts that coverage does not apply where Shaw Industries, Inc. failed or fails to provide notice to or cooperate with Travelers, or if Shaw Industries, Inc. impairs Travelers' contribution or other insurance or subrogation rights in accordance with the conditions of the Travelers Policies and/or applicable law.

**TWENTY-FOURTH DEFENSE**

Travelers asserts that coverage does not apply to payments made, obligations assumed or expenses incurred voluntarily by Shaw Industries, Inc. or without Travelers' knowledge and consent, nor to any pre-tender costs.

**TWENTY-FIFTH DEFENSE**

Plaintiffs' claims are barred to the extent that the applicable limits of the Travelers Policies have been exhausted or impaired by payment of prior claims, judgments, or settlements.

**TWENTY-SIXTH DEFENSE**

To the extent that Travelers Policies have a duty to indemnify the insured, that obligation is subject to the proper allocation and/or offset of such indemnity costs with all other insurers and to the insured.

Respectfully Submitted,

s/Joel S. Isenberg
Joel S. Isenberg (ASB-8855-N76J)
Rob E. Norton (ASB-6568-E59N)
Counsel for Travelers Casualty and Surety
Company f/k/a The Aetna Casualty and
Surety Company

**OF COUNSEL:**
ELY & ISENBERG, LLC.
3500 Blue Lake Drive
Suite 345
Birmingham, AL 35243
Telephone: (205) 313-1200
Facsimile (205) 313-1201
JIsenberg@elylawllc.com
RNorton@elylawllc.com

## CERTIFICATE OF SERVICE

I do hereby certify that a true and accurate copy of the foregoing has been served on all

parties of record via the CM/ECF electronic filing system and/or U.S. Mail on this the 13th day of

November, 2023.

John W. Johnson, II
CHRISTIAN & SMALL, LLP
505 North 20th Street
Suite 1800
Birmingham, AL 35203
jwjohnson@csattorneys.com

Christopher Hemphill
Michael Baughman
Cohn Baughman
525 W. Monroe Street
Suite 1500
Chicago, IL 60661
christoper.hemphill@mclolaw.com
michael.baughman@mclolaw.com

s/Joel S. Isenberg
OF COUNSEL