FILED
2023 Nov-22  AM 10:09
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ALABAMA EASTERN DIVISION

| | |
|---|---|
| **FEDERAL INSURANCE COMPANY, PACIFIC EMPLOYERS INSURANCE COMPANY, ACE AMERICAN INSURANCE COMPANY, ACE PROPERTY AND CASUALTY INSURANCE COMPANY, INDEMNITY INSURANCE COMPANY OF NORTH AMERICA, and WESTCHESTER FIRE INSURANCE COMPANY,** | Case No. 1:23-CV-01367-RDP<br><br>**DEFENDANT GREAT AMERICAN INSURANCE COMPANY'S ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT FOR DECLARATORY JUDGMENT** |
| Plaintiffs, | |
| v. | |
| **SHAW INDUSTRIES, INC.,** | |
| **Defendant,** | |
| **and** | |
| **GREAT AMERICAN INSURANCE COMPANY, COMMERCE & INDUSTRY INSURANCE COMPANY; FIREMAN'S FUND INSURANCE COMPANY; FIRST STATE INSURANCE COMPANY; EMPLOYERS MUTUAL LIABILITY INSURANCE COMPANY; U.S. FIRE INSURANCE COMPANY; TRAVELERS CASUALTY AND SURETY COMPANY; WESTPORT INSURANCE CORPORATION f/k/a PURITAN INSURANCE COMPANY; JOHN DOE INSURERS 1-100;** | |
| **Nominal Defendants.** | |

Great American Insurance Company ("GAIC") hereby answers the complaint of Federal

Insurance Company, Pacific Employers Insurance Company, Ace American Insurance Company,

1

Ace Property and Casualty Insurance Company, Indemnity Insurance Company of North America, and Westchester Fire Insurance Company (collectively, "Plaintiffs").

I.    **INTRODUCTION**[1]

1.    Paragraph 1 is a statement of Plaintiffs' claim for relief to which no response is required.  To the extent a response is deemed required, GAIC refers to the policies themselves for their complete terms and conditions and denies all allegations in Paragraph 1 to the extent inconsistent therewith.

2.    The allegations in Paragraph 2 are declaratory statements and/or state legal conclusions to which no response from GAIC is required.  To the extent a response is deemed required, GAIC admits that certain governmental entities have asserted claims and brought suits against Shaw and others as a result of alleged environmental contaminates, including the two lawsuits identified in Paragraph 2.

3.    Admitted.

II.    **THE PARTIES**

4.    The allegations in Paragraph 4 do not appear to be directed at GAIC and therefore no response from GAIC is required.  To the extent a response is deemed required, GAIC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 4, and on that basis, denies them.

5.    The allegations in Paragraph 5 do not appear to be directed at GAIC and therefore no response from GAIC is required.  To the extent a response is deemed required, GAIC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in

---

[1]    For ease of reference, GAIC is incorporating the headings used by Plaintiffs in their Complaint. References to these headings are not an admission of their truth by GAIC.  To the extent these headings are deemed to contain allegations to which responses are required, GAIC denies them.

Paragraph 5, and on that basis, denies them.

6.      The allegations in Paragraph 6 do not appear to be directed at GAIC and therefore no response from GAIC is required.  To the extent a response is deemed required, GAIC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 6, and on that basis, denies them.

7.      The allegations in Paragraph 7 do not appear to be directed at GAIC and therefore no response from GAIC is required.  To the extent a response is deemed required, GAIC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 7, and on that basis, denies them.

8.      The allegations in Paragraph 8 do not appear to be directed at GAIC and therefore no response from GAIC is required.  To the extent a response is deemed required, GAIC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 8, and on that basis, denies them.

9.      The allegations in Paragraph 9 do not appear to be directed at GAIC and therefore no response from GAIC is required.  To the extent a response is deemed required, GAIC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 9, and on that basis, denies them.

