FILED

2023 Nov-27  PM 02:19
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## EASTERN DIVISION

| | |
|---|---|
| FEDERAL INSURANCE COMPANY, PACIFIC EMPLOYERS INSURANCE COMPANY, ACE AMERICAN INSURANCE COMPANY, ACE PROPERTY AND CASUALTY INSURANCE COMPANY, INDEMNITY INSURANCE COMPANY OF NORTH AMERICA, and WESTCHESTER FIRE INSURANCE COMPANY, | |
| Plaintiffs, | |
| v. | CIVIL ACTION NO. 1:23-cv-01367-RDP |
| SHAW INDUSTRIES, INC., | |
| Defendant | |
| and | |
| COMMERCE & INDUSTRY INSURANCE COMPANY; FIREMAN'S FUND INSURANCE COMPANY; FIRST STATE INSURANCE COMPANY; EMPLOYERS MUTUAL LIABILITY INSURANCE COMPANY; GREAT AMERICAN INSUR-ANCE COMPANY; U.S. FIRE INSURANCE COMPANY; TRAVELERS CASUALTY AND SURETY COMPANY; WESTPORT INSURANCE CORPORATION f/k/a PURITAN INSURANCE COMPANY; JOHN DOE INSURERS 1-100; | |
| Nominal Defendants. | |

### SHAW INDUSTRIES, INC.'S ANSWER,
### AFFIRMATIVE DEFENSES, AND COUNTERCLAIM

Defendant Shaw Industries, Inc. ("Shaw") responds as follows to the Complaint filed by

Federal Insurance Company, Pacific Employers Insurance Company, ACE American Insurance

Company, ACE Property and Casualty Insurance Company, Indemnity Insurance Company of North America, and Westchester Fire Insurance Company (collectively, "Plaintiffs"):

## ANSWER

1.      Paragraph 1 contains a legal conclusion to which no response is required.  To the extent a response is required, Shaw admits this is a declaratory judgment action arising from the Underlying Actions[1] referenced in Paragraph 1 and defined in Paragraph 2 but denies Plaintiffs are entitled to the relief sought in this case.

2.      Shaw admits this declaratory judgment action arises out of the Underlying Actions. Shaw denies liability in any of the Underlying Actions.  The allegations contained within the Underlying Actions speak for themselves, and Shaw refers to authenticated copies of those pleadings for their content.

3.      Shaw admits the Underlying Actions include certain allegations against Shaw. Shaw denies liability in any of the Underlying Actions.  The allegations contained within the Underlying Actions speak for themselves, and Shaw refers to authenticated copies of those pleadings for their content.

## The Parties

4.      Shaw lacks sufficient knowledge or information to respond to the allegations in Paragraph 4 and, therefore, denies those allegations at this time.

5.      Shaw lacks sufficient knowledge or information to respond to the allegations in Paragraph 5 and, therefore, denies those allegations at this time.

6.      Shaw lacks sufficient knowledge or information to respond to the allegations in Paragraph 6 and, therefore, denies those allegations at this time.

---

[1] Any defined terms in Plaintiffs' Complaint (ECF No. 1) shall be interpreted to have the same definition here unless otherwise stated.

7.      Shaw lacks sufficient knowledge or information to respond to the allegations in Paragraph 7 and, therefore, denies those allegations at this time.

8.      Shaw lacks sufficient knowledge or information to respond to the allegations in Paragraph 8 and, therefore, denies those allegations at this time.

9.      Shaw lacks sufficient knowledge or information to respond to the allegations in Paragraph 9 and, therefore, denies those allegations at this time.

10.     Admitted.

11.     Shaw lacks sufficient knowledge or information to respond to the allegations in Paragraph 11 and, therefore, denies those allegations at this time.

12.     Shaw lacks sufficient knowledge or information to respond to the allegations in Paragraph 12 and, therefore, denies those allegations at this time.

