IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| FEDERAL INSURANCE COMPANY, | |
| Plaintiff / Counterclaim Defendant, | |
| and | |
| PACIFIC EMPLOYERS INSURANCE COMPANY, ACE AMERICAN INSURANCE COMPANY, ACE PROPERTY & CASUALTY INSURANCE COMPANY, INDEMNITY INSURANCE COMPANY OF NORTH AMERICA, and WESTCHESTER FIRE INSURANCE COMPANY, | CIVIL ACTION NO.<br><br>1:23-cv-01367-RDP |
| Plaintiffs, | |
| v. | |
| SHAW INDUSTRIES, INC., | |
| Defendant / Counterclaim Plaintiff, | |
| and | |
| COMMERCE & INDUSTRY INSURANCE COMPANY, FIREMAN'S FUND INSURANCE COMPANY, FIRST STATE INSURANCE COMPANY, EMPLOYERS MUTUAL LIABILITY INSURANCE COMPANY, GREAT AMERICAN INSURANCE COMPANY, U.S. FIRE INSURANCE COMPANY, TRAVELERS CASUALTY AND SURETY | |

| | |
|---|---|
| **COMPANY, WESTPORT INSURANCE CORPORATION f/k/a PURITAN INSURANCE COMPANY, JOHN DOE INSURERS 1-100,** | |
| **Nominal Defendants.** | |

## ANSWER TO COUNTERCLAIM

Plaintiff, Federal Insurance Company ("Federal") by and through its undersigned counsel, in response to Shaw Industries, Inc.'s Counterclaim, states as follows:

### *Parties, Jurisdiction and Venue*

1. Defendant/Counterclaim Plaintiff Shaw Industries, Inc. ("Shaw") is a Georgia corporation with its principal place of business in Georgia.

RESPONSE: Admitted.

2. Plaintiff/Counterclaim Defendant Federal Insurance Company ("Federal") is an Indiana corporation with its principal place of business in New Jersey.

RESPONSE: Admitted.

3. This Court has subject matter jurisdiction over this Counterclaim pursuant to 28 U.S.C. § 1332, because complete diversity of citizenship exists between Shaw and Federal.

RESPONSE: Admitted.

4. This Court has personal jurisdiction over Federal by virtue of Federal filing its action in this Court.

RESPONSE: Admitted that the Court has personal jurisdiction over Federal for purposes of the counterclaim by virtue of Federal filing its action in this Court.

### *Nature and Summary of Counterclaim*

5. In this Counterclaim, Shaw seeks to recover from Federal for portions of the settlements it reached in three previously settled lawsuits: (1) *The Water Works and Sewer Board of the City of Gadsden v. 3M Company, Inc., et al.*, 31-cv-2016-900676.00 in the Circuit Court of Etowah County, Alabama; (2) *The Water Works and Sewer Board of the Town of Centre v. 3M Company, Inc., et al.*, 31-cv-2017-900049.00 in the Circuit Court of Cherokee County, Alabama; and (3) *The City of Rome, Georgia v. 3M Company, Inc., et al.*, 19-cv-02405-JFL-003, in the Superior Court of Floyd County, Georgia (the "Underlying Actions").

RESPONSE: Admitted.

6. Shaw seeks to recover portions of the settlement amounts under the excess liability policies issued between 1980 and 1985 by Federal, each with Policy No. 79221063 (the "1980- 1985 Federal Policies").

RESPONSE: Admitted.

7. In compliance with its obligations under the 1980-1985 Federal Policies, Shaw properly placed Federal on notice of the allegations at issue in *The City of Gadsden* lawsuit.

RESPONSE: This allegation calls for a legal conclusion. To the extent an answer is required, denied.

8. In compliance with its obligations under the 1980-1985 Federal Policies, Shaw properly placed Federal on notice of the allegations at issue in *The Town of Centre* lawsuit.

RESPONSE: This allegation calls for a legal conclusion. To the extent an answer is required, denied.

9. In compliance with its obligations under the 1980-1985 Federal Policies, Shaw properly placed Federal on notice of the allegations at issue in *The City of Rome* lawsuit.

RESPONSE: This allegation calls for a legal conclusion. To the extent an answer is required, denied.

10. The claims asserted against Shaw in the Underlying Actions are covered by the 1980-1985 Federal Policies.

RESPONSE: Denied.

## COUNT I – BREACH OF CONTRACT

11.     Shaw adopts and incorporates by reference the allegations set forth in Paragraphs 1 through 10 of the Counterclaim as if fully set forth herein.

RESPONSE:     Federal reasserts its responses to Paragraphs 1 through 10.

12.     Federal is obligated under the 1980-1985 Federal Policies to pay for a portion of Shaw's settlements of the Underlying Actions.

