FILED

2023 Dec-14  PM 07:49
U.S. DISTRICT COURT
N.D. OF ALABAMA

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION**

| | |
|---|---|
| FEDERAL INSURANCE COMPANY, et al., | Case No. 1:23-cv-01367-RDP |
| Plaintiffs, | |
| v. | |
| SHAW INDUSTRIES, INC., | |
| Defendant, | |
| and | |
| COMMERCE AND INDUSTRY INSURANCE COMPANY, et al., | |
| Nominal Defendants. | |

**COMMERCE AND INDUSTRY INSURANCE COMPANY'S
ANSWER, AFFIRMATIVE DEFENSES, AND CROSS-CLAIM**

**ANSWER**

Commerce and Industry Insurance Company ("Commerce") hereby answers Plaintiffs' Complaint. Commerce denies all allegations in the Complaint, including, without limitation, allegations appearing in headings and footnotes, except as otherwise expressly stated herein. By using terms defined in the Complaint in this Answer, Commerce is not acknowledging or admitting any characterization Plaintiffs seek to associate with those defined terms. Further, Commerce lacks knowledge or information sufficient to admit or deny the allegations that relate to other parties. Accordingly, Commerce's responses below relate only to allegations concerning Commerce.

**I.      INTRODUCTION**

1.      This is a civil action for declaratory judgment.  Federal seeks a declaration that it

has no duty to provide insurance coverage to Shaw Industries, Inc. ("Shaw"), under the liability insurance policies identified herein, in connection with underlying claims and litigation involving alleged environmental contamination arising out of Shaw's carpet manufacturing and waste discharge.

**RESPONSE**:   The allegations in paragraph 1 are Plaintiffs' characterization of this action and relate to parties other than Commerce and therefore do not require a response. To the extent a response is required, Commerce admits that in this action Plaintiffs seek declaratory relief.

2.     The underlying suits and claims giving rise to this declaratory judgment action involve claims brought on behalf of towns, municipalities, and/or utility authorities in Alabama and Georgia seeking damages for environmental contamination allegedly caused by Shaw and others. The underlying suits are referred to collectively herein as the "Underlying Actions." Included amongst the Underlying Actions are pending claims in *Shelby County, Alabama and Talladega County, Alabama v. 3M Company, et al.*, 61-cv-2023-900112.00 (Cir. Ct.  Talladega Cty.) and *Shelby County, Alabama and Talladega County, Alabama v. 3M Company, et al.*, 1:23-cv-00609-CLM (N.D. Ala., E.D.).

**RESPONSE**:   Commerce refers to the referenced underlying matters for their full and complete contents and denies the allegations in paragraph 2 to the extent they are inconsistent therewith.

3.     More specifically, the underlying claimants allege damages due to the release of toxic chemicals including perfluorinated compounds ("PFCs"), including, but not limited to perfluorooctanoic acid ("PFOA"), perfluorooctane sulfonate ("PFOS"), precursors to PFOA and PFOS, and related chemicals into local waterways.

**RESPONSE**:   Commerce refers to the referenced underlying matters for their full and complete contents and denies the allegations in paragraph 3 to the extent they are inconsistent therewith.

## II.    **THE PARTIES**

4.      ACE American Insurance Company is an insurance company incorporated in Pennsylvania, with its principal place of business in Pennsylvania.

**RESPONSE**:   Commerce lacks knowledge or information sufficient to admit or deny the allegations in paragraph 4.

5.      ACE Property and Casualty Insurance Company is an insurance company incorporated in Pennsylvania, with its principal place of business in Pennsylvania.

**RESPONSE**:   Commerce lacks knowledge or information sufficient to admit or deny the allegations in paragraph 5.

6.      Federal is an insurance company incorporated in Indiana, with its principal place of business in New Jersey.

**RESPONSE**:   Commerce lacks knowledge or information sufficient to admit or deny the allegations in paragraph 6.

7.      Indemnity Insurance Company of North America is an insurance company incorporated in Pennsylvania, with its principal place of business in Pennsylvania.

**RESPONSE**:   Commerce lacks knowledge or information sufficient to admit or deny the allegations in paragraph 7.

8.      Westchester Fire Insurance Company is an insurance company incorporated in Pennsylvania, with its principal place of business in Pennsylvania. Westchester Fire Insurance Company appears in this case with respect to the policies novated from International Insurance Company.

**RESPONSE**:   Commerce lacks knowledge or information sufficient to admit or deny the allegations in paragraph 8.

9.      Pacific Employers Insurance Company is an insurance company incorporated in Pennsylvania, with its principal place of business in Pennsylvania.

**RESPONSE**:   Commerce lacks knowledge or information sufficient to admit or deny the allegations in paragraph 9.

10.     Upon information and belief, Shaw is a corporation incorporated under the laws of the State of Georgia with its principal place of business in Dalton, Georgia.  Shaw is authorized to do business and does business in the State of Alabama.

**RESPONSE**:   The allegations in paragraph 10 relate to parties other than Commerce and therefore do not require a response. To the extent a response is required, on information and belief, Commerce admits the allegations in paragraph 10.

11.     Commerce and Industry Insurance Company ("Commerce and Industry") is an insurance company incorporated in New York, with its principal place of business in New York. Commerce and Industry issued liability insurance policies to Shaw at times relevant to the Complaint.

**RESPONSE**:   Commerce admits the allegations contained in the first sentence of Paragraph 11. Commerce further admits that it issued certain insurance policies to Shaw, including the policies referenced under "Commerce and Industry" on Exhibit B to Plaintiffs' Complaint. Commerce otherwise refers to the referenced policies for their full and complete contents and denies the remaining allegations in paragraph 11 to the extent they are inconsistent therewith.

12.     Fireman's Fund Insurance Company ("Fireman's Fund") is an insurance company incorporated in California, with its principal place of business in Illinois.  Fireman's Fund issued liability insurance policies to Shaw at times relevant to the Complaint.

**RESPONSE**:   The allegations in paragraph 12 relate to parties other than Commerce and

therefore do not require a response. To the extent a response is required, Commerce lacks knowledge or information sufficient to admit or deny the allegations in paragraph 12.

13.      First State Insurance Company ("First State") is an insurance company incorporated in Connecticut, with its principal place of business in Massachusetts. First State issued liability insurance policies to Shaw at times relevant to the Complaint.

**RESPONSE**:   The allegations in paragraph 13 relate to parties other than Commerce and therefore do not require a response. To the extent a response is required, Commerce lacks knowledge or information sufficient to admit or deny the allegations in paragraph 13.

14.      Employers Mutual Liability Insurance Company ("Employers Mutual") is an insurance company incorporated in Wisconsin, with its principal place of business in Wisconsin. Employers Mutual issued liability insurance policies to Shaw at times relevant to the Complaint.

**RESPONSE**:   The allegations in paragraph 14 relate to parties other than Commerce and therefore do not require a response. To the extent a response is required, Commerce lacks knowledge or information sufficient to admit or deny the allegations in paragraph 14.

15.      Great American Insurance Company ("Great American") is an insurance company incorporated in Ohio, with its principal place of business in Ohio.  Great American issued liability insurance policies to Shaw at times relevant to the Complaint.

**RESPONSE**:   The allegations in paragraph 15 relate to parties other than Commerce and therefore do not require a response. To the extent a response is required, Commerce lacks knowledge or information sufficient to admit or deny the allegations in paragraph 15.

16.      Westport Insurance Corporation f/k/a Puritan Insurance Company ("Westport") is an insurance company incorporated in Missouri, with its principal place of business in Kansas. Puritan Insurance Company issued liability insurance policies to Shaw at times relevant to the

5

Complaint. Westport is the successor-in- interest to Puritan Insurance Company.

**RESPONSE**:   The allegations in paragraph 16 relate to parties other than Commerce and therefore do not require a response. To the extent a response is required, Commerce lacks knowledge or information sufficient to admit or deny the allegations in paragraph 16.

17.     Travelers Casualty and Surety Company ("Travelers Casualty and Surety") is an insurance company incorporated in Connecticut, with its principal place of business in Connecticut. Travelers Casualty and Surety issued liability insurance policies to Shaw at times relevant to the Complaint.

**RESPONSE**:   The allegations in paragraph 17 relate to parties other than Commerce and therefore do not require a response. To the extent a response is required, Commerce lacks knowledge or information sufficient to admit or deny the allegations in paragraph 17.

