**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION**

| | |
|---|---|
| FEDERAL INSURANCE COMPANY, PACIFIC EMPLOYERS INSURANCE COMPANY, ACE AMERICAN INSURANCE COMPANY, ACE PROPERTY AND CASUALTY INSURANCE COMPANY, INDEMNITY INSURANCE COMPANY OF NORTH AMERICA, and WESTCHESTER FIRE INSURANCE COMPANY, | |
| Plaintiffs, | |
| v. | CIVIL ACTION NO. 1:23-cv-01367-RDP **OPPOSED** |
| SHAW INDUSTRIES, INC., | |
| Defendant | |
| and | |
| COMMERCE & INDUSTRY INSURANCE COMPANY; FIREMAN'S FUND INSURANCE COMPANY; FIRST STATE INSURANCE COMPANY; EMPLOYERS MUTUAL LIABILITY INSURANCE COMPANY; GREAT AMERICAN INSURANCE COMPANY; U.S. FIRE INSURANCE COMPANY; TRAVELERS CASUALTY AND SURETY COMPANY; WESTPORT INSURANCE CORPORATION f/k/a PURITAN INSURANCE COMPANY; JOHN DOE INSURERS 1-100; | |
| Nominal Defendants. | |

**DEFENDANT SHAW INDUSTRIES, INC.'S
MOTION TO TRANSFER VENUE UNDER 28. U.S.C. § 1404(a)**

Defendant Shaw Industries, Inc. ("Shaw") moves to transfer venue under 28 U.S.C. §

1404(a) and Fed. R. Civ. P. 12(b)(3) to the United States District Court for the Northern District

of Georgia. Counsel for Shaw has conferred with counsel for Plaintiffs and is informed that Plaintiffs oppose a transfer to the Northern District of Georgia.

## INTRODUCTION

This action for declaratory judgment arises out of several underlying lawsuits brought on behalf of municipal entities, utility authorities, and individuals seeking damages from Shaw and various other defendants for alleged environmental contamination.  Plaintiffs in this action—some of Shaw's insurers—ask this Court to allow them to skirt insurance coverage obligations they owe Shaw for those underlying lawsuits.

Plaintiffs filed suit in the United States District Court for the Northern District of Alabama even though the Northern District of Georgia is the more appropriate forum.  While courts normally afford deference to a plaintiff's choice of venue, the facts here overwhelmingly favor transfer to the Northern District of Georgia.  As a result, and as explained in more detail below, the location of witnesses and evidence and the interests of justice favor transfer of this action to the United States District Court for the Northern District of Georgia.

## ARGUMENT

**I.      THIS ACTION SHOULD BE TRANSFERRED TO THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF GEORGIA.**

District courts have "broad discretion in deciding whether to transfer an action to a more convenient forum."  *A.J. Taft Coal Co., Inc. v. Barnhart*, 291 F. Supp.2d 1290, 1307 (N.D. Ala. 2003) (quoting *Johnston v. Foster-Wheeler Constructors, Inc.*, 158 F.R.D. 496, 503 (M.D. Ala. 1994)).  Because this insurance dispute would be more appropriately heard in the Northern District of Georgia, transfer is appropriate.

When deciding whether to grant a motion to transfer venue, courts employ a two-step analysis. *Click v. Mercedes-Benz US International, Inc.*, 609 F. Supp. 3d 1256, 1258 (N.D. Ala. 2022)

(quoting *Cook v. Publix Supermarkets, Inc.*, 2020 WL 13157798, at *1 (N.D. Ala. Apr. 24, 2020)).
First, the Court must determine whether this action could have been brought in the proposed trans-
feree forum.  *See Barnhart*, 291 F.Supp.2d at 1307 ("For the convenience of the parties and wit-
nesses, in the interest of justice, a district court may transfer any civil action to any other district
court or division where it might have been brought.") (citing 28 U.S.C. § 1404(a)).

Second—assuming the action could have been brought in the proposed transferee forum—
this Court must balance nine factors to decide whether transfer is appropriate: (1) the convenience
of the witnesses; (2) the location of relevant documents and the relative ease of access to sources
of proof; (3) the convenience of the parties; (4) the locus of operative facts; (5) the availability of
process to compel the attendance of unwilling witnesses; (6) the relative means of the parties; (7)
a forum's familiarity with the governing law; (8) the weight accorded a plaintiff's choice of forum;
and (9) trial efficiency and the interests of justice, based on the totality of the circumstances.  *Ma-
nuel v. Convergys Corp.*, 430 F.3d 1132, 1135 n.1 (11th Cir. 2005).

