

FILED
2024 Jan-10 PM 06:05
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## EASTERN DIVISION

| | |
|---|---|
| **FEDERAL INSURANCE COMPANY, PACIFIC EMPLOYERS INSURANCE COMPANY, ACE AMERICAN INSURANCE COMPANY, ACE PROPERTY AND CASUALTY INSURANCE COMPANY, INDEMNITY INSURANCE COMPANY OF NORTH AMERICA, and WESTCHESTER FIRE INSURANCE COMPANY,** | ) ) ) ) ) ) ) ) ) ) |
| **Plaintiffs,** | ) ) |
| **v.** | ) **CASE NO.: 1:23-cv-01367-RDP** ) |
| **SHAW INDUSTRIES, INC.,** | ) ) |
| **Defendant,** | ) ) |
| **and** | ) ) |
| **COMMERCE & INDUSTRY INSURANCE COMPANY; FIREMAN'S FUND INSURANCE COMPANY; FIRST STATE INSURANCE COMPANY; EMPLOYERS MUTUAL LIABILITY INSURANCE COMPANY; GREAT AMERICAN INSURANCE COMPANY; U.S. FIRE INSURANCE COMPANY; TRAVELERS CASUALTY AND SURETY COMPANY; WESTPORT INSURANCE CORPORATION f/k/a PURITAN INSURANCE COMPANY; JOHN DOE INSURERS;** | ) ) ) ) ) ) ) ) ) ) ) ) ) ) |
| **Nominal Defendants.** | ) |

## TRAVELERS CASUALTY AND SURETY COMPANY F/K/A THE AETNA CASUALTY AND SURETY COMPANY'S ANSWER TO FIRST AMENDED COMPLAINT FOR DECLARATORY JUDGMENT

COMES NOW Defendant Travelers Casualty and Surety Company f/k/a The Aetna Casualty and Surety Company ("Travelers"),[1] and answers Plaintiffs' First Amended Complaint ("Amended Complaint") as follows:

## I.   <u>INTRODUCTION</u>

1.     The allegations in Paragraph 1 of Plaintiffs' Amended Complaint set forth Plaintiffs' characterization of this action and do not require a response from Travelers.

2.     Paragraph 2 of Plaintiffs' Amended Complaint contains no allegations against Travelers and does not require a response from Travelers. To the extent that a response is deemed required, Travelers is without sufficient information to admit or deny the allegations in Paragraph 2 of Plaintiffs' Amended Complaint.

3.     Paragraph 3 of Plaintiffs' Amended Complaint contains no allegations against Travelers and does not require a response from Travelers. To the extent that a response is deemed required, Travelers is without sufficient information to admit or deny the allegations in Paragraph 3 of Plaintiffs' Amended Complaint.

## II.   <u>THE PARTIES</u>

4.     Travelers is without sufficient information to admit or deny the allegations in Paragraph 4 of Plaintiffs' Amended Complaint.

5.     Travelers is without sufficient information to admit or deny the allegations in Paragraph 5 of Plaintiffs' Amended Complaint.

6.     Travelers is without sufficient information to admit or deny the allegations in Paragraph 6 of Plaintiffs' Amended Complaint.

---

[1]  Travelers Casualty and Surety Company f/k/a The Aetna Casualty and Surety Company is improperly named as "Travelers Casualty and Surety Company" in Plaintiffs' Amended Complaint. Travelers Casualty and Surety Company f/k/a The Aetna Casualty and Surety Company reserves all rights in this regard.

7.      Travelers is without sufficient information to admit or deny the allegations in Paragraph 7 of Plaintiffs' Amended Complaint.

8.      Travelers is without sufficient information to admit or deny the allegations in Paragraph 8 of Plaintiffs' Amended Complaint.

9.      Travelers is without sufficient information to admit or deny the allegations in Paragraph 9 of Plaintiffs' Amended Complaint.

10.      Travelers is without sufficient information to admit or deny the allegations in Paragraph 10 of Plaintiffs' Amended Complaint.

11.      Travelers is without sufficient information to admit or deny the allegations in Paragraph 11 of Plaintiffs' Amended Complaint.

