IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| FEDERAL INSURANCE COMPANY, PACIFIC EMPLOYERS INSURANCE COMPANY, ACE AMERICAN INSURANCE COMPANY, ACE PROPERTY AND CASUALTY INSURANCE COMPANY, INDEMNITY INSURANCE COMPANY OF NORTH AMERICA, and WESTCHESTER FIRE INSURANCE COMPANY, | |
| Plaintiffs | CIVIL ACTION NO. 1:23-cv-01367-RDP |
| v. | |
| SHAW INDUSTRIES, INC., | |
| Defendant and | |
| and | |
| COMMERCE & INDUSTRY INSURANCE COMPANY; FIREMAN'S FUND INSURANCE COMPANY; FIRST STATE INSURANCE COMPANY; EMPLOYERS MUTUAL LIABILITY INSURANCE COMPANY; GREAT AMERICAN INSURANCE COMPANY; U.S. FIRE INSURANCE COMPANY; TRAVELERS CASUALTY AND SURETY COMPANY; WESTPORT INSURANCE CORPORATION f/k/a PURITAN INSURANCE COMPANY; JOHN DOE INSURERS 1-100; | |
| Nominal Defendants. | |

**SHAW INDUSTRIES, INC.'S ANSWER AND AFFIRMATIVE DEFENSES
TO COMMERCE AND INDUSTRY INSURANCE COMPANY'S CROSS-CLAIM**

Pursuant to Federal Rule of Civil Procedure 12, Defendant Shaw Industries, Inc. ("Shaw") responds as follows to the January 10, 2024 Cross-Claim filed by Commerce and Industry Insurance Company ("Commerce"):

## ANSWER

1. Paragraph 1 contains a legal conclusion to which no response is required.

2. Shaw admits that it seeks insurance coverage from Commerce for the Underlying Actions[1] referenced in Paragraph 2. The allegations contained within the Underlying Actions speak for themselves, and Shaw refers to authenticated copies of those pleadings for their content.

3. Denied.

## The Parties

4. Shaw lacks sufficient knowledge or information to respond to the allegations in Paragraph 4 and therefore denies those allegations at this time.

5. Admitted.

## Jurisdiction and Venue

6. Admitted.

7. Admitted.

8. Admitted.

9. Denied.

## Factual Background on the Policies

10. Upon information and belief, admitted.

11. Shaw admits that the policies issued by Commerce are primary commercial general liability policies and refers to the original or authenticated copies of those documents for their terms.

12. Denied.

---

[1] Any defined terms in Commerce's Cross-Claim shall have the same definition here unless otherwise stated.

### Factual Background on the Underlying Actions

13. Admitted.

14. The allegations contained within the Underlying Actions speak for themselves, and Shaw refers to authenticated copies of those pleadings for their content. Shaw denies liability in any of the Underlying Actions.

### Count I

### Declaratory Judgment

15. Shaw incorporates by reference its response to Paragraphs 1 through 14 of the Cross-Claim as if fully set forth herein. Shaw denies any allegations in the heading to Count I.

16. Admitted.

17. Denied.

In response to the PRAYER FOR RELIEF and *ad damnum* clause beginning WHEREFORE, including its subparts (1) through (3), Shaw denies that Commerce is entitled to any of the relief sought.

Except as expressly admitted in this Answer, all allegations of Commerce's Cross-Claim are denied.

### AFFIRMATIVE DEFENSES

Without assuming any burdens of proof that, under law, belong to Commerce, Shaw submits the defenses below to Commerce's Cross-Claim:

### FIRST DEFENSE

Commerce's Cross-Claim fails to state a claim against Shaw on which relief can be granted.

**SECOND DEFENSE**

Shaw pleads the general issues and denies every allegation of Commerce's Cross-Claim that is not expressly admitted above.

**THIRD DEFENSE**

Commerce's Cross-Claim depends on the underlying evidence obtained through discovery or proven at trial of the ongoing Underlying Actions and thus cannot be determined until the parties' liabilities and obligations, if any, are determined in the Underlying Actions.

**FOURTH DEFENSE**

The terms of the policies on which Commerce tries to avoid or limit their obligations to Shaw are undefined, vague, ambiguous, and must be strictly construed against Commerce.

**FIFTH DEFENSE**

To deny coverage would defeat Shaw's reasonable expectations under the policies.

**SIXTH DEFENSE**

To the extent that Commerce has breached its policies or its obligations with respect to defense, settlement, and indemnity, it is entitled to no relief.

**SEVENTH DEFENSE**

Commerce's claims are barred by the doctrine of waiver, consent, and ratification.

**EIGHTH DEFENSE**

Commerce's claims are barred by the doctrine of acquiescence.

**NINTH DEFENSE**

Commerce's claims are barred by the doctrine of estoppel.

### TENTH DEFENSE

Commerce has failed to properly reserve its rights.

### ELEVENTH DEFENSE

To the extent shown through discovery, Shaw raises all of the affirmative defenses set forth in F.R.C.P. 8 and F.R.C.P. 12(b) and none of these defenses are waived.

### TWELFTH DEFENSE

Commerce's Cross-Claim should be dismissed based on *forum non conveniens* or transferred to a more convenient forum pursuant to 28 U.S.C. § 1404.

### THIRTEENTH DEFENSE

Shaw reserves the right to amend or supplement its Answer to assert other defenses as may become known to it or as discovery reveals.

### PRAYER FOR RELIEF

WHEREFORE, Shaw respectfully requests the Court:

1. Enter final judgment on the merits dismissing, with prejudice, Commerce's Cross-Claim;

2. Declare that Commerce owes a duty to defend and indemnify Shaw for the claims asserted in the Underlying Actions;

3. Award Shaw its attorneys' fees and other costs associated with defense of this action;

4. Award Shaw such other relief which it may be entitled to in law and in equity.

Respectfully submitted, this 16th day of January, 2024.

**BADHAM & BUCK, LLC**

*/s/ Brannon J. Buck*
Brannon J. Buck (ASB-5848-K56B)
Christopher B. Driver (ASB-9178-G39B)
2001 Park Place North, Ste. 500
Birmingham, Alabama 35203
(205) 521-0036 (Phone)
(205) 521-0037 (Facsimile)
bbuck@badhambuck.com
cdriver@badhambuck.com

**FELLOWS LABRIOLA, LLP**
Shattuck Ely (Georgia Bar No. 246944)
*\*Admitted Pro Hac Vice*
FELLOWS LABRIOLA LLP
Suite 2400, Harris Tower
233 Peachtree Street, NE
Atlanta, Georgia  30303
(404) 586-9200 (Phone)
tely@fellab.com
aprescott@fellab.com

*Counsel for Shaw Industries, Inc.*

**CERTIFICATE OF SERVICE**

This is to certify that on this day I served the foregoing by using the Court's CM/ECF system, which will send notice of the filing to all counsel authorized to receive it.

This 16th day of January, 2024.

*/s/ Brannon J. Buck*

6