IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| **FEDERAL INSURANCE COMPANY, PACIFIC EMPLOYERS INSURANCE COMPANY, ACE AMERICAN INSURANCE COMPANY, ACE PROPERTY AND CASUALTY INSURANCE COMPANY, INDEMNITY INSURANCE COMPANY OF NORTH AMERICA, and WESTCHESTER FIRE INSURANCE COMPANY,**<br><br>     Plaintiffs,<br><br>v.<br><br>**SHAW INDUSTRIES, INC.,**<br><br>Defendant,<br><br>And<br><br>**COMMERCE & INDUSTRY INSURANCE COMPANY; FIRST STATE INSURANCE COMPANY; EMPLOYERS INSURANCE COMPANY OF WAUSAU; GREAT AMERICAN INSURANCE COMPANY; U.S. FIRE INSURANCE COMPANY; TRAVELERS CASUALTY AND SURETY COMPANY; JOHN DOE INSURERS 1-100;**<br><br>     Nominal Defendants. | **CIVIL ACTION NO.:**<br>**1:23-cv-01367-RDP** |

## REPORT OF THE PARTIES' PLANNING MEETING

COME NOW the parties, by and through their counsel, and hereby submit the following Report of the Parties' Planning Meeting in accordance with this Honorable Court's Initial Order (Doc. 29), and subsequent Order (Doc. 60) extending the time in which the parties were to conduct said conference, and hereby submit the following pursuant to Rule 26(f) of the *Federal Rules of Civil Procedure*:

1.  The following persons participated in a Rule 26(f) conference on January 3, 2024 by video conference:

John W Johnson II, Christopher P. Hemphill and Michael Baughman for Plaintiffs **Federal Insurance Company**, **ACE American Insurance Company**, **ACE Property and Casualty Insurance Company, Indemnity Insurance Company of North America**, **Pacific Employers Insurance Company** and **Westchester Fire Insurance Company**.

Shattuck Ely and Christopher B. Driver for **Shaw Industries, Inc.**[1]

Edward B. Parks for **Great American Insurance Company.**

Wayne Karbal for **First State Insurance Company.**

F. Lane Finch, Jr. for **U.S. Fire Insurance Company.**

Robert E. Norton for **Travelers Casualty and Surety Company.**

Tejas Patel and Alexander S. Lorenzo for **Commerce & Industry Insurance Company.**[2]

2.  **Nature of Claims and Defenses**

The civil action seeks a declaration of the parties' respective rights and obligations under policies of insurance issued by the Plaintiff Insurers and Nominal Defendants to Defendant Shaw Industries, Inc. ("Shaw"). Specifically, this action seeks a determination regarding whether the policies issued by the Plaintiff Insurers to Shaw provide coverage for underlying litigation and claims against Shaw initiated by certain municipalities and other claimants in Alabama and Georgia for alleged environmental contamination of local waterways, including the Conasauga, Oostanaula, and Coosa Rivers and their tributaries. More specifically, the underlying municipalities and claimants allege damages due to the release of chemicals including perfluorinated compounds ("PFCs"), including, but not limited to perfluorooctanoic acid ("PFOA"), perfluorooctane sulfonate ("PFOS"), precursors to PFOA and PFOS, and related chemicals into local waterways. These chemicals are commonly referred to collectively as "PFAS."

3.  **Initial Disclosures**

The parties will complete the initial disclosures required by Rule 26(a)(1) within 21 days of filing this report.

---

[1] By participating in the parties' planning meeting and joining in this Report, Shaw Industries Inc. expressed that it was not waiving any arguments raised in its Motion to Transfer Venue Under 28 U.S.C. §1404(a). (Doc. 63).

[2] Federal Insurance Company, ACE American Insurance Company, ACE Property and Casualty Insurance Company, Indemnity Insurance Company of North America, Pacific Employers Insurance Company and Westchester Fire Insurance Company are the original plaintiffs in this lawsuit. They filed suit against Shaw and certain of Shaw's other insurance companies. The Plaintiffs and the other insurance companies will be referred to collectively in this report as the "Insurers".