10.     The allegations in Paragraph 10 do not appear to be directed at GAIC and therefore no response from GAIC is required.  To the extent a response is deemed required, GAIC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 10, and on that basis, denies them.

11.     The allegations in Paragraph 11 do not appear to be directed at GAIC and therefore no response from GAIC is required.  To the extent a response is deemed required,

GAIC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 11, and on that basis, denies them.

12.     The allegations in Paragraph 12 do not appear to be directed at GAIC and therefore no response from GAIC is required.  To the extent a response is deemed required, GAIC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 12, and on that basis, denies them.

13.     The allegations in Paragraph 13 do not appear to be directed at GAIC and therefore no response from GAIC is required.  To the extent a response is deemed required, GAIC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 13, and on that basis, denies them.

14.     The allegations in Paragraph 14 do not appear to be directed at GAIC and therefore no response from GAIC is required.  To the extent a response is deemed required, GAIC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 14, and on that basis, denies them.

15.     Admitted.

16.     The allegations in Paragraph 16 do not appear to be directed at GAIC and therefore no response from GAIC is required.  To the extent a response is deemed required, GAIC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 16, and on that basis, denies them.

17.     The allegations in Paragraph 17 do not appear to be directed at GAIC and therefore no response from GAIC is required.  To the extent a response is deemed required, GAIC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 17, and on that basis, denies them.

18.    The allegations in Paragraph 18 do not appear to be directed at GAIC and therefore no response from GAIC is required.  To the extent a response is deemed required, GAIC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 18, and on that basis, denies them.

19.    The allegations in Paragraph 19 do not appear to be directed at GAIC and therefore no response from GAIC is required.  To the extent a response is deemed required, GAIC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 19, and on that basis, denies them.

## III.   JURISDICTION & VENUE

20.    GAIC admits that the Court has original jurisdiction over declaratory judgment proceedings.

21.    GAIC admits that there is complete diversity of citizenship between the Plaintiff and the Defendants as required under 28 U.S.C § 1332(a).

22.    GAIC admits this Court has jurisdiction over this matter and that this case presents an actual controversy.

23.    GAIC consents to personal jurisdiction in this Court for purposes of this action.

24.    The allegations in Paragraph 24 are declaratory statements and/or state legal conclusions to which no response is required.

25.    GAIC admits that venue is proper.

## IV.   FACTS AND BACKGROUND

### A.   SHAW CARPETING

26.    Admitted.

27.    Admitted.

28.     Admitted.

**B.     SHAW'S PFAS USE**

29.     GAIC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 29, and on that basis, denies them.

30.     GAIC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 30, and on that basis, denies them.

31.     GAIC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 31, and on that basis, denies them.

32.     GAIC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 32, and on that basis, denies them.

33.     GAIC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 33, and on that basis, denies them.

34.     GAIC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 34, and on that basis, denies them.

35.     GAIC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 35, and on that basis, denies them.

36.     GAIC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 36, and on that basis, denies them.

37.     GAIC admits that perfluoroalkyl and polyfluoroalkyl substances are commonly referred to by the acronym PFAS.  Great American lacks knowledge or information sufficient to for a belief as to the truth of the remaining allegations in Paragraph 37, and on that basis, denies them.

38.     GAIC lacks knowledge or information sufficient to form a belief as to the truth of

the allegations in Paragraph 38, and on that basis, denies them.