13.     Shaw lacks sufficient knowledge or information to respond to the allegations in Paragraph 13 and, therefore, denies those allegations at this time.

14.     Shaw lacks sufficient knowledge or information to respond to the allegations in Paragraph 14 and, therefore, denies those allegations at this time.

15.     Shaw lacks sufficient knowledge or information to respond to the allegations in Paragraph 15 and, therefore, denies those allegations at this time.

16.     Shaw lacks sufficient knowledge or information to respond to the allegations in Paragraph 16 and, therefore, denies those allegations at this time.

17.     Shaw lacks sufficient knowledge or information to respond to the allegations in Paragraph 17 and, therefore, denies those allegations at this time.

18.     Shaw lacks sufficient knowledge or information to respond to the allegations in Paragraph 18 and, therefore, denies those allegations at this time.

19.     Shaw lacks sufficient knowledge or information to respond to the allegations in Paragraph 19 and, therefore, denies those allegations at this time.

**Jurisdiction and Venue**

20.     Denied.  Shaw admits the amount in controversy exceeds $75,000 but denies this action involves a controversy between citizens of different states.

21.     Denied.

22.     Denied.

23.     Paragraph 23 contains a legal conclusion to which no response is required.  To the extent a response is required, Shaw admits it conducts business within the state of Alabama. Shaw also admits the Underlying Actions include certain allegations against Shaw.  Shaw denies liability in any of the Underlying Actions.  The allegations contained within the Underlying Actions speak for themselves, and Shaw refers to authenticated copies of those pleadings for their content.

24.     Paragraph 24 contains a legal conclusion to which no response is required.  To the extent a response is required, Shaw admits it seeks insurance coverage from Plaintiffs, and denies Plaintiffs are entitled to the relief sought in this case.

25.     Denied.

**Facts and Background**

26.     Denied as stated. Shaw Industries, Inc. does not own or operate any manufacturing assets. Shaw Industries, Inc.'s parent company, Shaw Industries Group, Inc., manufactures carpet, resilient flooring, hardwood, tile and stone, synthetic turf and other specialty flooring products.

27.     Shaw admits that Shaw Industries Group, Inc. is one of the world's largest carpet manufacturers. The remaining allegations in paragraph 27 are denied.

28.     Denied.

29.     Upon information and belief, admitted.

30.     Shaw admits that, beginning in the early-to-mid 1970s, Shaw Industries Group, Inc. purchased fluoropolymer products known by the brand name Scotchgard from 3M for use as soil-resistant compounds in the manufacture of carpet. Shaw lacks sufficient knowledge or information to respond to the remaining allegations in Paragraph 30 and, therefore, denies those allegations at this time.

31.     Admitted.

32.     Admitted.

33.     Denied as to Shaw Industries, Inc. Shaw admits that Shaw Industries Group, Inc. purchased Scotchguard products from 3M for use in its manufacturing operations.

34.     Shaw lacks sufficient knowledge or information to respond to the allegations in Paragraph 34 and, therefore, denies those allegations at this time.

35.     Admitted.

36.     Denied as to Shaw Industries, Inc. Shaw admits that, beginning in the 1980s, Shaw Industries Group, Inc. purchased Stainmaster products from DuPont. Shaw lacks sufficient knowledge or information to respond to the remaining allegations in Paragraph 36 and, therefore, denies those allegations at this time.

37.     Upon information and belief, Shaw admits that for a time, Scotchgard obtained its soil-resistant features from raw materials called fluorochemical polymers; and Stainmaster contained PFAS compounds. Shaw lacks sufficient knowledge or information to respond to the remaining allegations in Paragraph 37 and, therefore, denies those allegations at this time.

38.     Shaw lacks sufficient knowledge or information to respond to the allegations in Paragraph 38 and, therefore, denies those allegations at this time.

39.     Denied as to Shaw Industries, Inc. Shaw admits that Shaw Industries Group, Inc. utilized Dalton Utilities to dispose of its wastewater created by its manufacturing process.