RESPONSE:     Denied.

13.     Shaw has performed all of its obligations under the 1980-1985 Federal Policies and has satisfied all conditions precedent to coverage.

RESPONSE:     Denied.

14.     Federal has breached the 1980-1985 Federal Policies by failing or refusing to pay Shaw's settlement of the Underlying Actions.

RESPONSE:     Denied.

15.     As a result of Federal's breach, Shaw has suffered and will continue to suffer damages.

RESPONSE:     Denied.

## AFFIRMATIVE AND OTHER DEFENSES

### First Defense

Shaw's claims do not constitute an accident or occurrence.

### Second Defense

Shaw's claims do not involve "property damage" under the 1980-1985 Federal Policies.

### Third Defense

Shaw's claims do not reach the attachment points of the 1980-1985 Federal Policies.

### Fourth Defense

Shaw's claims do not trigger the 1980-1985 Federal Policies.

### Fifth Defense

Shaw breached the 1980-1985 Federal Policies by failing to obtain consent for some or all of its claims.

### Sixth Defense

Shaw has not horizontally exhausted its primary coverage.

### Seventh Defense

The pollution exclusions in the 1980-1985 Federal Policies bar coverage.

### Eighth Defense

There has been a failure of consideration on the contracts of insurance made the basis of this action.

**Ninth Defense**

Coverage for the Underlying Actions may be barred in whole or in part for all the reasons stated in Federal's complaint and under other terms of the 1980-1985 Federal Policies and the applicable law. Federal reserves its rights to amend or supplement its defenses.

**Tenth Defense**

To the extend that coverage is found to exist for one or more of the Underlying Actions under the Federal policies, such coverage is limited to that portion of the injury or damage that Shaw can prove took place during the policy periods.

Respectfully submitted this the 13th day of December, 2023.

/s/ *John W Johnson, II*
**CHRISTIAN & SMALL LLP**
John W Johnson, II
505 North 20th Street
Suite 1800
Birmingham, Alabama 35203-2696
Telephone: (205) 795-6588
Facsimile: (205) 328-7234
jwjohnson@csattorneys.com

Christopher Hemphill
*(Admitted PHV)*
Michael Baughman
*(Admitted PHV)*
Cohn Baughman
525 W. Monroe St.
Suite 1500
Chicago, IL 60661
Mobile: 708.602.5118 (preferred)
Office: 312.753.6616

christopher.hemphill@mclolaw.com
michael.baughman@mclolaw.com

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I do hereby certify that on December 13, 2023, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send electronic notification of such filing to the following counsel of record:

Brannon J. Buck
Christopher B. Driver
BADHAM & BUCK, LLC
2001 Park Place North, Suite 500
Birmingham, AL 35203
bbuck@badhambuck.com
cdriver@badhambuck.com

Frederick Lane Finch, Jr.
Brandon J. Clapp
SWIFT, CURRIE, MCGHEE & HEIRS, L.L.P.
1901 Sixth Avenue North, Suite 1100
Birmingham, AL 35203
Lane.finch@swiftcurrie.com
Brandon.clapp@swiftcurrie.com

Joel S. Isenberg
Robert E. Norton
ELY & ISENBERG, LLC
3500 Blue Lake Drive, Suite 345
Birmingham, AL 35243
jisenberg@elylawllc.com
rnorton@elylawllc.com

Edward M. Holt
Zachery L. Gillespie
MAYNARD NEXSEN PC
1901 Sixth Avenue North, Suite 1700
Birmingham, AL 35203
tholt@maynardnexsen.com
zgillespie@maynardnexsen.com

Scott M. Salter
STARNES DAVIS FLORIE LLP

100 Brookwood Place, 7th Floor
Birmingham, AL 35209
ssalter@starneslaw.com

Edward B. Parks, II
Annette P. Rolain
RUGGERI PARKS WEINBERG LLP
1875 K Street NW, Suite 600
Washington, DC 20006
eparks@ruggerilaw.com
arolain@ruggerilaw.com

Michael A. Valerio
ALSTON & BIRD LLP
950 F Street NW
Washington, DC 20004-1404
Michael.valerio@alston.com

Hirschel M. Hall
Tejas Patel
ALSTON BIRD LLP
1201 West Peachtree Street, Suite 4900
Atlanta, GA 30309
Hirshel.hall@alston.com
Tejas.patel@alston.com

Adam J. Kaiser
Alexander S. Lorenzo
ALSTON & BIRD LLP
90 Park Avenue, 15th Floor
New York, NY 10016
Adam.kaiser@alston.com
Alexander.lorenzo@alston.com

/s/ *John W Johnson, II*
OF COUNSEL

4112110.1