18.     U.S. Fire Insurance Company ("U.S. Fire") is an insurance company incorporated in Delaware, with its principal place of business in New Jersey. U.S. Fire issued liability insurance policies to Shaw at times relevant to the Complaint.

**RESPONSE**:   The allegations in paragraph 18 relate to parties other than Commerce and therefore do not require a response. To the extent a response is required, Commerce lacks knowledge or information sufficient to admit or deny the allegations in paragraph 18.

19.     John Doe Insurers are insurers who may exist that Shaw sought coverage from, but whose identities are currently unknown to Federal and Additional Plaintiff Insurers.

**RESPONSE**:   The allegations in paragraph 19 relate to parties other than Commerce and therefore do not require a response. To the extent a response is required, Commerce lacks knowledge or information sufficient to admit or deny the allegations in paragraph 19.

### III.   JURISDICTION & VENUE

20.     This Court has original jurisdiction over this declaratory judgment action based on 28 U.S.C. § 1332(a) and 28 U.S.C. § 2201, et seq.  This action involves a controversy between citizens of different states and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.

**RESPONSE**: The allegations in paragraph 20 contain legal conclusions and therefore do not require a response. To the extent a response is required, Commerce lacks knowledge or information sufficient to admit or deny the allegations in paragraph 20.

21.     There is complete diversity of citizenship between the Plaintiff and  the Defendants as required under 28 U.S.C. § 1332(a).

**RESPONSE**:   The allegations in paragraph 21 contain legal conclusions and therefore do not require a response. To the extent a response is required, Commerce lacks knowledge or information sufficient to admit or deny the allegations in paragraph 21.

22.     This Court also has jurisdiction over this matter pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201(a), because this matter presents a case of actual controversy and seeks an order declaring the rights and other legal relations of the parties to this action.

**RESPONSE**:   The allegations in paragraph 22 contain legal conclusions and therefore do not require a response.

23.     This Court has personal jurisdiction over Shaw as Shaw conducts business and maintains operations within the State of Alabama.  Certain of the Underlying Actions also include allegations that Shaw knowingly directed its contaminated wastewater to Alabama waterways. An Underlying Action against Shaw, alleging contamination arising out of Shaw's operations, captioned *Shelby County, Alabama and Talladega County, Alabama v. 3M Company, et al.*, 1:23-

cv- 00609-CLM (N.D. Ala., E.D.), is currently pending before the Eastern District.

**RESPONSE**:   The allegations in paragraph 23 contain legal conclusions and therefore do not require a response.

24.     A case of actual controversy is presented here because Shaw seeks insurance coverage from Federal for indemnity costs it has or will incur in connection with the Underlying Actions and Federal disputes its obligations to Shaw with respect to insurance coverage for the Underlying Actions.

**RESPONSE**:   The allegations in paragraph 24 contain legal conclusions and therefore do not require a response. To the extent a response is required, Commerce lacks knowledge or information sufficient to admit or deny the allegations in paragraph 24.

25.     Venue is proper in the Northern District of Alabama under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred, and a substantial part of property that is the subject of the action is situated in Talladega County.

**RESPONSE**:   The allegations in paragraph 25 contain legal conclusions and therefore do not require a response. To the extent a response is required, Commerce admits the allegations in paragraph 25.

## IV.    FACTS AND BACKGROUND

### A.     SHAW CARPETING

26.     Shaw is a producer of carpet, resilient flooring, hardwood, tile and stone, synthetic turf and other specialty flooring products.

**RESPONSE**:   The allegations in paragraph 26 relate to parties other than Commerce and therefore do not require a response. To the extent a response is required, Commerce lacks knowledge or information sufficient to admit or deny the allegations in paragraph 26.

27.     Shaw is the world's largest carpet manufacturer with approximately $5 billion in annual revenue.

**RESPONSE**:   The allegations in paragraph 27 relate to parties other than Commerce and therefore do not require a response. To the extent a response is required, Commerce lacks knowledge or information sufficient to admit or deny the allegations in paragraph 27.

28.     As of the filing of the Complaint, Shaw operates facilities in Alabama and Georgia.

**RESPONSE**:   The allegations in paragraph 28 relate to parties other than Commerce and therefore do not require a response. To the extent a response is required, Commerce lacks knowledge or information sufficient to admit or deny the allegations in paragraph 28.

### B.     SHAW'S PFAS USE

29.     In the 1950s or 1960s, 3M Company ("3M") introduced a Scotchgard stain blocker and soil-resistant product that could be used to treat carpets.

**RESPONSE**:   The allegations in paragraph 29 relate to parties other than Commerce and therefore do not require a response. To the extent a response is required, Commerce lacks knowledge or information sufficient to admit or deny the allegations in paragraph 29.

30.     Shaw may have used these Scotchgard products in the 1950s or 1960s in its carpet manufacturing operations.

**RESPONSE**:   The allegations in paragraph 30 relate to parties other than Commerce and therefore do not require a response. To the extent a response is required, Commerce lacks knowledge or information sufficient to admit or deny the allegations in paragraph 30.

31.     Starting in or around 1972, 3M began marketing a stain blocker and  soil-resistant product called Scotchguard to carpet companies, including Shaw.

**RESPONSE**:   The allegations in paragraph 31 relate to parties other than Commerce and therefore do not require a response. To the extent a response is required, Commerce lacks knowledge or information sufficient to admit or deny the allegations in paragraph 31.

32.     In the 1970s, E.I. DuPont de Nemours ("DuPont") also introduced a  stain blocker and soil-resistant product called Teflon to carpet companies.

**RESPONSE**:   The allegations in paragraph 32 relate to parties other than Commerce and therefore do not require a response. To the extent a response is required, Commerce lacks knowledge or information sufficient to admit or deny the allegations in paragraph 32.

33.     In the early to mid-1970s, Shaw purchased Scotchguard products from 3M for use in Shaw's carpet manufacturing operations. The allegations of fact are stated upon information and belief.

**RESPONSE**:   The allegations in paragraph 33 relate to parties other than Commerce and therefore do not require a response. To the extent a response is required, Commerce lacks knowledge or information sufficient to admit or deny the allegations in paragraph 33.

34.     In the early to mid-1970s, Shaw may have purchased stain resistant products from other companies.

**RESPONSE**:   The allegations in paragraph 34 relate to parties other than Commerce and therefore do not require a response. To the extent a response is required, Commerce lacks knowledge or information sufficient to admit or deny the allegations in paragraph 34.

35.     In or around October 1986, DuPont introduced a stain blocker and soil-resistant product called Stainmaster and began marketing Stainmaster to carpeting companies such as Shaw.

**RESPONSE**:   The allegations in paragraph 35 relate to parties other than Commerce and therefore do not require a response. To the extent a response is required, Commerce lacks

knowledge or information sufficient to admit or deny the allegations in paragraph 35.

36.     In or around October 1986, Shaw began purchasing Stainmaster products from DuPont for use in Shaw's carpet manufacturing operations.

**RESPONSE**:   The allegations in paragraph 36 relate to parties other than Commerce and therefore do not require a response. To the extent a response is required, Commerce lacks knowledge or information sufficient to admit or deny the allegations in paragraph 36.

37.     The stain-resistant products marketed and sold by 3M, DuPont, and/or others contained perfluoroalkyl and polyfluoroalkyl substances commonly referred to by the acronym "PFAS."

**RESPONSE**:   The allegations in paragraph 37 relate to parties other than Commerce and therefore do not require a response. To the extent a response is required, Commerce lacks knowledge or information sufficient to admit or deny the allegations in paragraph 37.

38.     The PFAS contained in the stain-resistant products utilized by Shaw were, at all relevant times, present in the wastewater produced as a waste by- product of Shaw's manufacturing process.

**RESPONSE**:   The allegations in paragraph 38 relate to parties other than Commerce and therefore do not require a response. To the extent a response is required, Commerce lacks knowledge or information sufficient to admit or deny the allegations in paragraph 38.

## C.     THE LAND APPLICATION SYSTEM AND SHAW'S WASTE DISPOSAL PRACTICES

39.     Shaw utilized Dalton Utilities ("Dalton") to dispose of its wastewater created by Shaw's manufacturing process.

**RESPONSE**:   The allegations in paragraph 39 relate to parties other than Commerce and

therefore do not require a response. To the extent a response is required, Commerce lacks knowledge or information sufficient to admit or deny the allegations in paragraph 39.