### A.    Plaintiffs could have (and should have) brought this case in the Northern District of Georgia.

This Court must first determine whether this action could have been brought in the North-
ern District of Georgia—Shaw's proposed transferee court.  A matter "could have been brought"
in a forum where both (1) venue is proper and (2) the court has jurisdiction over the subject-matter
and parties.  *See Watson v. Earthbound Holding, LLC*, 2012 WL 3775760, at *2 (N.D. Ala. Aug.
27, 2012) ("Therefore, the court must not only verify that venue would have been proper . . . but
also, whether jurisdiction exists in that court.").

Venue is proper in the Northern District of Georgia under both 28 U.S.C. § 1391(b)(1) and
(b)(2), as Shaw's principal place of business is in Whitfield County in the Northern District of
Georgia and a substantial part of the events giving rise to Plaintiffs' claims occurred in the

Northern District of Georgia.  (Doc. 1, ¶¶ 10, 39–45); *see* Ex. 1, Declaration of Bill Whitmire, ¶ 4.  Likewise, the Northern District of Georgia would also have subject matter jurisdiction.  If this case could have been brought in the Northern District of Alabama, it could have also been brought in the Northern District of Georgia.

> **B.     The convenience and availability of witnesses favor transfer to the Northern District of Georgia.**

Because the two are difficult to distinguish, courts typically analyze the first factor (convenience of the witnesses) and fifth factor (the availability of process to compel the attendance of unwilling witnesses) together. *See Watson*, 2012 WL 3775760, at *4 ("Next, the court addresses the overall convenience of the witnesses likely to testify in this case and to what extent this court or the transferee court may compel the attendance of any unwilling witnesses."). Convenience of the witnesses is "the 'most important factor' in deciding whether to transfer."  *Dye v. Mag Instrument, Inc.*, 2010 WL 11615034, at *3 (N.D. Ala. Oct. 28, 2010) (quoting *Gould v. National Life Ins. Co.*, 990 F. Supp. 1354, 1359 (M.D. Ala. 1998)); *see also Ellis v. Whirlpool Corp.*, 2007 WL 4706908, at *1 (N.D. Ala. Nov. 27, 2007) (convenience of the witnesses is one of the "pivotal factors" in deciding a motion to transfer venue). Convenience of key non-party witnesses is especially vital. *See Chambers v. Merrill Lynch & Co., Inc.*, 2010 WL 11565361, at *4 (N.D. Ala. Sep. 3, 2010) ("[I]n determining convenience, the question is who are the 'key witnesses'").

Here, both the convenience of witnesses and the availability of process to compel witnesses weigh heavily in favor of transfer to the Northern District of Georgia.  First, because Shaw is incorporated and headquartered in the Northern District of Georgia, any current or former employees who may serve as witnesses will likely be residents of the Northern District of Georgia too. *See Watson*, 2012 WL 3775760, at *4 (that defendants' employees and likely witnesses lived in Texas meant "convenience and availability of the witnesses weigh[ed] in favor of transfer" to

Texas); *see also Gould*, 990 F. Supp. 1354 at 1359 (that retired employees of company lived in the proposed transferee forum weighed in favor of transfer); *see also Fox v. Tyson Foods, Inc.*, 2007 WL 9711493, at *3–4 (N.D. Ala. Jan. 16, 2007) ("[a] matter of key importance is that primary witnesses . . . reside in the proposed transferee districts").

Second, Dalton Utilities—a key non-party witness in this matter—is also located in the Northern District of Georgia.[1]   A critical issue in this insurance coverage dispute is Shaw and Dalton Utilities' historic wastewater disposal processes. (Doc. 1, ¶¶ 39–43). Thus, Dalton Utilities is a key witness, and its convenience should be given significant consideration. *See Chambers*, 2010 WL 11565361, at *4. Third, because its testimony is crucial to the outcome, this action is best brought in a forum where Dalton Utilities can be compelled to testify via the court's subpoena power. *See Gould*, 990 F. Supp. 1354 at 1359 (transfer to forum where key witnesses resided was "especially important given that [transferor forum] would be unable to compel the attendance of those persons."). Thus, both the convenience of witnesses and the availability of process to compel witnesses favor transfer to the Northern District of Georgia.

## C.   The location of Shaw's documents favors transfer to the Northern District of Georgia.

When documents and records related to litigation are "retained primarily at defendants' headquarters" in the proposed transferee forum, transfer is preferable.  *Harper v. American Airlines, Inc.*, 2009 WL 1605800, at *4 (N.D. Ala. May 18, 2009); *see also Chambers*, 2010 WL 11565361, at *4 (documents retained mainly at defendants' offices in transferee forum weighed in favor of transfer). Transfer to the forum where documents are located is especially important where relevant documents are unavailable electronically.  *See Dye*, 2010 WL 11615034, at *5 (where

---

[1] Dalton Utilities is a municipal utility located in the City of Dalton, Georgia. *See* Ex. 1, Whitmire Decl., ¶ 9.

relevant documents "are not already in digital format," the location of relevant documents and sources of proof "is an appropriate factor for the court to consider, and … weighs in favor of transferring"); *see also Chambers*, 2010 WL 11565361, at *4 (transportation or copy of physical documents poses a burden that supports transfer); *Gould*, 990 F. Supp. at 1359 (difficulty to copy documents and transfer them to Alabama weighed in favor of transfer to forum where documents were located).