12.      Paragraph 12 of Plaintiffs' Amended Complaint includes no allegations and does not require a response from Travelers.

13.      Travelers is without sufficient information to admit or deny the allegations in Paragraph 13 of Plaintiffs' Amended Complaint.

14.      Travelers is without sufficient information to admit or deny the allegations in Paragraph 14 of Plaintiffs' Amended Complaint.

15.      Travelers is without sufficient information to admit or deny the allegations in Paragraph 15 of Plaintiffs' Amended Complaint.

16.      Paragraph 16 of Plaintiffs' Amended Complaint includes no allegations and does not require a response from Travelers.

17.      Travelers admits the allegations contained in the first sentence of Paragraph 17. Travelers further admits that The Aetna Casualty and Surety Company n/k/a Travelers Casualty and Surety Company issued certain insurance policies to Shaw Industries, Inc. ("Shaw"), including

the policies referenced under "Travelers Casualty and Surety Company" and "Travelers" on Exhibit B to Plaintiffs' Amended Complaint (the "Travelers Policies").[2] Travelers states that the Travelers Policies speak for themselves. To the extent the allegations of Paragraph 17 of Plaintiffs' Amended Complaint are inconsistent with the Travelers Policies, such allegations are denied.

18.     Travelers is without sufficient information to admit or deny the allegations in Paragraph 18 of Plaintiffs' Amended Complaint.

19.     Travelers is without sufficient information to admit or deny the allegations in Paragraph 19 of Plaintiffs' Amended Complaint.

### III.     <u>JURISDICTION AND VENUE</u>

20.     The allegations in Paragraph 20 of Plaintiffs' Amended Complaint constitute legal conclusions and do not require a response from Travelers. To the extent that a response is deemed required, Travelers is without sufficient information to admit or deny the allegations in Paragraph 20 of Plaintiffs' Amended Complaint.

21.     The allegations in Paragraph 21 of Plaintiffs' Amended Complaint constitute legal conclusions and do not require a response from Travelers. To the extent that a response is deemed required, Travelers is without sufficient information to admit or deny the allegations in Paragraph 21 of Plaintiffs' Amended Complaint.

22.     The allegations in Paragraph 22 of Plaintiffs' Amended Complaint constitute legal conclusions and do not require a response from Travelers. To the extent that a response is deemed required, Travelers is without sufficient information to admit or deny the allegations in Paragraph 22 of Plaintiffs' Amended Complaint.

---

[2] Exhibit B to Plaintiffs' Amended Complaint incorrectly lists the policy number for the "Travelers" 1979-1980 policy. The Aetna Casualty and Surety Company n/k/a Travelers Casualty and Surety Company issued policy number 11 GL 1226 SCA with a policy period of 07/01/1979-07/01/1980 to Shaw Industries, Inc.

23.     The first sentence in Paragraph 23 of Plaintiffs' Amended Complaint constitutes a legal conclusion and does not require a response from Travelers. To the extent that a response is deemed required, Travelers is without sufficient information to admit or deny the allegations in the first sentence in Paragraph 23 of Plaintiffs' Amended Complaint. Answering further, Travelers is without sufficient information to admit or deny the remaining allegations in Paragraph 23 of Plaintiffs' Amended Complaint.

24.     The allegations in Paragraph 24 of Plaintiffs' Amended Complaint constitute legal conclusions and do not require a response from Travelers. To the extent that a response is deemed required, Travelers is without sufficient information to admit or deny the allegations in Paragraph 24 of Plaintiffs' Amended Complaint.

25.     The allegations in Paragraph 25 of Plaintiffs' Amended Complaint constitute legal conclusions and do not require a response from Travelers. To the extent that a response is deemed required, Travelers is without sufficient information to admit or deny the allegations in Paragraph 25 of Plaintiffs' Amended Complaint.

## IV.    FACTS AND BACKGROUND

26.-69.     The allegations in Paragraphs 26-69 of Plaintiffs' Amended Complaint are not directed at Travelers and do not require a response from Travelers. To the extent that a response is deemed required, Travelers is without sufficient information to admit or deny the allegations in Paragraphs 26-69 of Plaintiffs' Amended Complaint.