4. **Proposed Discovery Plan**

   a. The Insurers believe discovery will be needed on matters related to Shaw's purchase, use and disposal of PFAS in its carpet manufacturing operations. Shaw's position is that much of this information has already been searched for and produced in the five underlying actions giving rise to this insurance coverage dispute. In an effort to streamline discovery, Shaw's preference is to first produce discovery exchanged in the underlying actions for review by the Insurers before answering the Insurers' discovery requests. The Insurers are willing to consider this approach.

   b. Discovery shall commence upon submission of this report.

      i. **Fact Discovery** will be completed by **December 20, 2024**.

      ii. **Shaw** shall make its expert disclosures on or before **February 7, 2025**.

      iii. The insurer parties shall make their expert disclosures on or before **April 7, 2025**.

      iv. **Shaw** shall make its rebuttal expert disclosures on or before **May 7, 2025**.

      v. **Expert depositions and discovery** shall be completed on or before **August 7, 2025.**

   c. Limitations on Discovery and Proposed Modifications by Stipulation to Discovery Rules

      i. **Fact Depositions** shall be limited to **seven hours**.  <u>This limitation shall not apply to 30(b)(6) witnesses. However, the parties will cooperate in good faith to agree on time limits in advance of 30(b)(6) testimony and reserve their right to seek further relief from the Court if no agreements can be reached.</u>

      ii. **Shaw** shall collectively be entitled to take a maximum of **thirty (30) individual fact witness depositions**.  The **Insurers shall collectively** be entitled to take a maximum of **thirty (30) individual fact witness depositions.** <u>This limitation shall not apply to 30(b)(6) witnesses.</u> The parties will meet and confer if one side believes that depositions beyond 30 are necessary before seeking leave from the Court.

      iii. The **Insurers** shall be entitled to serve up to **40 omnibus interrogatories** on Shaw and up to **10 separate, non-duplicative** individual interrogatories by each Insurer.  **Shaw** shall be entitled to serve a total of **25 interrogatories** on each of the Insurers.

5. **Dispositive Motions**

3

**Dispositive Motions** shall be filed on or before **September 10, 2025**. Absent entry of a specific briefing order, summary judgment motions shall be briefed in accordance with the Court's Initial Order with the exception that the parties seek page limits of 45 pages for the briefs for the summary judgment motions.

6. **Alternative Dispute Resolution**

Throughout the claim process and underlying litigation, the parties have engaged in informal negotiations. The parties anticipate formal mediation after adequate discovery has been taken to determine which policies have been potentially implicated by the underlying claims.

7. **Preservation of ESI**

While the parties currently believe that electronically-stored information is not a significant issue in this action, the parties will submit a proposed ESI protocol order to the Court.

8. **Confidentiality**

The parties are drafting a joint confidentiality agreement and protective order governing documents and information exchanged in this action.

9. **Proposed Procedural and Pre-Trial Deadlines**

   a. The parties do not request a scheduling conference prior to the entry of a Scheduling Order unless the Court prefers a conference.

   b. **Amendments to the Pleadings** and **Joinder of Parties** may be made on or before **July 19, 2024** by the **Insurers** and **August 16, 2024** by **Shaw.**

   c. **Pretrial Disclosures and Designations** shall be made **30 days prior to trial**. Objections pursuant to Rule 26(a)(3) shall be made 15 days prior to trial.

   d. **Final Pretrial Conference** to be determined.

   e. **Trial Issues.**

      i. Location: Eastern Division of the Northern District of Alabama. Shaw maintains that this action should be transferred to the Northern District of Georgia pursuant to its motion.

      ii. Length: At this time, the parties are unsure of the number of days required for a trial and believe the length will be better known after the completion of summary judgment motions.

   f. **Other Issues.**

      i. The Insurers intend to submit a motion for realignment of the parties by realigning the Insurers on one side and Shaw on the other. Shaw wishes to review the motion before deciding whether to consent or oppose.

      ii.      Shaw informed the Insurers that additional lawsuits may be filed in the future by other public entity or other plaintiffs. If these suits come to fruition, the Insurers expect to seek relief to amend the complaint to include these other lawsuits.