      C.      **THE LAND APPLICATION SYSTEM AND SHAW'S WASTE DISPOSAL PRACTICES**

39.      GAIC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 39, and on that basis, denies them.

40.      GAIC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 40, and on that basis, denies them.

41.      GAIC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 41, and on that basis, denies them.

42.      GAIC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 42, and on that basis, denies them.

43.      GAIC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 43, and on that basis, denies them.

44.      Admitted.

45.      GAIC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 45, and on that basis, denies them.

      D.      **THE UNDERLYING ACTIONS**

          i.      **Facts Relevant to All Underlying Actions**

46.      Admitted.

47.      Admitted.

48.      Admitted.

49.      Admitted.

50.      Admitted.

ii.     **The Settled Underlying Actions**

51.     GAIC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 51, and on that basis, denies them.

52.     GAIC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 52, and on that basis, denies them.

53.     Admitted.

54.     Admitted.

55.     GAIC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 55, and on that basis, denies them.

56.     GAIC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 56, and on that basis, denies them.

57.     GAIC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 57, and on that basis, denies them.

58.     GAIC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 58, and on that basis, denies them.

59.     GAIC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 59, and on that basis, denies them.

60.     GAIC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 60, and on that basis, denies them.

61.     GAIC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 61, and on that basis, denies them.

62.     GAIC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 62, and on that basis, denies them.

63.     GAIC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 63, and on that basis, denies them.

64.     GAIC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 64, and on that basis, denies them.

65.     GAIC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 65, and on that basis, denies them.

### iii.     Current Pending Underlying Actions

66.     GAIC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 66, and on that basis, denies them.

67.     Admitted.

68.     Admitted.

69.     Admitted.

## V.     THE POLICIES ISSUED BY FEDERAL

70.     GAIC refers to the policies themselves for their complete terms and conditions and denies all allegations in Paragraph 70 to the extent inconsistent therewith.

71.     GAIC refers to the policies themselves for their complete terms and conditions and denies all allegations in Paragraph 71 to the extent inconsistent therewith.

72.     GAIC refers to the policies themselves for their complete terms and conditions and denies all allegations in Paragraph 72 to the extent inconsistent therewith.

73.     GAIC refers to the policies themselves for their complete terms and conditions and denies all allegations in Paragraph 73 to the extent inconsistent therewith.

74.     GAIC refers to the policies themselves for their complete terms and conditions and denies all allegations in Paragraph 74 to the extent inconsistent therewith.

75.     GAIC refers to the policies themselves for their complete terms and conditions and denies all allegations in Paragraph 75 to the extent inconsistent therewith.

76.     GAIC refers to the policies themselves for their complete terms and conditions and denies all allegations in Paragraph 76 to the extent inconsistent therewith.

77.     GAIC refers to the policies themselves for their complete terms and conditions and denies all allegations in Paragraph 77 to the extent inconsistent therewith.

### i.     Other Federal Policies

78.     GAIC refers to the policies themselves for their complete terms and conditions and denies all allegations in Paragraph 78 to the extent inconsistent therewith.

79.     GAIC refers to the policies themselves for their complete terms and conditions and denies all allegations in Paragraph 79 to the extent inconsistent therewith.

80.     GAIC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 80, and on that basis, denies them.

81.     GAIC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 81, and on that basis, denies them.

### ii.     Other Policies Issued by Additional Plaintiff Insurers

82.     GAIC refers to the policies themselves for their complete terms and conditions and denies all allegations in Paragraph 82 to the extent inconsistent therewith.

83.     GAIC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 83, and on that basis, denies them.

84.     GAIC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 84, and on that basis, denies them.

## VI.   POLICIES ISSUED BY DEFENDANT INSURERS

85.   GAIC refers to the policies themselves for their complete terms and conditions and denies all allegations in Paragraph 85 to the extent inconsistent therewith.

86.   GAIC admits that it issued to Shaw policy numbers. X0 2148437-00 and X0 2598445-00 (the "GAIC Policies"), the terms of which are the subject of a January 25, 2018, stipulation.  GAIC refers to the stipulation for the GAIC Policies terms and conditions and denies all allegations in Paragraph 86 to the extent inconsistent therewith.

87.   GAIC admits that Shaw has sought coverage from GAIC for the underlying actions but lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 87, and on that basis, denies them.