40.     Shaw lacks sufficient knowledge or information to respond to the allegations in Paragraph 40 and, therefore, denies those allegations at this time.

41.     Upon information and belief, Shaw admits that the first LAS permit was issued by the EPD to Dalton Utilities in 1986. Shaw is without sufficient knowledge or information to respond to the remaining allegations in Paragraph 41 and, therefore, denies those allegations at this time.

42.     Upon information and belief, admitted.

43.     Denied. Upon information and belief, Dalton Utilities began disposing of the wastewater of Shaw Industries Group, Inc. on the land that was later part of the LAS in the early 1980s, or perhaps earlier.

44.     Shaw admits the Underlying Actions include certain allegations against Shaw. Shaw denies liability in any of the Underlying Actions.  The allegations contained within the Underlying Actions speak for themselves, and Shaw refers to authenticated copies of those pleadings for their content.

45.     Denied as to Shaw Industries, Inc. Shaw admits that other waste of Shaw Industries Group, Inc. may have been disposed in other ways during the relevant time periods.

46.     Shaw admits municipal entities in Alabama have asserted the Underlying Actions against Shaw referenced in Paragraph 46.  Shaw denies liability in any of the Underlying Actions. The allegations contained within the Underlying Actions speak for themselves, and Shaw refers to authenticated copies of those pleadings for their content.

47.     Shaw admits municipal entities in Georgia have asserted the Underlying Actions against Shaw referenced in Paragraph 47.  Shaw denies liability in any of the Underlying Actions. The allegations contained within the Underlying Actions speak for themselves, and Shaw refers to authenticated copies of those pleadings for their content.

48.     Shaw admits the Underlying Actions include certain allegations against Shaw. Shaw denies liability in any of the Underlying Actions.  The allegations contained within the Underlying Actions speak for themselves, and Shaw refers to authenticated copies of those pleadings for their content.

49.     Shaw admits the Underlying Actions include certain allegations against Shaw. Shaw denies liability in any of the Underlying Actions.  The allegations contained within the Underlying Actions speak for themselves, and Shaw refers to authenticated copies of those pleadings for their content.

50.     Shaw admits the Underlying Actions include certain allegations against Shaw. Shaw denies liability in any of the Underlying Actions.  The allegations contained within the Underlying Actions speak for themselves, and Shaw refers to authenticated copies of those pleadings for their content.

51.     Shaw admits it settled the Underlying Actions referenced in Paragraph 51 but denies it did so without the prior consent of Federal.

52.     Shaw admits the Underlying Actions include certain allegations against Shaw. Shaw denies liability in any of the Underlying Actions.  The allegations contained within the Underlying Actions speak for themselves, and Shaw refers to authenticated copies of those pleadings for their content.

53.     Shaw admits *The City of Gadsden* Complaint includes certain allegations against Shaw.  Shaw denies liability in any of the Underlying Actions.  The allegations contained within the Underlying Actions speak for themselves, and Shaw refers to authenticated copies of those pleadings for their content.

54.     Shaw admits *The City of Gadsden* Complaint includes certain allegations against Shaw.  Shaw denies liability in any of the Underlying Actions.  The allegations contained within the Underlying Actions speak for themselves, and Shaw refers to authenticated copies of those pleadings for their content.