40.     On July 17, 1984, Dalton applied for a permit to operate a Land Application System ("LAS") for its wastewater disposal needs.

**RESPONSE**:   The allegations in paragraph 40 relate to parties other than Commerce and therefore do not require a response. To the extent a response is required, Commerce lacks knowledge or information sufficient to admit or deny the allegations in paragraph 40.

41.     On August 20, 1986, Dalton received a permit to operate the LAS.

**RESPONSE**:   The allegations in paragraph 41 relate to parties other than Commerce and therefore do not require a response. To the extent a response is required, Commerce lacks knowledge or information sufficient to admit or deny the allegations in paragraph 41.

42.     The LAS is an approximately 9,600-acre system, operated by Dalton, in which wastewater is processed and dispersed onto the land surface.

**RESPONSE**:   The allegations in paragraph 42 relate to parties other than Commerce and therefore do not require a response. To the extent a response is required, Commerce lacks knowledge or information sufficient to admit or deny the allegations in paragraph 42.

43.     Beginning in or around August 20, 1986, Dalton began disposing of  Shaw's wastewater at the LAS.

**RESPONSE**:   The allegations in paragraph 43 relate to parties other than Commerce and therefore do not require a response. To the extent a response is required, Commerce lacks knowledge or information sufficient to admit or deny the allegations in paragraph 43.

44.     Underlying Plaintiffs allege that PFAS from the LAS has contaminated local waterways.

**RESPONSE**:   The allegations in paragraph 44 relate to parties other than Commerce and therefore do not require a response. To the extent a response is required, Commerce refers to the referenced underlying matters for their full and complete contents and denies the allegations in paragraph 44 to the extent they are inconsistent therewith.

45.     Shaw's wastewater and other waste may have been disposed in other ways during the relevant time periods.

**RESPONSE**:   The allegations in paragraph 45 relate to parties other than Commerce and therefore do not require a response. To the extent a response is required, Commerce lacks knowledge or information sufficient to admit or deny the allegations in paragraph 45.

### D.       THE UNDERLYING ACTIONS

#### i.  Facts Relevant to All Underlying Actions

46.     Municipal entities in Alabama have asserted the following actions against Shaw alleging environmental contamination caused by Shaw's operations:

- *Shelby County, Alabama and Talladega County, Alabama v. 3M Company, Inc., et al.*, 1:23-cv-00609-CLM in the United States District Court for the Northern District of Alabama – Eastern Division;

- *Shelby County, Alabama and Talladega County, Alabama v. 3M Company, et al.*, 61-cv-2023-900112.00 in the Circuit Court of Talladega County, Alabama;

- *The Water Works and Sewer Board of the City of Gadsden v. 3M Company, Inc., et al.*, 31-cv-2016-900676.00 in the Circuit Court of Etowah County, Alabama;

- *The Water Works and Sewer Board of the Town of Centre v. 3M Company, Inc., et al.*, 31-cv-2017-900049.00 in the Circuit Court of Cherokee County, Alabama.

**RESPONSE**:   Commerce refers to the referenced underlying matters for their full and complete contents and denies the allegations in paragraph 46 to the extent they are inconsistent therewith.

47.    Municipal entities and/or individuals in Georgia have asserted the following actions against Shaw alleging environmental contamination caused by Shaw's operations:

- *The City of Rome, Georgia v. 3M Company, Inc., et al.*, 19-cv-02405- JFL-003, in the Superior Court of Floyd County, Georgia; and

- *Jarrod Johnson, individually and on behalf of a class of persons similarly situated v. 3M Company, et al.*, 4:20-cv-0008-AT, in the United States District Court for the Northern District of Georgia – Rome Division.

**RESPONSE**:   Commerce refers to the referenced underlying matters for their full and complete contents and denies the allegations in paragraph 47 to the extent they are inconsistent therewith.

48.    All of the foregoing actions involve allegations that Shaw used and continues to use PFAS in the carpet and flooring manufacturing process and that the underlying plaintiff(s) suffered damages due to the negligent, willful, and wanton conduct of Shaw, as well as the nuisance and trespass caused by Shaw's past and present release of PFAS and related chemicals in and around its facilities in Dalton, Georgia.

**RESPONSE**:   Commerce refers to the referenced underlying matters for their full and complete contents and denies the allegations in paragraph 48 to the extent they are inconsistent therewith.

49.    The plaintiffs in the Underlying Actions allege that Shaw had knowledge for decades that PFAS cannot be removed from the wastewater it sends to Dalton Utilities.

**RESPONSE**:   Commerce refers to the referenced underlying matters for their full and complete contents and denies the allegations in paragraph 49 to the extent they are inconsistent therewith.

50.     The underlying plaintiffs allege to have suffered substantial economic and consequential damages, including, but not limited to, expenses associated with the future installation and operation of a filtration system capable of removing PFAS from the water; expenses associated with the removal or remediation of contaminated property; expenses incurred to monitor PFAS contamination levels; and lost profits and sales.

**RESPONSE**:   Commerce refers to the referenced underlying matters for their full and complete contents and denies the allegations in paragraph 50 to the extent they are inconsistent therewith.

### ii.  The Settled Underlying Actions

51.     Without the prior consent of Federal, Shaw settled the following underlying actions:

- *The Water Works and Sewer Bd. Of City of Gadsden v. 3M, et al.* (action filed in Alabama) ("*The City of Gadsden*");

- *The Water Works and Sewer Bd. Of Town of Centre v. 3M, et al.* (action filed in Alabama) ("*The Town of Centre*"); and

- *The City of Rome v. 3M, et al.* (action filed in Georgia) ("*The City of Rome*").

**RESPONSE**:   The allegations in paragraph 51 relate to parties other than Commerce and therefore do not require a response. To the extent a response is required, Commerce lacks knowledge or information sufficient to admit or deny the allegations in paragraph 51.

52.     All of the settled Underlying Actions contain generally the same allegations relating to Shaw's improper disposal of PFAS-contaminated waste and the contamination of local water supplies.

**RESPONSE**:   Commerce refers to the referenced underlying matters for their full and complete contents and denies the allegations in paragraph 52 to the extent they are inconsistent therewith.

53.     In *The City of Gadsden* Complaint, the City of Gadsden alleged that PFAS released by Shaw contaminated the water in the Coosa River at the City of Gadsden Water Works intake site and that the chemicals cannot be removed by the current water treatment processes utilized by the City of Gadsden's water utility providers.

**RESPONSE**:   Commerce refers to the referenced underlying matter for its full and complete contents and denies the allegations in paragraph 53 to the extent they are inconsistent therewith.

54.     The City of Gadsden sought economic and consequential damages, including but not limited to, expenses associated with the future installation and operation of a filtration system capable of removing the chemicals at issue, as well as monitoring expenses, and lost profits and sales.

**RESPONSE**:   Commerce refers to the referenced underlying matter for its full and complete contents and denies the allegations in paragraph 54 to the extent they are inconsistent therewith.

55.     On or about December 21, 2016, Shaw placed Federal on notice of the allegations at issue in *The City of Gadsden.*

**RESPONSE**:   The allegations in paragraph 55 relate to parties other than Commerce and therefore do not require a response. To the extent a response is required, Commerce lacks knowledge or information sufficient to admit or deny the allegations in paragraph 55.

56.     Via correspondence, Federal reserved its rights with respect to coverage for *The City of Gadsden.* Federal did not waive any applicable consent to settlement provisions contained within each insurer's respective policies.

**RESPONSE**:   The allegations in paragraph 56 relate to parties other than Commerce and

therefore do not require a response. To the extent a response is required, Commerce lacks knowledge or information sufficient to admit or deny the allegations in paragraph 56.

57.     On or about September 9, 2022, Shaw agreed to settle the claims asserted against it in *The City of Gadsden* action without first obtaining Federal's consent.

**RESPONSE**:   The allegations in paragraph 57 relate to parties other than Commerce and therefore do not require a response. To the extent a response is required, Commerce lacks knowledge or information sufficient to admit or deny the allegations in paragraph 57.