Here, as Shaw is incorporated in Georgia and has its principal place of business in Dalton, Georgia, any relevant documents in Shaw's control—including all insurance policies issued to Shaw—are in Georgia as well. *See* Ex. 1, Whitmire Decl., ¶ 11; *U.S. ex re. Elder v. DRS Technologies, Inc.*, 2012 WL3151171, at *4 (majority of defendants' documents in Virginia weighed in favor of transfer from Northern District of Alabama to Eastern District of Virginia). As reflected in Plaintiffs' Complaint for Declaratory Judgment, many of the facts at issue in this dispute go back over 70 years, predating electronic records. Transporting Shaw's documents from the Northern District of Georgia to the Northern District of Alabama would cause unnecessary burden and expense. *See Chambers*, 2010 WL 11565361, at *4. Thus, the location of relevant documents factor supports transfer to the Northern District of Georgia.

**D.      The convenience of the parties favors transfer to the Northern District of Georgia.**

Transfer is inappropriate where it "merely shift[s] inconvenience from the defendant to the plaintiff." *Robinson v. Giamarco & Bill, P.C.*, 74 F.3d 253, 260 (11th Cir. 1996). Here, however, transfer would convenience Shaw without inconveniencing the Plaintiffs. As shown above, Shaw's witnesses and documents are in the Northern District of Georgia, and Shaw itself is incorporated and located in the Northern District of Georgia. (Doc. 1, ¶ 10); *see also Dye*, 2010 WL 11615034, at *4 (defendant's corporate officers residing in the transferee forum favors transfer)

(citing *Gould*, 990 F.Supp. at 1359).  Plaintiffs filed this action in the Northern District of Alabama, but none of them are citizens of Alabama, let alone the Northern District of Alabama.  Rather, Plaintiffs are citizens of Pennsylvania, Indiana, and New Jersey. (Doc.1, ¶¶ 4-9). While travel time to and from the forum can be a factor in determining the convenience of that forum—*see Click*, 609 F.Supp.3d at 1261—the travel difference for out-of-state plaintiffs to the Northern District of Alabama versus the Northern District of Georgia is negligible. Thus, because the Northern District of Georgia is more convenient for Shaw and no less convenient for any plaintiff, this factor favors transfer to the Northern District of Georgia.

**D.      The locus of operative facts favors transfer to the Northern District of Georgia.**

A case should be transferred when the "operative decision giving rise" to a lawsuit occurred in the proposed transferee forum.  *Barnhart*, 291 F.Supp.2d at 1311.  The operative decisions here took place in the Northern District of Georgia. Shaw's alleged use of PFAS and disposal of wastewater and other waste occurred within the Northern District of Georgia. Though the alleged contamination may have flowed into the Northern District of Alabama, no operative decisions were made there. *See* Ex. 1, Whitmire Decl., ¶¶ 6-8; *Watson*, 2012 WL 3775760, at *3-4 (though plaintiff was terminated from a job in Alabama, the decision to terminate him was made in Texas, supporting transfer to forum in Texas). This factor supports transfer to the Northern District of Georgia.

**E.      The forum's familiarity with the governing law favors transfer to the Northern District of Georgia.**

Both Alabama and Georgia follow the traditional rule of *lex loci contractus*, meaning that "contracts are governed by the law of the place where they were 'made,' and an insurance contract is 'made' where it was delivered." *McGill v. American Trucking and Transportation, Ins. Co.*, 77

F. Supp. 2d 1261, 1264 (N.D. Ga. 2015); *see also Lifestar Response of Ala., Inc. v. Admiral Ins. Co.*, 17 So. 3d 200 (Ala. 2009). However, some courts applying Alabama law have broken from the *lex loci contractus* standard and have instead held that a court must apply the laws of the state where "receipt and acceptance" of an insurance policy occurred. *See American Motorists Ins. Co. v. Southern Security Life Ins. Co.*, 80 F.Supp.2d 1280, 1282 (M.D. Ala. 2000). Here, each of the policies was delivered, received, and accepted in Georgia. *See* Ex. 1, Whitmire Decl., ¶ 10. Therefore, whether or not this Court looks to *lex loci contractus* or the "receipt and acceptance" standard, the result remains the same—Georgia law applies.