## V.    THE POLICIES ISSUED BY FEDERAL

70.-84.     The allegations in Paragraphs 70-84 of Plaintiffs' Amended Complaint are not directed at Travelers and do not require a response from Travelers. To the extent that a response is deemed required, Travelers is without sufficient information to admit or deny the allegations in

Paragraphs 70-84 of Plaintiffs' Amended Complaint. Answering further, Travelers states that the policies issued by Federal (as defined in Plaintiffs' Amended Complaint) and the Additional Plaintiff Insurers (as defined in Plaintiffs' Amended Complaint) speak for themselves. To the extent the allegations of Paragraphs 70-84 of Plaintiffs' Amended Complaint are inconsistent with those policies, such allegations are denied.

## VI.   THE POLICIES ISSUED BY DEFENDANT INSURERS

85.     Travelers admits that The Aetna Casualty and Surety Company n/k/a Travelers Casualty and Surety Company issued the Travelers Policies. Travelers is without sufficient information to admit or deny the remaining allegations in Paragraph 85 of Plaintiffs' Amended Complaint.

86.     Travelers states that the terms of the Travelers Policies speak for themselves. To the extent that the allegations in Paragraph 86 of Plaintiffs' Amended Complaint are inconsistent with the Travelers Policies, such allegations are denied. Travelers is without sufficient information to admit or deny the remaining allegations in Paragraph 86 of Plaintiffs' Amended Complaint.

87.     Travelers states that the terms of the Travelers Policies speak for themselves. To the extent that the allegations in Paragraph 87 of Plaintiffs' Amended Complaint are inconsistent with the Travelers Policies, such allegations are denied. Answering further, Travelers admits that Shaw notified it of certain Underlying Actions.

88.     To the extent the allegations of Paragraph 88 relate to Travelers, Travelers admits the allegations of Paragraph 88. Travelers is without sufficient information to admit or deny the remaining allegations in Paragraph 88 of Plaintiffs' Amended Complaint.

89.     To the extent the allegations of Paragraph 89 relate to Travelers, Travelers denies the allegations of Paragraph 89. Travelers is without sufficient information to admit or deny the remaining allegations in Paragraph 89 of Plaintiffs' Amended Complaint.

90.      To the extent the allegations of Paragraph 90 relate to Travelers, Travelers denies the allegations of Paragraph 90. Travelers is without sufficient information to admit or deny the remaining allegations in Paragraph 90 of Plaintiffs' Amended Complaint.

## COUNT I

### (Declaratory Judgment as to Shaw)

91.     Travelers incorporates its responses to each and every allegation of the preceding paragraphs as if fully set forth herein.

92.-98.     The allegations in Paragraphs 92-98 of Plaintiffs' Amended Complaint are not directed at Travelers and do not require a response from Travelers.

## COUNT II

### (In the Alternative, Declaratory Judgment as to the Defendant Insurers)

99.     Travelers incorporates its responses to each and every allegation of the preceding paragraphs as if fully set forth herein.

100.     Travelers states that the terms of the Travelers Policies speak for themselves. To the extent that the allegations in Paragraph 100 of Plaintiffs' Amended Complaint are inconsistent with the Travelers Policies, such allegations are denied. Travelers is without sufficient information to admit or deny the remaining allegations in Paragraph 100 of Plaintiffs' Amended Complaint.

101.     Travelers states that the terms of the Travelers Policies speak for themselves. To the extent that the allegations in Paragraph 101 of Plaintiffs' Amended Complaint are inconsistent with the Travelers Policies, such allegations are denied. Answering further, Travelers admits that

Shaw notified it of certain Underlying Actions but lacks sufficient information to admit or deny the remaining allegations in Paragraph 101 of Plaintiffs' Amended Complaint.

102.     Travelers denies the allegations and request for relief in Paragraph 102 of Plaintiffs' Amended Complaint as they relate to Travelers.

Travelers denies the requests for relief contained in the section following Paragraph 102 of Plaintiffs' Amended Complaint as they relate to Travelers.