Respectfully submitted on this the 30th day of January, 2024.

                                  */s/ John W Johnson, II*
                                  **CHRISTIAN & SMALL LLP**
                                  John W Johnson, II
                                  505 North 20th Street
                                  Suite 1800
                                  Birmingham, Alabama 35203-2696
                                  Telephone:  (205) 795-6588
                                  Facsimile:  (205) 328-7234
                                  jwjohnson@csattorneys.com

                                  Christopher Hemphill
                                  *(Adm. PHV)*
                                  Michael J. Baughman
                                  *(Adm. PHV)*
                                  **COHN BAUGHMAN**
                                  525 W. Monroe St.
                                  Suite 1500
                                  Chicago, IL 60661
                                  Office: (312) 753-6600
                                  christopher.hemphill@mclolaw.com
                                  michael.baughman@mclolaw.com

                                  *Attorneys for Plaintiffs*

**CERTIFICATE OF SERVICE**

    I do hereby certify that on January 30, 2024, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send electronic notification of such filing to the following counsel of record:

Brannon J. Buck
Christopher B. Driver
BADHAM & BUCK, LLC
2001 Park Place North, Suite 500
Birmingham, AL 35203
bbuck@badhambuck.com
cdriver@badhambuck.com

Shattuck Ely
FELLOWS LABRIOLA LLP
233 Peachtree Street NE
Suite 2400
Atlanta, GA 30303
tely@fellab.com

Frederick Lane Finch, Jr.
Brandon J. Clapp
SWIFT, CURRIE, MCGHEE & HEIRS, L.L.P.
1901 Sixth Avenue North, Suite 1100
Birmingham, AL 35203
Lane.finch@swiftcurrie.com
Brandon.clapp@swiftcurrie.com

Joel S. Isenberg
Robert E. Norton
ELY & ISENBERG, LLC
3500 Blue Lake Drive, Suite 345
Birmingham, AL 35243
jisenberg@elylawllc.com
rnorton@elylawllc.com

Edward M. Holt
Zachery L. Gillespie
MAYNARD NEXSEN PC
1901 Sixth Avenue North, Suite 1700
Birmingham, AL 35203
tholt@maynardnexsen.com
zgillespie@maynardnexsen.com

Scott M. Salter
STARNES DAVIS FLORIE LLP
100 Brookwood Place, 7th Floor
Birmingham, AL 35209
ssalter@starneslaw.com

Edward B. Parks, II
Annette P. Rolain
RUGGERI PARKS WEINBERG LLP
1875 K Street NW, Suite 600
Washington, DC 20006
eparks@ruggerilaw.com
arolain@ruggerilaw.com

Michael A. Valerio
ALSTON & BIRD LLP
950 F Street NW
Washington, DC 20004-1404
Michael.valerio@alston.com

Hirschel M. Hall
Tejas Patel
ALSTON BIRD LLP
1201 West Peachtree Street, Suite 4900
Atlanta, GA 30309
Hirshel.hall@alston.com
Tejas.patel@alston.com

Adam J. Kaiser
Alexander S. Lorenzo
ALSTON & BIRD LLP
90 Park Avenue, 15th Floor
New York, NY 10016
Adam.kaiser@alston.com
Alexander.lorenzo@alston.com

Christopher C. Frost
Emily C. Burke
MAYNARD NEXSEN
1901 Sixth Avenue North, Suite 1700
Birmingham, AL 35203
cfrost@maynardnexsen.com
eburke@maynardnexsen.com

/s/ *John W Johnson, II*
OF COUNSEL

7

4122082.2