88.   GAIC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 88, and on that basis, denies them.

89.   GAIC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 89, and on that basis, denies them.

90.   GAIC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 90, and on that basis, denies them.

## COUNT I

### (Declaratory Judgment as to Shaw)

91.   GAIC repeats and reincorporates by reference its responses to Paragraphs 1 through 90 as though fully set forth herein.

92.   The allegations in Count I and Paragraph 92 are not directed at GAIC and therefore it appears that no response from GAIC is required.  To the extent a response is deemed required, GAIC lacks knowledge or information sufficient to form a belief as to the truth of the

allegations in Paragraph 92, and on that basis, denies them.

93.     The allegations in Count I and Paragraph 93 are not directed at GAIC and therefore it appears that no response from GAIC is required.  To the extent a response is deemed required, GAIC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 93, and on that basis, denies them.

94.     The allegations in Count I and Paragraph 94 are not directed at GAIC and therefore it appears that no response from GAIC is required.  To the extent a response is deemed required, GAIC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 94, and on that basis, denies them.

95.     The allegations in Count I and Paragraph 95 are not directed at GAIC and therefore it appears that no response from GAIC is required.  To the extent a response is deemed required, GAIC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 95, and on that basis, denies them.

96.     The allegations in Count I and Paragraph 96 are not directed at GAIC and therefore it appears that no response from GAIC is required.  To the extent a response is deemed required, GAIC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 96, and on that basis, denies them.

97.     The allegations in Count I and Paragraph 97 are not directed at GAIC and therefore it appears that no response from GAIC is required.  To the extent a response is deemed required, GAIC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 97, and on that basis, denies them.

98.     The allegations in Count I and Paragraph 98 are not directed at GAIC and therefore it appears that no response from GAIC is required.  To the extent a response is deemed

required, GAIC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 98, and on that basis, denies them.

## COUNT II

### (In the Alternative, Declaratory Judgment as to the Defendant Insurers)

99.     GAIC incorporates by reference its responses to Paragraph 1 through 98 as if fully stated herein.

100.    The allegations in Paragraph 100 state legal conclusions to which no response is required.  To the extent a response is deemed required, GAIC entered into a stipulation with Shaw January 25, 2018, detailing the agreed upon policy terms, conditions, exclusions, limits, and other wording of policies XO 2148437-00 and XO 2598445-00.  GAIC refers to the stipulation itself for the complete terms and conditions of the policies and denies all allegations in Paragraph 100 to the extent inconsistent therewith.  For any allegations in Paragraph 100 not directed at GAIC, GAIC lacks knowledge and information sufficient to form a belief as to the truth of those allegations, an on that basis, denies them.

101.    GAIC admits that Shaw tendered the defense of the underlying actions to GAIC and others and denies that it has a coverage obligation for the settlements of the underlying actions.  GAIC lacks knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations of Paragraph 101, and on that basis, denies them.

102.    The allegations of Paragraph 102 contain prayers for relief and legal conclusions to which no response is required.  To the extent a response is deemed required, GAIC denies the allegations.

GAIC further denies that Plaintiffs are entitled to the relief from GAIC stated in the WHEREFORE paragraphs on page 24 of Plaintiffs' Complaint.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Shaw's claims, on which Plaintiffs' claims against GAIC are based, may be barred by the applicable statute of limitations or statues of repose, latches, waiver, unclean hands, accord and satisfaction, release, payment, res judicata and/or estoppel.

### SECOND AFFIRMATIVE DEFENSE

GAIC's obligations, if any, to its insured are defined by the terms, limitations, definitions, conditions, declarations, endorsements and exclusions, of the policies issued by GAIC (the "GAIC Policies"), including, without limitation, conditions precedent, limits of liability, limits, policy periods, and notice requirements, and any such coverage obligations cease upon the exhaustion of the applicable limits of coverage.

### THIRD AFFIRMATIVE DEFENSE

Shaw's claims, on which Plaintiffs' claims are based, may be barred in whole or in part, to the extent that the insured failed to satisfy the conditions precedent to the GAIC Policies.