55.     Admitted.

56.     Shaw admits it received correspondence from Federal but denies Federal properly reserved its rights.

57.     Shaw admits it settled *The City of Gadsden* action but denies it did so without the prior consent of Federal.

58.     Admitted.

59.     Shaw admits it received correspondence from Federal but denies Federal properly reserved its rights.

60.     Denied.

61.     Shaw admits it settled *The Town of Centre* action but denies it did so without the prior consent of Federal.

62.     Shaw admits it settled *The City of Rome* action but denies it did so without the prior consent of Federal.

63.     Shaw admits it received correspondence from Federal but denies Federal properly reserved its rights.

64.     Denied.

65.     Paragraph 65 is duplicative of Paragraph 62.  Shaw reincorporates its response to Paragraph 62 here.

66.     Admitted.

67.     Shaw admits the matter of *Shelby County, Alabama and Talladega County, Alabama v. 3M Company, Inc., et al.* is currently pending in the United States District Court for the Northern District of Alabama.  Shaw also admits the Underlying Action includes certain allegations against Shaw.  Shaw denies liability in any of the Underlying Actions.  The allegations contained within the Underlying Actions speak for themselves, and Shaw refers to authenticated copies of those pleadings for their content.

68.     Shaw admits the Underlying Action includes certain allegations against Shaw.  Shaw denies liability in any of the Underlying Actions.  The allegations contained within the Underlying Actions speak for themselves, and Shaw refers to authenticated copies of those pleadings for their content.

69.     Shaw admits the matter of *Jarrod Johnson, et. al v. 3M, et al.* is currently pending in the United States District Court for the Northern District of Georgia.  Shaw also admits the Underlying Action includes certain allegations against Shaw.  Shaw denies liability in any of the Underlying Actions.  The allegations contained within the Underlying Actions speak for themselves, and Shaw refers to authenticated copies of those pleadings for their content.

70.     Shaw admits Federal issued the 1980-1985 Federal Policies to Shaw, each of which speaks for itself.  Shaw refers to the original or authenticated copies of those documents for their terms.

71.     Shaw admits Federal issued the 1980-1985 Federal Policies and refers to the original or authenticated copies of those documents for their terms.

72.     Shaw admits Federal issued the 1980-1985 Federal Policies and refers to the original or authenticated copies of those documents for their terms.

73.     Shaw is without information sufficient to admit or deny the allegations of paragraph 73.

74.     Shaw admits Federal issued the 1980-1985 Federal Policies and refers to the original or authenticated copies of those documents for their terms.

75.     Shaw is without information sufficient to admit or deny the allegations of paragraph 75.

76.     Shaw admits Federal issued the 1980-1985 Federal Policies and refers to the original or authenticated copies of those documents for their terms.

77.     Shaw admits Federal issued the 1980-1985 Federal Policies and refers to the original or authenticated copies of those documents for their terms.

78.     Shaw admits Federal issued the Post-1985 Federal Policies and refers to the original or authenticated copies of those documents for their terms.

79.     Shaw admits Federal issued the Post-1985 Federal Policies and refers to the original or authenticated copies of those documents for their terms.

80.     Admitted.

81.     Admitted.

82.     Shaw admits the Additional Plaintiff Insurers issued excess liability policies to Shaw for the policy periods after 1985 and refers to the original or authenticated copies of those documents for their terms.

83.    Admitted.

84.    Admitted.

85.    Shaw admits that certain of the Defendant Insurers issued liability insurance poli-

cies to Shaw and refers to the original or authenticated copies of those documents for their terms.

86.    Shaw admits that certain of the Defendant Insurers issued liability insurance poli-

cies to Shaw and refers to the original or authenticated copies of those documents for their terms.

87.    Shaw admits that it has notified the Defendant Insurers of the Underlying Actions

and has sought coverage from certain of the Defendant Insurers for the Underlying Actions. The

remaining allegations in paragraph 87 are denied.

88.    Admitted.

89.    Denied.

90.    Shaw admits that it seeks coverage for the Underlying Actions under the 1980-85

Federal Policies along with certain insurance policies identified on Exhibit B. The remaining alle-

gations in paragraph 90 are denied.

## COUNT I

### (Declaratory Judgment as to Shaw)

91.    Shaw incorporates by reference its response to Paragraphs 1 through 90 of the Com-

plaint as if fully set forth herein.  Shaw denies any allegations in the heading to Count I.