58.     On or about June 6, 2017, Shaw placed Federal on notice of the allegations at issue in *The Town of Centre.*

**RESPONSE**:   The allegations in paragraph 58 relate to parties other than Commerce and therefore do not require a response. To the extent a response is required, Commerce lacks knowledge or information sufficient to admit or deny the allegations in paragraph 58.

59.     Via coverage correspondence, Federal reserved its rights with respect to coverage for *The Town of Centre.*

**RESPONSE**:   The allegations in paragraph 59 relate to parties other than Commerce and therefore do not require a response. To the extent a response is required, Commerce lacks knowledge or information sufficient to admit or deny the allegations in paragraph 59.

60.     Federal did not waive any applicable consent to settlement provisions contained within each insurer's respective policies.

**RESPONSE**:   The allegations in paragraph 60 relate to parties other than Commerce and therefore do not require a response. To the extent a response is required, Commerce lacks knowledge or information sufficient to admit or deny the allegations in paragraph 60.

61.     On or about March 28, 2023, Shaw agreed to settle the claims asserted against it

in *The Town of Centre* action without first obtaining Federal's consent.

**RESPONSE**:   The allegations in paragraph 61 relate to parties other than Commerce and therefore do not require a response. To the extent a response is required, Commerce lacks knowledge or information sufficient to admit or deny the allegations in paragraph 61.

62.   On or about April 5, 2023, Shaw settled the claims against it by *The  City of Rome* without first obtaining the Federal's consent.

**RESPONSE**:   The allegations in paragraph 62 relate to parties other than Commerce and therefore do not require a response. To the extent a response is required, Commerce lacks knowledge or information sufficient to admit or deny the allegations in paragraph 62.

63.   Via coverage correspondence, Federal reserved its rights with respect to coverage for *The City of Rome.*

**RESPONSE**:   The allegations in paragraph 63 relate to parties other than Commerce and therefore do not require a response. To the extent a response is required, Commerce lacks knowledge or information sufficient to admit or deny the allegations in paragraph 63.

64.   Federal did not waive any applicable consent to settlement provisions contained within each insurer's respective policies.

**RESPONSE**:   The allegations in paragraph 64 relate to parties other than Commerce and therefore do not require a response. To the extent a response is required, Commerce lacks knowledge or information sufficient to admit or deny the allegations in paragraph 64.

65.   On or about April 5, 2023, Shaw settled the claims against it in *The City of Rome* without Federal's consent.

**RESPONSE**:   The allegations in paragraph 65 relate to parties other than Commerce and therefore do not require a response. To the extent a response is required, Commerce lacks

knowledge or information sufficient to admit or deny the allegations in paragraph 65.

### iii.  Currently Pending Underlying Actions

66.     In addition to the settled Underlying Actions, Federal has received notice of two currently pending Underlying Actions asserted against Shaw.

**RESPONSE**:   The allegations in paragraph 66 relate to parties other than Commerce and therefore do not require a response. To the extent a response is required, Commerce lacks knowledge or information sufficient to admit or deny the allegations in paragraph 66.

67.     The matter of *Shelby County, Alabama and Talladega County, Alabama v. 3M Company, Inc., et al.*, is currently pending in the United States District Court for the Northern District of Alabama and involves allegations that Shaw "expressly and directly aimed polluted wastewater from their plants not only at Dalton Utilities and the LAS in Georgia but also at Alabama through the continuing flow of the polluted wastewater from [Shaw's] plants, into the Coosa River and its tributaries, and ultimately to Shelby and Talladega Counties."

**RESPONSE**:   Commerce refers to the referenced underlying matter for its full and complete contents and denies the allegations in paragraph 67 to the extent they are inconsistent therewith.

68.     Shelby and Talladega Counties allege that they have suffered economic and consequential damages, including, but not limited to, expenses associated with the future installation and operation of a filtration system capable of removing PFAS from the Counties' water; expenses associated with the removal and/or remediation of contaminated property; expenses incurred to monitor contamination levels; and lost profits and sales.

**RESPONSE**:   Commerce refers to the referenced underlying matter for its full and complete contents and denies the allegations in paragraph 68 to the extent they are inconsistent therewith.

69.     The matter of *Jarrod Johnson, et al. v. 3M, et al.* is pending in the United States

District Court for the Northern District of Georgia and involves water contamination claims asserted by a class of claimants consisting of owners and occupants of property served by Rome Water and Sewer Division and the Floyd County Water Department who have allegedly been and continue to be provided with water contaminated by the release of chemicals by Shaw and others. *Johnson* Complaint at 3.

**RESPONSE**:   Commerce refers to the referenced underlying matter for its full and complete contents and denies the allegations in paragraph 69 to the extent they are inconsistent therewith.

## V.      **THE POLICIES ISSUED BY FEDERAL**

70.      As discussed above, Shaw has focused its demand for insurance coverage on the following excess liability insurance policies issued by Federal (referred to hereafter as the "1980-1985 Federal Policies"):

| Policy No. | Policy Inception | Policy End |
|---|---|---|
| 79221063 | 07/01/1980 | 07/01/1981 |
| 79221063 | 07/01/1981 | 07/01/1982 |
| 79221063 | 07/01/1982 | 07/01/1983 |
| 79221063 | 07/01/1983 | 07/01/1984 |
| 79221063 | 07/01/1984 | 07/01/1985 |

**RESPONSE**:   The allegations in paragraph 70 relate to parties other than Commerce and therefore do not require a response. To the extent a response is required, Commerce lacks knowledge or information sufficient to admit or deny the allegations in paragraph 70.

71.      The insuring agreement of the 1980-1985 Federal Policies provides in part that coverage under the policies is limited to the payment of "Loss" resulting from an occurrence insured by the terms of the underlying policies:

> In consideration of the payment of the required premium and subject to all the terms of this policy, the Company agrees to pay on behalf of the insured LOSS resulting from any occurrence Insured by the terms and provisions of the First UNDERLYING INSURANCE policy scheduled in item 6 of the Declarations (except for the Limits of Liability and defense provisions, if any). The insurance afforded by this policy shall apply only in excess of and after all UNDERLYING INSURANCE (as scheduled in item 6 of the Declarations) has been exhausted.

**RESPONSE**:   Commerce refers to the referenced policies for their full and complete contents and denies the allegations in paragraph 71 to the extent they are inconsistent therewith.

72.   The term "Loss" is defined in the policies as:

> The amount of the principal sum, award or verdict, actually paid or payable in cash in the settlement or satisfaction of claim for which the insured is liable, either by adjudication or compromise with the written consent of the Company, after making proper deduction for all recoveries and salvages.

**RESPONSE**:   Commerce refers to the referenced policies for their full and complete contents and denies the allegations in paragraph 72 to the extent they are inconsistent therewith.

73.   The underlying policies to which the 1980-1985 Federal Policies follow form in part provide, subject to all other applicable terms, that coverage is provided only for liability arising from an "occurrence" which is defined in the following or substantially similar terms as:

> an accident or a happening or event or a continuous or repeated exposure to conditions which unexpectedly and unintentionally results in injury, property damage pr advertising liability during the policy period. All such exposure to substantially the same general conditions existing at or emanating from one premises location shall be deemed one occurrence.

**RESPONSE**:   Commerce refers to the referenced policies for their full and complete contents

and denies the allegations in paragraph 73 to the extent they are inconsistent therewith.

74.     The 1980-1985 Federal Policies also provide that Federal has no

obligation to assume charge of the investigation, settlement or defense of any

claim or suit, such as the Underlying Actions, but Federal has the right to associate

in the defense of any claim or suit:

> The Company shall not be called upon to assume charge of the investigation, settlement or defense of any claim made, or suits brought, or proceedings instituted against the Insured, but shall have the right to be given the opportunity to be associated in the defense and trial of any such claims, suits or proceedings relative to any occurrence which, in the opinion of the Company, may create liability on the part of the Company under the terms of this policy. If the Company avails itself of such right and opportunity the Company shall do so at its own expense. Court costs and interest, if incurred with the consent of the Company, shall be borne by the Company and other interested parties in the proportion that each party's share of LOSS bears to the total amount of Loss sustained by all interested parties.

**RESPONSE**:     Commerce refers to the referenced policies for their full and complete contents

and denies the allegations in paragraph 74 to the extent they are inconsistent therewith.