Courts in this Circuit have routinely held that when a federal court is "at home with the state law that must govern the case," it is a more appropriate forum than a federal court in a different state. *Liberty Nat. Life Ins. Co. v. SunTrust Bank*, 2012 WL 3849615, at *9 (N.D. Ala. Sep. 5, 2012); *see also Wamstad v. Haley Const. Inc.*, 2009 WL 1855841, at *3 (S.D. Ala. Jun. 29, 2009) ("no doubt a Florida district court would be more familiar" with Florida law than the Southern District of Alabama); *Harris v. Lawson*, 2008 WL 4003999, at *4 (M.D. Ga. Aug. 27, 2008) (Georgia federal court would be more familiar with Georgia law than a Florida federal court). Because the policies at issue here will be interpreted under Georgia law, the Northern District of Georgia would be a more appropriate forum than the Northern District of Alabama. This factor also supports transfer to the Northern District of Georgia.

**F.    Trial efficiency and the interest of justice favor transfer to the Northern District of Georgia.**

Trial efficiency and the interest of justice is a catch-all factor "based on the totality of the circumstances"), which is "inextricably intertwined with the first through fifth and seventh factors." *Chambers*, 2010 WL11565361, at *7; *Miller v. Bank*, 2012 WL 12893856, at *2 (N.D. Ala. Jul. 25, 2012). This Court has often interpreted trial efficiency and the interest of justice to be a

summary of its analysis of the other venue transfer factors. *See Phillips v. Churchill Capital Corporation IV*, 2021 WL 11628687, at *3 (N.D. Ala. Dec. 1, 2021) (transfer to the forum near witnesses and relevant documents promoted trial efficiency and the interest of justice); *Chambers*, 2010 WL 11565361, at *7 (the "convenience of having the trial of a diversity case in a forum that coincides with the governing substantive law weighs in favor of transferring venue"); *Yaeger v. Wyndham Vacation Resorts, Inc.*, 2013 WL 12251716, at *4 (N.D. Ala. Aug. 12, 2013) (transfer to Florida forum promoted trial efficiency and the interests of justice because "most of the factors point[ed] directly in favor of a Florida forum"). As Shaw has shown, each of the above factors weighs heavily in favor of transfer, including—but not limited to—the location of witnesses, the location of documents, the convenience of the parties, and the Northern District of Georgia's familiarity with Georgia law.

### G.     The weight accorded to Plaintiffs' choice of forum should be minimal.

Generally, a plaintiff's choice of forum should not be disturbed unless it is clearly outweighed by other considerations. *Robinson*, 74 F.3d at 260. But a plaintiff's choice of forum is "entitled less deference" when "the operative facts underlying the cause of action did not occur within the forum chosen by the Plaintiff." *Barnhart*, 291 F.Supp.2d at 1310 (quoting *Gould*, 990 F. Supp. at 1358). Further, a plaintiff's choice of forum may be given less weight when the plaintiff itself is not a citizen of the forum. *Swisher v. Nissan Motor Acceptance Company, LLC*, 2022 WL 17169603, at *3 (N.D. Ala. Nov. 21, 2022) (citing *Combs v. Fla. Dep't of Corrections*, 461 F. Supp. 3d 1204, 1214 (N.D. Fla. 2020); *see also Goodson v. Cintas Corp. No. 2*, 2021 WL4844208, at *3 (N.D. Ala. Oct. 18, 2021) (Northern District of Alabama was "entitled less weight because none of the parties reside" there). Thus, because the locus of operative facts is in the Northern

District of Georgia and none of the Plaintiffs (or Defendants) reside in the Northern District of Alabama, the deference accorded Plaintiffs' choice of forum should be minimal.

## **CONCLUSION**

In summary, this action should be transferred to the Northern District of Georgia.

Respectfully submitted, this 21st day of December, 2023.

/s/ Brannon J. Buck
Brannon J. Buck (ASB-5848-K56B)
Christopher B. Driver (ASB-9178-G39B)
BADHAM & BUCK, LLC
2001 Park Place North, Ste. 500 Birmingham, Alabama 35203
(205) 521-0036 (Phone)
(205) 521-0037 (Facsimile)
bbuck@badhambuck.com
cdriver@badhambuck.com

Shattuck Ely (Georgia Bar No. 246944)
*Pro Hac Vice Application To Be Filed
Jacob Weiss (Georgia Bar No. 303709)
*Pro Hac Vice Application To Be Filed
FELLOWS LABRIOLA LLP
Suite 2400, Harris Tower
233 Peachtree Street, NE
Atlanta, Georgia  30303
(404) 586-9200 (Phone)
tely@fellab.com
jweiss@fellab.com

*Counsel for Shaw Industries, Inc.*

**CERTIFICATE OF SERVICE**

This is to certify that on this day I served the foregoing by using the Court's CM/ECF system, which will send notice of the filing to all counsel authorized to receive it.

This 21st day of December, 2023.

/s/ Brannon J. Buck