## AFFIRMATIVE DEFENSES

Discovery and investigation may reveal that any one or more of the following defenses should be available to Travelers in this matter. Travelers therefore asserts said defenses to preserve the right to assert them. Upon completion of discovery, and if the facts warrant, Travelers may withdraw any of these defenses as may be appropriate. Travelers reserves the right to amend this answer. Further answering, and by way of defense and affirmative defense, Travelers states as follows:

## FIRST DEFENSE

The Amended Complaint fails to state a claim against Travelers upon which relief may be granted.

## SECOND DEFENSE

Plaintiffs' claims against Travelers are barred to the extent the claims are unripe or non-justiciable.

## THIRD DEFENSE

Plaintiffs' claims against Travelers are barred (or alternatively reduced) to the extent that the insureds' claims exceed the applicable and available limits of liability, if any, and/or aggregate limits of the Travelers Policies.

## FOURTH DEFENSE

Travelers duty to indemnify the insured under the Travelers Policies, if any, is subject to the applicable deductibles, retentions, retrospective premiums and the limits of liability contained in the Travelers Policies.

## FIFTH DEFENSE

To the extent that the Travelers Policies have a duty to indemnify the insured, that obligation is subject to the proper allocation and/or offset of such indemnity costs with all other insurers and to the insured.

## SIXTH DEFENSE

Any claimed coverage under the Travelers Policies may be precluded or limited by the existence of other insurance or self-insurance.

## SEVENTH DEFENSE

Travelers denies each and every material allegation of Plaintiffs' Amended Complaint as it relates to Travelers, and demands strict proof thereof.

## EIGHTH DEFENSE

Travelers asserts the affirmative defenses of waiver and estoppel.

## NINTH DEFENSE

Travelers asserts the affirmative defense of laches.

## TENTH DEFENSE

Travelers asserts that Plaintiffs' cause of action is barred by the doctrines of res judicata and/or collateral estoppel.

## ELEVENTH DEFENSE

This defendant asserts that Plaintiffs' cause of action is barred by the applicable statute of

limitations.

**TWELFTH DEFENSE**

Travelers asserts that Plaintiffs and/or the insured did not comply with a duty under the law to mitigate.

**THIRTEENTH DEFENSE**

This defendant pleads the defense of setoff.

**FOURTEENTH DEFENSE**

Travelers pleads the defense of payment.

**FIFTEENTH DEFENSE**

Plaintiffs failed to join a necessary party or parties under Rule 19 of the Federal Rules of Civil Procedure.

**SIXTEENTH DEFENSE**

Travelers asserts all policy defenses under the Travelers Policies and applicable law including, but not limited to, that the insuring agreement of the policies have not been met, the conditions precedent under the policies have not been met, and/or the claims are excluded under the policies.

**SEVENTEENTH DEFENSE**

Travelers asserts that the Travelers Policies do not cover any obligation of Shaw to pay damages other than to third parties for injury to or destruction of tangible property.

**EIGHTEENTH DEFENSE**

Travelers asserts that coverage does not apply to punitive or exemplary damages, fines, or penalties sought or recovered by the plaintiffs in the underlying litigation.

## NINETEENTH DEFENSE

Travelers asserts that coverage does not apply to any property damage which takes place or is suffered prior and/or subsequent to the effective dates of the Travelers Policies.

## TWENTIETH DEFENSE

Travelers asserts that coverage does not apply to any injury or destruction of property unless caused by an "occurrence" as that term is defined in the Travelers Policies.

## TWENTY-FIRST DEFENSE

Travelers asserts that coverage does not apply to the liability of any individual(s) or organization(s) not described as a named insured or an insured in the Travelers Policies.

## TWENTY-SECOND DEFENSE

Travelers asserts that coverage does not apply to bodily injury or property damages arising out of the discharge, dispersal, release, or escape of smoke, vapors, soot, fumes, acids, alkalis, toxic chemicals, liquids or gases, waste materials or other irritants, contaminants or pollutants into or upon the land, the atmosphere or any water course of body of water, unless said discharge, dispersal, release, or escape is sudden and accidental.