### FOURTH AFFIRMATIVE DEFENSE

Shaw's claims, on which Plaintiffs' claims against GAIC are based, may be barred to the extent liability arising out of the underlying claims did not arise from an "occurrence" as that term is used in the GAIC Policies.

### FIFTH AFFIRMATIVE DEFENSE

Shaw's claims, on which Plaintiffs' claims against GAIC are based, may be barred to the extent the underlying claims do not involve "property damage" as that term is used in the GAIC Policies.

### SIXTH AFFIRMATIVE DEFENSE

Shaw's claims, on which Plaintiffs' claims against GAIC are based, may be barred to the extent the acts, conditions, events, or damages that form the bases of the underlying claims were not fortuitous.

### SEVENTH AFFIRMATIVE DEFENSE

Shaw's claims, on which Plaintiffs' claims against GAIC are based, may be barred to the extent the underlying claims involve "property damage" that was either expected or intended from the standpoint of the insured.

### EIGHTH AFFIRMATIVE DEFENSE

Shaw's claims, on which Plaintiffs' claims against GAIC are based, may be barred to the extent the underlying claims relate to losses arising from the intentional conduct on part of the insured.

### NINTH AFFIRMATIVE DEFENSE

Shaw's claims, on which Plaintiffs' claims against GAIC are based, may be barred to the extent the insured negligently or intentionally failed to disclose, concealed, or misrepresented facts that were material to the risks at the time of the negotiations, underwriting, and/or issuance of the GAIC Policies.

### TENTH AFFIRMATIVE DEFENSE

Shaw's claims, on which Plaintiffs' claims against GAIC are based, may be barred to the extent the underlying claims arise from the insured's conduct in express disregard of its legal obligations under state, federal, or local laws and regulations.

### ELEVENTH AFFIRMATIVE DEFENSE

Shaw's claims, on which Plaintiffs' claims against GAIC are based, may be barred to the

extent coverage is sought for punitive or exemplary damages, fines, penalties, costs, or damages that are uninsurable as a matter of public policy.

### TWELFTH AFFIRMATIVE DEFENSE

Shaw's claims, on which Plaintiffs' claims against GAIC are based, may be barred to the extent coverage for the underlying claims is barred by one or more exclusions contained in the GAIC Policies.

### THIRTEENTH AFFIRMATIVE DEFENSE

Shaw's claims, on which Plaintiffs' claims against GAIC are based, may be barred to the extent the insured made voluntary payments or incurred voluntary obligations without prior approval or consent by GAIC.

### FOURTEENTH AFFIRMATIVE DEFENSE

Shaw's claims, on which Plaintiffs' claims against GAIC are based, may be barred to the extent the insured impaired any rights of subrogation or contribution under the GAIC Policies.

### FIFTEENTH AFFIRMATIVE DEFENSE

Shaw's claims, on which Plaintiffs' claims against GAIC are based, may be barred to the extent the "property damage" alleged in the underlying claims occurred solely prior to the inception date or solely after the end date of the GAIC Policies.

### SIXTEENTH AFFIRMATIVE DEFENSE

Shaw's claims, on which Plaintiffs' claims against GAIC are based, may be barred to the extent Shaw seeks coverage liability for equitable, mandatory, or injunctive relief, and not for sums it has become legally obligated to pay as damages.

### SEVENTEENTH AFFIRMATIVE DEFENSE

Shaw's claims, on which Plaintiffs' claims against GAIC are based, may be barred to the

extent the underlying claims involve "property damage" arising out of the discharge, dispersal, release or escape of pollutants that was neither sudden nor accidental in nature.

## EIGHTEENTH AFFIRMATIVE DEFENSE

To the extent that it is determined that GAIC has no coverage obligations to Shaw for the Underlying Actions (as defined in Plaintiffs' Complaint for Declaratory Judgment), Plaintiffs are entitled to nothing from GAIC.