92.    Admitted.

93.    The allegations in Paragraph 93 state a legal conclusion to which no response is

required.  To the extent a response is required, Shaw denies the allegations in Paragraph 93.

94.    Admitted.

95.     Shaw admits that it has not sought coverage from Additional Plaintiff Insurers for the Underlying Actions. The remaining allegations in Paragraph 95 state a legal conclusion to which no response is required.  To the extent a response is required, Shaw denies the remaining allegations in Paragraph 95.

96.     The allegations in Paragraph 96 state a legal conclusion to which no response is required.  To the extent a response is required, Shaw denies the allegations in Paragraph 96.

97.     Denied.

98.     Shaw denies that Federal is entitled to relief sought in Paragraph 98.

## COUNT II

### (In the Alternative, Declaratory Judgment as to the Defendant Insurers)

99.     Shaw incorporates by reference its responses to Paragraphs 1 through 90 of the Complaint as if fully set forth herein.  Shaw denies any allegations in the heading to Count II.

100.    Shaw admits that certain of the Defendant Insurers issued policies to Shaw that provide insurance coverage for the claims against Shaw in the Underlying Actions.

101.    Shaw admits that it has tendered to or otherwise notified the Defendant Insurers of the Underlying Actions and has sought coverage from certain of the Defendant Insurers for the Underlying Actions. The remaining allegations in paragraph 101 are denied.

102.    The allegations in Paragraph 102 state a legal conclusion to which no response is required.  To the extent a response is required, Shaw denies that Plaintiffs are entitled to the relief sought in this case.

In response to the *ad damnum* clause beginning WHEREFORE, including its subparts (1) through (3), Shaw denies that Plaintiffs are entitled to any of the relief sought in this case.

Except as expressly admitted in this Answer, all allegations of Plaintiffs' Complaint for Declaratory Judgment are denied.

## AFFIRMATIVE DEFENSES

Without assuming any burdens of proof that, pursuant to law, belong to Plaintiffs, Shaw submits the following defenses to the Complaint for Declaratory Judgment:

## FIRST DEFENSE

Plaintiffs' Complaint for Declaratory Judgment fails to state a claim against Shaw upon which relief can be granted.

## SECOND DEFENSE

Shaw pleads the general issues and denies each and every allegation of Plaintiffs' Complaint for Declaratory Judgment that is not expressly admitted herein.

## THIRD DEFENSE

Plaintiffs' claims in the Complaint for Declaratory Judgment depend on the underlying evidence obtained through discovery and/or proven at trial of the ongoing Underlying Actions, and therefore, cannot be determined until the parties' liabilities and obligations, if any, are determined in the Underlying Actions.

## FOURTH DEFENSE

The terms of the policies on which Plaintiffs attempt to avoid or limit their obligations to Shaw are undefined, vague, ambiguous, and must be strictly construed against Plaintiffs.

## FIFTH DEFENSE

To deny coverage would defeat Shaw's reasonable expectations under the policies.

## SIXTH DEFENSE

To the extent that Plaintiffs have breached the policies or their obligations with respect to defense, settlement, and indemnity, they are entitled to no relief under the Complaint for Declaratory Judgment.

## SEVENTH DEFENSE

Plaintiffs' claims are barred by the doctrine of waiver, consent, and ratification.

## EIGHTH DEFENSE

Plaintiffs' claims are barred by the doctrine of acquiescence.

## NINTH DEFENSE

Plaintiffs' claims are barred by the doctrine of estoppel.

## TENTH DEFENSE

Plaintiffs have failed to properly reserve their rights.

## ELEVENTH DEFENSE

Shaw acted reasonably and promptly in providing notice of the Underlying Actions and seeking Federal's consent for settlements of the Underlying Actions.

## TWELFTH DEFENSE

Plaintiff's Complaint for Declaratory Judgment constitutes a "shotgun" pleading with each substantive count improperly incorporating by reference every paragraph that precedes it. As a result, Plaintiff's Amended Complaint for Declaratory Judgment violates F.R.C.P. 8 and impedes the orderly, efficient, and economic disposition of disputes.