75.     The 1980-1985 Federal Policies contain the following Pollution Exclusion:

> This policy does not apply to bodily injury or property damage arising out of the discharge, dispersal, release or escape of smoke, vapors, soot, fumes, acids, alkalis, toxic chemicals, liquids or gases, waste materials or other irritants, contaminants or pollutants into or upon land, the atmosphere or any water course or body of water; but this exclusion does not apply if such discharge, dispersal, release or escape is sudden and accidental.

**RESPONSE**:     Commerce refers to the referenced policies for their full and complete contents

22

and denies the allegations in paragraph 75 to the extent they are inconsistent therewith.

76.     The 1980-1985 Federal Policies provide that,

> The Insured agrees that the First UNDERLYING INSURANCE policy, and other UNDERLYING INSURANCE following the terms and provisions of the First UNDERLYING INSURANCE policy (except for limit of liability and defense provisions, if any), shall be maintained in full effect during the currency of this policy except for any reduction in the aggregate limit or limits contained therein solely by payment of claims in respect of occurrences happening during the period of this policy. The failure of the Insured to comply with the foregoing shall not invalidate this policy but in the event of such failure the Company shall only be liable to the same extent as if the Insured had complied with this condition.

**RESPONSE**:   Commerce refers to the referenced policies for their full and complete contents and denies the allegations in paragraph 76 to the extent they are inconsistent therewith.

77.     The 1980-1985 Federal Policies include other terms, conditions, and exclusions that may limit or bar coverage for the Underlying Actions.

**RESPONSE**:   Commerce refers to the referenced policies for their full and complete contents and denies the allegations in paragraph 77 to the extent they are inconsistent therewith.

### i.  Other Federal Policies

78.     In addition to the 1980-1985 Federal Policies, Federal issued excess liability policies to Shaw for annual policy periods from July 1, 1985 to July 1, 2016. The July 1, 1985 to July 1, 2016 Federal policies are referred to herein as the "Post-1985 Federal Policies."

**RESPONSE**:   The allegations in paragraph 78 relate to parties other than Commerce and therefore do not require a response. To the extent a response is required, Commerce lacks knowledge or information sufficient to admit or deny the allegations in paragraph 78.

79.     The Post-1985 Federal Policies contain absolute pollution exclusions.

**RESPONSE**:   Commerce refers to the referenced policies for their full and complete contents and denies the allegations in paragraph 79 to the extent they are inconsistent therewith.

80.     Upon information and belief, Shaw is not presently seeking coverage for the Underlying Actions under any of the Post-1985 Federal Policies.

**RESPONSE**:   The allegations in paragraph 80 relate to parties other than Commerce and therefore do not require a response. To the extent a response is required, Commerce lacks knowledge or information sufficient to admit or deny the allegations in paragraph 80.

81.     However, Shaw notified Federal of the actions under those policies and has not formally withdrawn its notice.

**RESPONSE**:   The allegations in paragraph 81 relate to parties other than Commerce and therefore do not require a response. To the extent a response is required, Commerce lacks knowledge or information sufficient to admit or deny the allegations in paragraph 81.

### ii.  Other Policies Issued By Additional Plaintiff Insurers

82.     In addition to the policies issued by Federal, the Additional Plaintiff Insurers issued excess liability policies to Shaw for the policy periods after 1985. These policies contain absolute pollution exclusions.

**RESPONSE**:   The allegations in paragraph 82 relate to parties other than Commerce and therefore do not require a response. To the extent a response is required, Commerce lacks knowledge or information sufficient to admit or deny the allegations in paragraph 82.

83.     Upon information and belief, Shaw is not presently seeking coverage for the Underlying Actions under any of these policies.

**RESPONSE**:   The allegations in paragraph 83 relate to parties other than Commerce and

therefore do not require a response. To the extent a response is required, Commerce lacks knowledge or information sufficient to admit or deny the allegations in paragraph 83.

84.     However, Shaw notified Additional Plaintiff Insurers of the actions under those policies and has not formally withdrawn its notice.

**RESPONSE**:   The allegations in paragraph 84 relate to parties other than Commerce and therefore do not require a response. To the extent a response is required, Commerce lacks knowledge or information sufficient to admit or deny the allegations in paragraph 84.

## VI.   POLICIES ISSUED BY DEFENDANT INSURERS

85.     Upon information and belief, the Defendant Insurers issued one or more liability insurance policies to Shaw at various times.  A non-exhaustive list of currently known policies issued by the Defendant Insurers is attached hereto as Exhibit B.

**RESPONSE**:   The allegations in paragraph 85 relate in part to defendants other than Commerce and therefore do not require a response. To the extent a response is required, Commerce lacks knowledge or information sufficient to admit or deny the allegations in paragraph 85 that relate to defendants other than Commerce. For the allegations in paragraph 85 that relate to Commerce, Commerce admits that it issued certain insurance policies to Shaw, including the policies referenced under "Commerce and Industry" on Exhibit B to Plaintiffs' Complaint. Commerce otherwise refers to the referenced policies for their full and complete contents and denies the remaining allegations in paragraph 85 to the extent they are inconsistent therewith.

86.     Upon information and belief, the policies issued to Shaw by the Defendant Insurers potentially provide coverage to Shaw for the PFAS-related losses alleged in the Underlying Actions.  A non-exhaustive list of these policies issued by the Defendant Insurers is attached hereto as Exhibit B.

**RESPONSE**:    The allegations in paragraph 86 relate in part to defendants other than Commerce and therefore do not require a response. To the extent a response is required, Commerce lacks knowledge or information sufficient to admit or deny the allegations in paragraph 86 that relate to defendants other than Commerce. For the allegations in paragraph 86 that relate to Commerce, Commerce admits that it issued certain insurance policies to Shaw, including the policies referenced under "Commerce and Industry" on Exhibit B to Plaintiffs' Complaint. Commerce otherwise refers to the referenced policies for their full and complete contents and denies the remaining allegations in paragraph 86 to the extent they are inconsistent therewith.

87.    Shaw has notified the Defendant Insurers of the Underlying Actions and has sought coverage from them for the Underlying Actions.

**RESPONSE**:    The allegations in paragraph 87 relate in part to defendants other than Commerce and therefore do not require a response. To the extent a response is required, Commerce lacks knowledge or information sufficient to admit or deny the allegations in paragraph 87 that relate to defendants other than Commerce. For the allegations in paragraph 87 that relate to Commerce, Commerce admits that Shaw notified it of the Underlying Actions and has sought coverage from it for the Underlying Actions. Commerce otherwise refers to the referenced policies for their full and complete contents and denies the remaining allegations in paragraph 87 to the extent they are inconsistent therewith.

88.    Upon information and belief, Shaw is also the insured on liability policies not listed on Exhibit B ("Non-Exhibit B Policies").

**RESPONSE**:    Commerce lacks knowledge or information sufficient to admit or deny the allegations in paragraph 88.

89.    Upon information and belief, Shaw has not given notice to insurers under Non-

Exhibit B Policies for the Underlying Actions.

**RESPONSE**:   Commerce lacks knowledge or information sufficient to admit or deny the allegations in paragraph 89.

90.      Upon information and belief, Shaw does not seek coverage under Non- Exhibit B Policies for the Underlying Actions.

**RESPONSE**:   Commerce lacks knowledge or information sufficient to admit or deny the allegations in paragraph 90.

## COUNT I
**(Declaratory Judgment as to Shaw)**

91.      Federal and the Additional Plaintiff Insurers incorporate each and every allegation of the preceding paragraphs as if fully set forth at length herein.

**RESPONSE**:   Commerce incorporates each and every response to the preceding paragraphs as if fully set forth herein.

92.      Shaw has made a demand for coverage under policies issued to Shaw by Federal for indemnity in connection with the Underlying Actions.

**RESPONSE**:   The allegations in paragraph 92 are part of a claim asserted only against a defendant other than Commerce and therefore do not require a response. To the extent a response is required, Commerce lacks knowledge or information sufficient to admit or deny the allegations in paragraph 92.

93.      There is an actual and justiciable controversy between Shaw and Federal with respect to potential insurance coverage for the Underlying Actions.

**RESPONSE**:   The allegations in paragraph 93 are part of a claim asserted only against a defendant other than Commerce and therefore do not require a response. To the extent a response is required, Commerce lacks knowledge or information sufficient to admit or deny the allegations

in paragraph 93.