## TWENTY-THIRD DEFENSE

Travelers asserts that coverage does not apply where Shaw failed or fails to provide notice to or cooperate with Travelers, or if Shaw impairs Travelers' contribution or other insurance or subrogation rights in accordance with the conditions of the Travelers Policies and/or applicable law.

## TWENTY-FOURTH DEFENSE

Travelers asserts that coverage does not apply to payments made, obligations assumed or expenses incurred voluntarily by Shaw or without Travelers' knowledge and consent, nor to any

pre-tender costs.

## TWENTY-FIFTH DEFENSE

Plaintiffs' claims are barred to the extent that the applicable limits of the Travelers Policies

have been exhausted or impaired by payment of prior claims, judgments, or settlements.

Respectfully Submitted,

s/ *Joel S. Isenberg*

Joel S. Isenberg (ASB-8855-N76J)
Rob E. Norton (ASB-6568-E59N)
Counsel for Travelers Casualty and Surety
Company f/k/a The Aetna Casualty and
Surety Company

**OF COUNSEL:**
ELY & ISENBERG, LLC.
3500 Blue Lake Drive
Suite 345
Birmingham, AL 35243
Telephone: (205) 313-1200
Facsimile (205) 313-1201
JIsenberg@elylawllc.com
RNorton@elylawllc.com

## CERTIFICATE OF SERVICE

I do hereby certify that a true and accurate copy of the foregoing has been served on all

parties of record via the CM/ECF electronic filing system and/or U.S. Mail on this the 10th day of

January, 2024.

John W. Johnson, II
CHRISTIAN & SMALL, LLP
505 North 20th Street, Suite 1800
Birmingham, Alabama 35203
jwjohnson@csattorneys.com

Christopher Hemphill
Michael Baughman
COHN BAUGHMAN
525 W. Monroe Street, Suite 1500
Chicago, Illinois 60661
christoper.hemphill@mclolaw.com
michael.baughman@mclolaw.com

Hirshel M. Hall
Tejas Patel
ALSTON & BIRD LLP
1201 West Peachtree Street, Suite 4900
Atlanta, Georgia 30309
hirshel.hall@alston.com
tejas.patel@alston.com

Brannon J. Buck
Christopher B. Driver
BADHAM & BUCK, LLC
2001 Park Place North, Suite 500
Birmingham, Alabama 35203
bbuck@badhambuck.com
cdriver@badhambuck.com

F. Lane Finch, Jr.
Brandon J. Clapp
SWIFT, CURRIE, MCGHEE & HIERS, LLP
1901 Sixth Ave. North, Suite 1100
Birmingham, Alabama 35203
lane.finch@swiftcurrie.com
brandon.clapp@swiftcurrie.com

Scott M. Salter
STARNES DAVIS FLORIE LLP
100 Brookwood Place, 7th Floor
Birmingham, Alabama 35209
ssalter@starneslaw.com

Edward M. Holt
Zachery L. Gillespie
MAYNARD NEXSEN PC
1906 Sixth Avenue North, Suite 1700
Birmingham, Alabama 35203
tholt@maynardnexsen.com
zgillespie@maynardnexsen.com

Edward B. Parks, II
Annette P. Rolain
RUGGERI PARKS WEINBERG LLP
1875 K St. NW, Suite 600
Washington, DC 20006
eparks@ruggerilaw.com
arolain@ruggerilaw.com

Adam J. Kaiser
Alexander S. Lorenzo
Matthew B. Byers
ALSTON & BIRD LLP
90 Park Avenue, 15th Floor
New York, New York 10016
adam.kaiser@alston.com
alexander.lorenzo@alston.com
matt.byers@alston.com

Michael A. Valerio
ALSTON & BIRD LLP
950 F Street NW
Washington, DC 20004-1404
michael.valerio@alston.com

Shattuck Ely
Jacob Weiss
FELLOWS LABRIOLA LLP
Suite 2400, Harris Tower
233 Peachtree Street, NE
Atlanta, Georgia 30303
tely@fellab.com
jweiss@fellab.com

                                    s/ *Joel S. Isenberg*
                                    OF COUNSEL