## NINETEENTH AFFIRMATIVE DEFENSE

GAIC asserts all applicable defenses asserted by any of the other insurer defendants in this action.

## TWENTIETH AFFIRMATIVE DEFENSE

GAIC reserves the right to assert additional defenses upon further discovery of Plaintiff's claims, upon discovery of the provisions, terms, conditions, and exclusions of any policy under which Shaw is allegedly entitled to coverage, upon discovery of further information concerning the underlying claims, and upon the development of any other pertinent information.

## PRAYER FOR RELIEF

**WHEREFORE,** GAIC requests that judgment be entered in its favor and against Plaintiffs as follows:

A. A judicial declaration that GAIC owes nothing to Shaw and therefore, owes nothing to Plaintiffs;

B. Granting judgment for GAIC; and

C. Awarding GAIC its reasonable attorneys' fees and expenses, costs of suit, and other such further relief that the Court deems appropriate and just.

Dated: November 22, 2023

By: */s/ Edward M. Holt*
Edward M. Holt
Maynard Nexsen PC
1906 Sixth Avenue North, Suite 1700
Birmingham, AL 35203
Tel:  (205) 254-1102
tholt@maynardnexsen.com

- and -

Edward B. Parks, II (*pro hac vice* forthcoming)
Annette P. Rolain (*pro hac vice* forthcoming)
Ruggeri Parks Weinberg LLP
1875 K St. NW, Suite 600
Washington, DC 20006
Tel:  (202) 974-1400
Fax:  (202) 974-1401
eparks@ruggerilaw.com
arolain@ruggerilaw.com

*Counsel for Defendant Great American Insurance Company*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been served upon the following via the CM/ECF system which will send electronic notification to counsel on November 22, 2023:

John W. Johnson, II
CHRISTIAN & SMALL, LLP
505 North 20th Street, Suite 1800
Birmingham, AL 35203
jwjohnson@csattorneys.com
*Attorney for Plaintiffs*

Christopher Hemphill
Michael Baughman
Cohn Baughman
525 W. Monroe Street, Suite 1500
Chicago, IL 60661
christoper.hemphill@mclolaw.com
michael.baughman@mclolaw.com
*Attorneys for Plaintiffs*

F. Lane Finch, Jr.
Brandon J. Clapp
Swift, Currie, McGhee & Hiers, LLP
1901 Sixth Ave. North, Suite 1100
Birmingham, AL 35203
T: (205) 314-2401
lane.finch@swiftcurrie.com
brandon.clapp@swiftcurrie.com
*Attorneys for U.S. Fire Insurance Company*

Joel S. Isenberg
Rob E. Norton
ELY & ISENBERG, LLC.
3500 Blue Lake Drive, Suite 345
Birmingham, AL 35243
Telephone: (205) 313-1200
Facsimile (205) 313-1201
JIsenberg@elylawllc.com
RNorton@elylawllc.com
*Attorneys for Travelers Casualty and Surety Company*
*f/k/a The Aetna Casualty and Surety Company*

Brannon J. Buck
Christopher B. Driver
BADHAM & BUCK LLC
2001 Park Place North, Suite 500
Birmingham, AL 35203
(205) 521-0036
Fax: (205) 521-0037
bbuck@badhambuck.com
cdriver@badhambuck.com
*Attorneys for Shaw Industries, Inc.*

Hirshel Michael Hall
ALSTON & BIRD LLP
1201 West Peachtree Street, Suite 4900
Atlanta, GA 30309
(404) 881-7000
hirshel.hall@alston.com
*Attorney for Commerce & Industry Insurance Company*

Scott M Salter
STARNES DAVIS FLORIE LLP
100 Brookwood Place, 7th Floor
Birmingham, AL 35209
(205) 868-6000
Fax: (205) 868-6099
ssalter@starneslaw.com
*Attorney for Firemans Fund Insurance Company*

*/s/ Edward M. Holt*
**OF COUNSEL**