## THIRTEENTH DEFENSE

To the extent shown through discovery, Shaw raises all of the affirmative defenses set forth in F.R.C.P. 8 and F.R.C.P. 12(b) and none of these defenses are waived.

## FOURTEENTH DEFENSE

This Court lacks subject matter jurisdiction over the claims raised by Plaintiff in its Complaint for Declaratory Judgment.

## FIFTEENTH DEFENSE

Plaintiff's Complaint for Declaratory Judgment should be dismissed based on *forum non conveniens* or transferred to a more convenient forum pursuant to 28 U.S.C. § 1404.

## SIXTEENTH DEFENSE

Shaw reserves the right to amend or supplement its Answer to assert other defenses as may become known to it or as discovery reveals.

## PRAYER FOR RELIEF

WHEREFORE, Shaw respectfully requests the Court:

1. Enter final judgment on the merits dismissing, with prejudice, all of Plaintiffs' claims;

2. Declare that Plaintiffs owe a duty to indemnify Shaw under the 1980-1985 Federal Policies for the claims asserted in the Underlying Actions;

3. Award Shaw its attorneys' fees and other costs associated with defense of this action;

4. Award Shaw such other and further relief which it may be entitled to in law and in equity.

## COUNTERCLAIM

Pursuant to Federal Rule of Civil Procedure 13, Defendant/Counterclaim Plaintiff Shaw Industries, Inc. asserts the following Counterclaim against Plaintiff/Counterclaim Defendant Federal Insurance Company, and shows the Court as follows:

*Parties, Jurisdiction, & Venue*

1.      Defendant/Counterclaim Plaintiff Shaw Industries, Inc. ("Shaw") is a Georgia corporation with its principal place of business in Georgia.

2.      Plaintiff/Counterclaim Defendant Federal Insurance Company ("Federal") is an Indiana corporation with its principal place of business in New Jersey.

3.      This Court has subject matter jurisdiction over this Counterclaim pursuant to 28 U.S.C. § 1332, because complete diversity of citizenship exists between Shaw and Federal.

4.      This Court has personal jurisdiction over Federal by virtue of Federal filing its action in this Court.

*Nature and Summary of Counterclaim*

5.      In this Counterclaim, Shaw seeks to recover from Federal for portions of the settlements it reached in three previously settled lawsuits: (1) *The Water Works and Sewer Board of the City of Gadsden v. 3M Company, Inc., et al.*, 31-cv-2016-900676.00 in the Circuit Court of Etowah County, Alabama; (2) *The Water Works and Sewer Board of the Town of Centre v. 3M Company, Inc., et al.*, 31-cv-2017-900049.00 in the Circuit Court of Cherokee County, Alabama; and (3) *The City of Rome, Georgia v. 3M Company, Inc., et al.*, 19-cv-02405-JFL-003, in the Superior Court of Floyd County, Georgia (the "Underlying Actions").

6.      Shaw seeks to recover portions of the settlement amounts under the excess liability policies issued between 1980 and 1985 by Federal, each with Policy No. 79221063 (the "1980-1985 Federal Policies").

7.      In compliance with its obligations under the 1980-1985 Federal Policies, Shaw properly placed Federal on notice of the allegations at issue in *The City of Gadsden* lawsuit.

8.      In compliance with its obligations under the 1980-1985 Federal Policies, Shaw properly placed Federal on notice of the allegations at issue in *The Town of Centre* lawsuit.

9.      In compliance with its obligations under the 1980-1985 Federal Policies, Shaw properly placed Federal on notice of the allegations at issue in *The City of Rome* lawsuit.

10.      The claims asserted against Shaw in the Underlying Actions are covered by the 1980-1985 Federal Policies.

## COUNT I – BREACH OF CONTRACT

11.      Shaw adopts and incorporates by reference the allegations set forth in Paragraphs 1 through 10 of the Counterclaim as if fully set forth herein.