94.     Shaw has put Additional Plaintiff Insurers on notice under other excess policies, but not sought coverage.

**RESPONSE**:   The allegations in paragraph 94 are part of a claim asserted only against a defendant other than Commerce and therefore do not require a response. To the extent a response is required, Commerce lacks knowledge or information sufficient to admit or deny the allegations in paragraph 94.

95.     Shaw has not sought coverage from Additional Plaintiff Insurers, but Additional Plaintiff Insurers are included for the sake of completeness.

**RESPONSE**:   The allegations in paragraph 95 are part of a claim asserted only against a defendant other than Commerce and therefore do not require a response. To the extent a response is required, Commerce lacks knowledge or information sufficient to admit or deny the allegations in paragraph 95.

96.     Federal has no adequate remedy at law, and this is a proper case for the Court to exercise its jurisdiction and declare the rights and liabilities of Federal and Shaw with respect to the Underlying Actions.

**RESPONSE**:   The allegations in paragraph 96 are part of a claim asserted only against a defendant other than Commerce and therefore do not require a response. To the extent a response is required, Commerce lacks knowledge or information sufficient to admit or deny the allegations in paragraph 96.

97.     Insurance coverage for the Underlying Actions under any actual or alleged insurance policies issued by Federal to Shaw is barred in whole or in part, or potential coverage is otherwise limited because:

a.      the pollution exclusions in the 1980-1985 Federal Policies exclude coverage;

b.      the 1980-1985 Federal Policies only provide coverage for an occurrence and the Underlying Actions do not involve an occurrence;

c.      the 1980-1985 Federal Policies only provide coverage for third party property damage during the policy period and little to no third party property damage occurred during the policy periods of the 1980-85 Federal Policies;

d.      the 1980-1985 Federal Policies do not provide coverage for prophylactic expenses to prevent future injury or damage rather than to remediate past property damage;

e.      the attachment point of the 1980-1985 Federal Policies has not been reached;

f.      there is no duty under the 1980-1985 Federal Policies to drop down for insolvent underlying coverage;

g.      the Underlying Actions were settled without Federal's consent and consent is required under the 1980-1985 Federal Policies;

h.      to the extent the Federal is found to owe defense costs and/or indemnity costs in connection with the Underlying Actions, Federal's obligation will be limited to a pro rata allocated share determined on a "time on the  risk" basis and Shaw will be responsible for all uninsured, underinsured, and self-insured periods, regardless of whether insurance coverage was available during such periods.

i.      Coverage for the Underlying Actions may be barred in whole or in part under other terms of the 1980-1985 Federal Policies and under the applicable law.

**RESPONSE**:   The allegations in paragraph 97 are part of a claim asserted only against a defendant other than Commerce and therefore do not require a response. To the extent a response is required, Commerce lacks knowledge or information sufficient to admit or deny the allegations

in paragraph 97.

98.     Therefore, Federal requests that the Court enter a declaratory judgment declaring that there is no coverage for the Underlying Actions under the policies issued by Federal or that any coverage is limited in accordance with the terms of the policies and the applicable law.

**RESPONSE**:   The allegations in paragraph 98 are part of a claim asserted only against a defendant other than Commerce and therefore do not require a response. To the extent a response is required, Commerce lacks knowledge or information sufficient to admit or deny the allegations in paragraph 98.

## COUNT II
### (In the Alternative, Declaratory Judgment as to the Defendant Insurers)

99.     Federal and the Additional Plaintiff Insurers incorporate each and every allegation of the preceding paragraphs as if fully set forth at length herein.

**RESPONSE**:   Commerce incorporates each and every response to the preceding paragraphs as if fully set forth herein.

100.    The Defendant Insurers issued policies to Shaw that potentially provide insurance coverage for the claims against Shaw in the Underlying Actions.

**RESPONSE**:   The allegations in paragraph 100 relate in part to defendants other than Commerce and therefore do not require a response. To the extent a response is required, Commerce lacks knowledge or information sufficient to admit or deny the allegations in paragraph 100 that relate to defendants other than Commerce. For the allegations in paragraph 100 that relate to Commerce, Commerce admits that it issued certain insurance policies to Shaw. Commerce otherwise refers to the referenced policies for their full and complete contents and denies the remaining allegations in paragraph 100 to the extent they are inconsistent therewith.

101.    Upon information and belief, Shaw has tendered to or otherwise notified the

Defendant Insurers of the Underlying Actions and has sought coverage for those actions from the Defendant Insurers.

**RESPONSE**:    The allegations in paragraph 101 relate in part to defendants other than Commerce and therefore do not require a response. To the extent a response is required, Commerce lacks knowledge or information sufficient to admit or deny the allegations in paragraph 101 that relate to defendants other than Commerce. For the allegations in paragraph 101 that relate to Commerce, Commerce admits that Shaw notified it of the Underlying Actions and has sought coverage from it for the Underlying Actions. Commerce otherwise refers to the referenced policies for their full and complete contents and denies the remaining allegations in paragraph 101 to the extent they are inconsistent therewith.

102.    If the Court determines that Federal or the Additional Plaintiff Insurers have an obligation in whole or in part to provide coverage to Shaw for one or more of the Underlying Actions, then Federal and the Additional Plaintiff Insurers request that the Court declare the rights and obligations of all parties, including the Defendant Insurers with respect to insurance coverage for the Underlying Actions.

**RESPONSE**:    Commerce denies the allegations in paragraph 102 that relate to Commerce and otherwise lacks knowledge or information sufficient to admit or deny the allegations in paragraph 102 that relate to defendants other than Commerce.

### Requests for Relief

This Section contains Plaintiffs' requests for relief, to which no response is required. To the extent that a response is required, Commerce denies that Plaintiffs are entitled to any such relief from Commerce. Commerce denies each and every allegation in the Complaint except as expressly admitted above.

## AFFIRMATIVE DEFENSES

In addition to the foregoing denials, Commerce hereby alleges and asserts the following affirmative defenses. By pleading these defenses, Commerce does not assume the burden of proving any fact, issue, or element of a cause of action where such burden belongs to Plaintiffs and/or any another party.

### FIRST AFFIRMATIVE DEFENSE
### (Arbitration)

Plaintiffs' cause of action against Commerce is barred, in whole or in part, to the extent that certain policies require arbitration of certain provisions.

### SECOND AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

The Complaint fails to state a claim upon which relief can be granted against Commerce to the extent that Shaw is not entitled to coverage.

### THIRD AFFIRMATIVE DEFENSE
### (Standing)

Plaintiffs' cause of action is barred, in whole or in part, because Plaintiffs lack standing to seek a declaration on whether Commerce has a duty to defend and/or indemnify Shaw.

### FOURTH AFFIRMATIVE DEFENSE
### (Statute of Limitations)

Plaintiffs' cause of action is barred, in whole or in part, to the extent that Shaw's claims for coverage are barred by the applicable statute of limitations.

### FIFTH AFFIRMATIVE DEFENSE
#### (Waiver, Unclean Hands, Laches and/or Estoppel)

Plaintiffs' cause of action is barred, in whole or in part, to the extent that Shaw's claims for coverage are barred by the equitable doctrines of waiver, unclean hands, laches, accord and satisfaction, release, payment, and/or estoppel.

### SIXTH AFFIRMATIVE DEFENSE
#### (Failure to Mitigate)

Plaintiffs' cause of action is barred, in whole or in part, to the extent that Shaw's alleged damages are barred by reason of its failure to mitigate damages.

### SEVENTH AFFIRMATIVE DEFENSE
#### (Offset)

Plaintiffs' cause of action is barred, in whole or in part, to the extent that Shaw is barred from recovering any amounts for which it has been unjustly enriched or that must be offset from any alleged damages.

### EIGHTH AFFIRMATIVE DEFENSE
#### (Misrepresentation)

Plaintiffs' cause of action is barred, in whole or in part, to the extent that Shaw negligently or intentionally failed to disclose, concealed, or misrepresented facts that were material to the risks undertaken by Commerce, including facts regarding the nature of its business operations.

### NINTH AFFIRMATIVE DEFENSE
#### (Policy Terms, Exclusions, Conditions, and Limitations)

Plaintiffs' cause of action is barred, in whole or in part, to the extent that Shaw's claims for coverage are barred by the terms, exclusions, conditions, and limitations of the Commerce policies at issue, all of which are reserved, and none of which are waived.