12.      Federal is obligated under the 1980-1985 Federal Policies to pay for a portion of Shaw's settlements of the Underlying Actions.

13.      Shaw has performed all of its obligations under the 1980-1985 Federal Policies and has satisfied all conditions precedent to coverage.

14.      Federal has breached the 1980-1985 Federal Policies by failing or refusing to pay Shaw's settlement of the Underlying Actions.

15.      As a result of Federal's breach, Shaw has suffered and will continue to suffer damages.

WHEREFORE, Shaw respectfully requests the Court enter the following relief:

a.   That this Court enter judgment against Federal for breach of the 1980-1985 Federal Policies and award all compensatory damages allowed by law, as well as interest and costs; and

b.   For any additional relief that this Court deems just and proper.

Respectfully submitted this 27th day of November, 2023.

/s/ Brannon J. Buck
Brannon J. Buck (ASB-5848-K56B) Christopher
B. Driver (ASB-9178-G39B) BADHAM &
BUCK, LLC
2001 Park Place North, Ste. 500 Birmingham,
Alabama 35203
(205) 521-0036 (Phone)
(205) 521-0037 (Facsimile)
bbuck@badhambuck.com
cdriver@badhambuck.com

Shattuck Ely (Georgia Bar No. 246944)
*Pro Hac Vice Application To Be Filed Jacob
Weiss (Georgia Bar No. 303709)
*Pro Hac Vice Application To Be Filed
FELLOWS LABRIOLA LLP
Suite 2400, Harris Tower
233 Peachtree Street, NE
Atlanta, Georgia  30303
(404) 586-9200 (Phone)
tely@fellab.com
jweiss@fellab.com

Counsel for Shaw Industries, Inc.

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and accurate copy of the foregoing has been served on all parties of record via the CM/ECF electronic filing system, electronic mail, and/or U.S. Mail on this the 27th  day of November, 2023.

John W Johnson, II
CHRISTIAN & SMALL LLP
505 North 20th Street, Suite 1800
Birmingham, AL 35203-2696
jwjohnson@csattorneys.com

Christopher Hemphill
Michael Baughman
COHN BAUGHMAN
525 W. Monroe St., Suite 1500
Chicago, IL 60661
christopher.hemphill@mclolaw.com
michael.baughman@mclolaw.com

Joel S. Isenberg
Rob E. Norton
ELY & ISENBERG, LLC.
3500 Blue Lake Drive, Suite 345
Birmingham, AL 35243
JIsenberg@elylawllc.com    RNor-
ton@elylawllc.com

Hirshel M. Hall
ALSTON & BIRD LLP
1201 West Peachtree Street, Suite 4900
Atlanta, GA 30309
hirshel.hall@alston.com

Adam J. Kaiser
Alexander S. Lorenzo
Matthew B. Byers
90 Park Avenue, 15th Floor
New York, NY 10016
adam.kaiser@alston.com
alexander.lorenzo@alston.com
matt.byers@alston.com

F. Lane Finch, Jr.
Brandon J. Clapp
Swift, Currie, McGhee & Hiers, LLP 1901
Sixth Ave. North, Suite 1100 Birmingham, AL
35203
lane.finch@swiftcurrie.com  bran-
don.clapp@swiftcurrie.com

Edward M. Holt
Zachery L. Gillespie
MAYNARD NEXSEN
1906 Sixth Avenue North, Suite 1700
Birmingham, AL 35203
t.holt@maynardnexsen.com
zgillespie@maynardnexsen.com

Edward B. Parks, II
Annette P. Rolain
RUGGERI PARKS WEINBERG LLP
1875 K St. NW, Suite 600
Washington, DC 20006
eparks@ruggerilaw.com
arolain@ruggerilaw.com

/s/ Brannon J. Buck
OF COUNSEL