### TENTH AFFIRMATIVE DEFENSE
#### (Failure to Satisfy Conditions)

Plaintiffs' cause of action is barred, in whole or in part, to the extent that Shaw failed to satisfy conditions precedent in the Commerce policies at issue, including, but not limited to, Shaw's satisfaction of any deductibles or retentions imposed in the Commerce policies at issue.

### ELEVENTH AFFIRMATIVE DEFENSE
#### (No Coverage for Voluntary Payments)

Plaintiffs' cause of action is barred, in whole or in part, to the extent that Shaw assumed various obligations relative to the Underlying Actions without the written consent of Commerce.

### TWELFTH AFFIRMATIVE DEFENSE
#### (Unreasonable Settlement, Costs, Charges, Fees, or Expenses)

Plaintiffs' cause of action is barred, in whole or in part, to the extent that Shaw seeks coverage for any settlement, costs, charges, fees, or expenses that is or are unreasonable.

### THIRTEENTH AFFIRMATIVE DEFENSE
#### (Notice Obligations)

Plaintiffs' cause of action is barred, in whole or in part, to the extent that Shaw seeks coverage from Commerce for an occurrence of which it failed to timely give notice to Commerce.

### FOURTEENTH AFFIRMATIVE DEFENSE
#### (Prior Knowledge)

Plaintiffs' cause of action is barred, in whole or in part, to the extent that Shaw had prior knowledge of bodily injury or property damage for which it seeks coverage and to the extent that such knowledge precludes coverage for such bodily injury or property damage under the Commerce policies at issue.

### FIFTEENTH AFFIRMATIVE DEFENSE
#### (Bodily Injury and Property Damage Outside the Policy Period)

Plaintiffs' cause of action is barred, in whole or in part, to the extent that any claim, occurrence, bodily injury, and/or property damage occurred outside of the policy periods of the Commerce policies at issue, such that Commerce is not obligated to defend and/or indemnify Shaw under those policies.

### SIXTEENTH AFFIRMATIVE DEFENSE
#### (No Occurrence or Accident)

Plaintiffs' cause of action is barred, in whole or in part, to the extent there was no occurrence and/or accident triggering coverage for Shaw under the Commerce policies at issue.

### SEVENTEENTH AFFIRMATIVE DEFENSE
#### (No Bodily Injury or Property Damage)

Plaintiffs' cause of action is barred, in whole or in part, to the extent that there was no bodily injury and/or property damage triggering coverage for Shaw under the Commerce policies at issue.

### EIGHTEENTH AFFIRMATIVE DEFENSE
#### (Failure to Exhaust)

Plaintiffs' cause of action is barred, in whole or in part, to the extent that Shaw has failed to exhaust some or all of the applicable deductibles, self-insured retentions, and/or underlying limits of insurance as required by some or all of the Commerce policies at issue.

### NINETEENTH AFFIRMATIVE DEFENSE
#### (No Coverage for Equitable Remedies)

Plaintiffs' cause of action is barred, in whole or in part, to the extent that Shaw seeks coverage for equitable remedies that do not fall within the scope of coverage provided by the Commerce policies at issue.

### TWENTIETH AFFIRMATIVE DEFENSE
#### (No Coverage for Punitive Damages)

Plaintiffs' cause of action is barred, in whole or in part, to the extent that Shaw seeks coverage for punitive damages, which are not covered damages under some or all of the Commerce policies at issue.

### TWENTY-FIRST AFFIRMATIVE DEFENSE
#### (Other Insurance)

Plaintiffs' cause of action is barred, in whole or in part, to the extent that Shaw has other valid and collectible insurance.

### TWENTY-SECOND AFFIRMATIVE DEFENSE
#### (Not an Insured)

Plaintiffs' cause of action is barred, in whole or in part, to the extent that Shaw is not an insured under the Commerce policies at issue.

### TWENTY-THIRD AFFIRMATIVE DEFENSE
#### (Aggregate Limits)

Plaintiffs' cause of action is barred, in whole or in part, to the extent that any of the at-issue Commerce policies' aggregate limits have been exhausted, thereby barring coverage for Shaw.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE
#### (Anti-Stacking Provisions)

Plaintiffs' cause of action is barred, in whole or in part, to the extent that any of the Commerce policies at issue prohibit the stacking of aggregate limits for a single occurrence, thereby barring coverage for Shaw.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE
### (Certain Products Exclusion)

Plaintiffs' cause of action is barred, in whole or in part, to the extent that Shaw seeks coverage for the Underlying Actions that arise from certain products for which some or all of the Commerce policies at issue exclude coverage.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE
### (Expected or Intended Exclusion)

Plaintiffs' cause of action is barred, in whole or in part, to the extent that Shaw seeks coverage for injury or damage that was expected or intended for which some or all of the Commerce policies at issue exclude coverage.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE
### (Pollution Exclusion)

Plaintiffs' cause of action is barred, in whole or in part, to the extent that Shaw seeks coverage for injury or damage arising from pollution for which some or all of the Commerce policies at issue exclude coverage.

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE
### (Damage or Ultimate Net Loss)

Plaintiffs' cause of action is barred, in whole or in part, to the extent that Shaw's claims do not constitute "damage" or "ultimate net loss" and thus there is no coverage under the Commerce policies at issue.

### TWENTY-NINTH AFFIRMATIVE DEFENSE
### (Property of Insured)

Plaintiffs' cause of action is barred, in whole or in part, to the extent that Shaw seeks coverage for property damage owned by any insured in accordance with the terms of the Commerce policies at issue.

## THIRTIETH AFFIRMATIVE DEFENSE
### (Joint Venture)

Plaintiffs' cause of action is barred, in whole or in part, to the extent that Shaw seeks coverage for personal injury and/or property damage arising out of any partnership or joint venture of which Shaw is or was a partner or member which is not an insured under the terms of the Commerce policies at issue.

## THIRTY-FIRST AFFIRMATIVE DEFENSE
### (Waiver)

Plaintiffs' cause of action is barred, in whole or in part, to the extent that Shaw intentionally, knowingly, and/or voluntarily relinquished and waived its rights under the policies at issue.

## THIRTY-SECOND AFFIRMATIVE DEFENSE
### (Allocation)

To the extent that Commerce may be liable for any loss alleged by Shaw, such liability being expressly denied, the extent of such coverage must be limited by the terms of the Commerce policies at issue and principles of allocation based upon the nature and timing of the alleged injuries and damage and the time on the risk.

## RESERVATION OF DEFENSES

Commerce incorporates by reference all defenses or other bases for relief asserted by the other defendants and reserves the right to assert any defenses, including but not limited to additional terms of the Commerce policies at issue, that may arise out of the course of discovery or otherwise in this litigation.

<u>PRAYER FOR RELIEF</u>

WHEREFORE, Commerce requests that judgment be entered in its favor and against Plaintiffs, and that the Court award Commerce its attorneys' fees, costs, and such other relief as the Court deems appropriate.

## CROSS-CLAIM

Commerce and Industry Insurance Company ("Commerce") hereby asserts this Cross-Claim against Shaw Industries, Inc. ("Shaw").

### NATURE OF THE ACTION

1.     Commerce brings this Cross-Claim against Shaw to resolve certain insurance coverage disputes between the parties.

2.     Shaw seeks insurance coverage under potentially 16 insurance policies (the "Policies") issued by Commerce for certain underlying actions arising out of bodily injury and/or property damage caused by Shaw's carpet manufacturing and waste discharge (the "Underlying Actions"). Claimants in the Underlying Actions allege damages due to the release of toxic chemicals including per- and poly-fluoroalkyl substances ("PFAS") and related chemicals.

3.     As set forth below, there is no defense and/or indemnity coverage due under the Policies for the Underlying Actions.

### THE PARTIES

4.     Commerce is an insurance company organized and existing under the laws of New York with its principal place of business in New York.

5.     Upon information and belief, Shaw is a corporation incorporated under the laws of the State of Georgia with its principal place of business in Dalton, Georgia. Upon information and belief, Shaw is authorized to do business and does business in the State of Alabama.

### JURISDICTION AND VENUE

6.     This Court has original jurisdiction over this Cross-Claim based on 28 U.S.C. § 1332(a). This action involves a controversy between citizens of different states and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.

7.      There is complete diversity of citizenship between Commerce and Shaw as required under 28 U.S.C. § 1332(a).

8.      A case of actual controversy is presented here because Shaw seeks insurance coverage from Commerce in connection with the Underlying Actions and Commerce disputes its obligations to Shaw with respect to insurance coverage for the Underlying Actions.

9.      Venue is proper in the Northern District of Alabama under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred, and a substantial part of property that is the subject of the action is situated in Talladega County.

<u>FACTUAL BACKGROUND ON THE POLICIES</u>

10.     On information and belief, Commerce issued the following 16 Policies that are potentially at issue in this action:

| Policy No. | Policy Inception | Policy End |
|---|---|---|
| GLA6503363 | 07/01/1982 | 07/01/1983 |
| GL9890147 | 07/01/1983 | 07/01/1984 |
| GL9712990RA | 07/01/1984 | 07/01/1985 |
| GL9712066 | 07/01/1985 | 07/01/1986 |
| GL7470720RA | 07/01/1986 | 07/01/1987 |
| GL7470775RA | 07/01/1987 | 07/01/1988 |
| GL7600738RA | 07/01/1988 | 07/01/1989 |
| GL7600792RA | 07/01/1989 | 07/01/1990 |
| GL7600843RA | 07/01/1990 | 07/01/1991 |
| GL7600864RA | 07/01/1991 | 07/01/1992 |
| GL7600869RA | 07/01/1992 | 07/01/1993 |

| | | |
|---|---|---|
| GL3404920RA | 07/01/1993 | 07/01/1994 |
| GL3405910RA | 07/01/1994 | 07/01/1995 |
| GL3406537RA | 07/01/1995 | 07/01/1996 |
| GL3407423RA | 07/01/1996 | 07/01/1997 |
| GL3407490RA | 07/01/1997 | 07/01/1998 |

11.     The Policies are primary commercial general liability insurance policies.

12.     Some or all of the Policies have provisions limiting or barring coverage that are relevant in this action.  Those provisions may include but are not limited to:

      a.     provisions defining who is an insured;

      b.     provisions setting conditions precedent to coverage;

      c.     provisions requiring timely notice of an underlying claim or occurrence;

      d.     provisions barring coverage for bodily injury or property damage known prior to the policy period;

      e.     provisions limiting coverage to bodily injury or property damage that occurs during the policy period;

      f.     provisions providing coverage for an occurrence, which is defined as an accident;

      g.     provisions defining what constitutes covered bodily injury or property damage;

      h.     provisions requiring exhaustion of a deductible, self-insured retention and/or underlying limit;

i.    provisions barring coverage for equitable remedies;

j.    provisions barring coverage for punitive damages;

k.    provisions limiting coverage to the extent there is other applicable insurance;

l.    provisions setting an aggregate limit, which may have been exhausted;

m.    provisions prohibiting the stacking of aggregate limits;

n.    provisions excluding coverage for certain products manufactured by the insured;

o.    provisions excluding property damage to impaired property or property that has not been physically injured;

p.    provisions excluding coverage for expected or intended injury or damage; and

q.    provisions excluding coverage for bodily injury or property damage arising from pollution.

<u>FACTUAL BACKGROUND ON THE UNDERLYING ACTIONS</u>

13.    The Underlying Actions include:

- *Shelby County, Alabama and Talladega County, Alabama v. 3M Company, Inc., et al.*, 1:23-cv-00609-CLM in the United States District Court for the Northern District of Alabama – Eastern Division;

- *Shelby County, Alabama and Talladega County, Alabama v. 3M Company, et al.*, 61-cv-2023-900112.00 in the Circuit Court of Talladega County, Alabama;

- *The Water Works and Sewer Board of the City of Gadsden v. 3M Company, Inc., et al.*, 31-cv-2016-900676.00 in the Circuit Court of Etowah County, Alabama;

- *The Water Works and Sewer Board of the Town of Centre v. 3M Company, Inc., et al.*, 31-cv-2017-900049.00 in the Circuit Court of Cherokee County, Alabama;

- *The City of Rome, Georgia v. 3M Company, Inc., et al.*, 19-cv-02405- JFL-003, in the Superior Court of Floyd County, Georgia; and

- *Jarrod Johnson, individually and on behalf of a class of persons similarly situated v. 3M Company, et al.*, 4:20-cv-0008-AT, in the United States District Court for the Northern District of Georgia – Rome Division.

14.     The Underlying Actions involve allegations that Shaw used and continues to use PFAS in the carpet and flooring manufacturing process and that the underlying plaintiff(s) suffered damages due to the negligent, willful, and wanton conduct of Shaw, as well as the nuisance and trespass caused by Shaw's past and present release of PFAS and related chemicals.

<u>COUNT I</u>
<u>DECLARATORY JUDGMENT</u>

15.     Commerce incorporates the allegations in Paragraphs 1 through 14 above as if fully restated herein.

16.     There exists an actual controversy between Commerce and Shaw concerning whether the Policies obligate Commerce to defend or indemnify Shaw for the Underlying Actions.

17.     Commerce is entitled to a declaratory judgment that it has no duty under the Policies

to defend or indemnify Shaw for the Underlying Actions to the extent that:

a.   Shaw is not an insured entitled to coverage under the Policies;

b.   Shaw failed to satisfy certain conditions precedent to coverage;

c.   Shaw failed to provide timely notice of an occurrence that gave rise to the Underlying Actions;

d.   Shaw has prior knowledge of the bodily injury and/or property damage at issue in the Underlying Actions;

e.   Shaw seeks coverage for bodily injury and/or property damage that occurred outside of the Policies' policy periods;

f.   the manufacture of products containing PFAS was not an accident and thus not an occurrence for which there is coverage under the Policies;

g.   the exposure to or contamination from PFAS does not constitute covered bodily injury or property damage;

h.   Shaw failed to exhaust the required deductible, self-insured retention, and/or underlying limit;

i.   Shaw seeks coverage for equitable remedies at issue in the Underlying Actions;

j.   Shaw seeks coverage for punitive damages at issue in the Underlying Actions;

k.   Shaw has other valid and collectible insurance;

l.   the Policies' aggregate limits have already been or will be exhausted;

m.   the Policies prohibit the stacking of aggregate limits;

n.   the Policies exclude coverage for certain products manufactured by the

insured;

o.    the Policies exclude coverage for property damage to impaired property or property that has not been physically injured;

p.    the Policies exclude coverage for expected or intended bodily injury or property damage; and

q.    the Policies exclude coverage for bodily injury or property damage arising from pollution.

<u>PRAYER FOR RELIEF</u>

WHEREFORE, Commerce prays as follows:

1.    That the Court determine and declare the parties' respective rights and duties under all of the Policies and declare that Commerce has no obligation to defend or indemnify Shaw under the Policies for the Underlying Actions.

2.    For Commerce's reasonable attorneys' fees, costs, and expenses of this action; and

3.    For such other and further relief that this Court deems just and proper.

Dated:  December 14, 2023

Respectfully submitted,

ALSTON & BIRD LLP

*/s/ Hirshel M. Hall*
Hirshel M. Hall (Alabama Bar No. 5056H30I)
Tejas Patel (admitted *pro hac vice*)
1201 West Peachtree Street, Suite 4900
Atlanta, GA 30309
hirshel.hall@alston.com
tejas.patel@alston.com
(404) 881-7000

Adam J. Kaiser (admitted *pro hac vice*)
Alexander S. Lorenzo (admitted *pro hac vice*)
Matthew B. Byers (*pro hac vice* forthcoming)
90 Park Avenue, 15th Floor
New York, NY 10016
adam.kaiser@alston.com
alexander.lorenzo@alston.com
matt.byers@alston.com
(212) 210-9400

Michael A. Valerio (admitted *pro hac vice*)
950 F Street, NW
Washington, DC 20004
michael.valerio@alston.com
(202) 239-3300

*Counsel for Nominal Defendant and Cross-Claim Plaintiff Commerce and Industry Insurance Company*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on December 14, 2023, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will automatically send electronic notification of such filing to counsel of record.

<u>/s/ Hirshel M. Hall</u>
Hirshel M. Hall (Alabama Bar No. 5056H30I)
ALSTON & BIRD LLP
1201 West Peachtree Street, Suite 4900
Atlanta, GA 30309
hirshel.hall@alston.com
(404) 881-7000

*Counsel for Nominal Defendant and Cross-Claim Plaintiff Commerce and Industry Insurance Company*