FILED
2024 Feb-01  PM 02:51
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## EASTERN DIVISION

| | |
|---|---|
| **FEDERAL INS. CO.,** *et al*.      ) | |
|     **Plaintiffs,**         ) | |
|                     ) | |
| **v.**                     ) | **CASE NO. 1:23-cv-01367-RDP** |
|                     ) | |
| **SHAW INDUSTRIES, INC.**   ) | |
| **And NOMINAL DEFENDANTS,**   ) | |
|     **Defendants.**          ) | |

### ANSWER TO FIRST AMENDED COMPLAINT
### FOR DECLARATORY RELIEF

Nominal Defendant U.S. Fire Insurance Company answers the First Amended Complaint filed by Federal Insurance Company (Doc. 65) as follows:

## I.     INTRODUCTION

1.     U.S. Fire admits Plaintiff seeks the relief stated but denies it is entitled to any relief inconsistent with the terms and conditions of the applicable policy(ies) of insurance issued by U.S. Fire to Shaw Industries.

2.     Admitted.

3.     Admitted.

## II.     THE PARTIES

4.     Admitted on information and belief.

5.     Admitted on information and belief.

6.      Admitted on information and belief.

7.      Admitted on information and belief.

8.      Admitted on information and belief.

9.      Admitted on information and belief.

10.     Admitted on information and belief.

11.     Admitted on information and belief.

12.     No response required.

13.     Admitted on information and belief.

14.     Admitted on information and belief.

15.     Admitted on information and belief.

16.     No response required.

17.     Admitted on information and belief.

18.     U.S. Fire admits it is an insurance company incorporated in Delaware with its principal place of business in New Jersey.  It admits the terms and conditions of the applicable policy(ies) of insurance issued by U.S. Fire to Shaw Industries speak for themselves.  The remainder of the allegations in this paragraph are denied.

19.     Fictitious defendant pleadings are disallowed in federal court.

## III.   JURISDICTION & VENUE

20.     Admitted.

21.     Admitted.

22.    Admitted.

23.    Admitted.

24.    Admitted.

25.    Admitted.

## IV.    FACTS AND BACKGROUND

### A.    SHAW CARPETING

26.    U.S. Fire lacks knowledge or information sufficient to form a belief about the truth of the allegation(s) in this paragraph which are, therefore, denied.

27.    U.S. Fire lacks knowledge or information sufficient to form a belief about the truth of the allegation(s) in this paragraph which are, therefore, denied.

28.    U.S. Fire lacks knowledge or information sufficient to form a belief about the truth of the allegation(s) in this paragraph which are, therefore, denied.

### B.    SHAW'S PFAS USE

29.    U.S. Fire lacks knowledge or information sufficient to form a belief about the truth of the allegation(s) in this paragraph which are, therefore, denied.

30.    U.S. Fire lacks knowledge or information sufficient to form a belief about the truth of the allegation(s) in this paragraph which are, therefore, denied.

31.    U.S. Fire lacks knowledge or information sufficient to form a belief about the truth of the allegation(s) in this paragraph which are, therefore, denied.

32.   U.S. Fire lacks knowledge or information sufficient to form a belief about the truth of the allegation(s) in this paragraph which are, therefore, denied.

33.   U.S. Fire lacks knowledge or information sufficient to form a belief about the truth of the allegation(s) in this paragraph which are, therefore, denied.

34.   U.S. Fire lacks knowledge or information sufficient to form a belief about the truth of the allegation(s) in this paragraph which are, therefore, denied.

35.   U.S. Fire lacks knowledge or information sufficient to form a belief about the truth of the allegation(s) in this paragraph which are, therefore, denied.

36.   U.S. Fire lacks knowledge or information sufficient to form a belief about the truth of the allegation(s) in this paragraph which are, therefore, denied.

37.   U.S. Fire lacks knowledge or information sufficient to form a belief about the truth of the allegation(s) in this paragraph which are, therefore, denied.

38.   U.S. Fire lacks knowledge or information sufficient to form a belief about the truth of the allegation(s) in this paragraph which are, therefore, denied.

## C.   THE LAND APPLICATION SYSTEM AND SHAW'S WASTE DISPOSAL PRACTICES

39.   U.S. Fire lacks knowledge or information sufficient to form a belief about the truth of the allegation(s) in this paragraph which are, therefore, denied.

40.   U.S. Fire lacks knowledge or information sufficient to form a belief about the truth of the allegation(s) in this paragraph which are, therefore, denied.

41.     U.S. Fire lacks knowledge or information sufficient to form a belief about the truth of the allegation(s) in this paragraph which are, therefore, denied.

42.     U.S. Fire lacks knowledge or information sufficient to form a belief about the truth of the allegation(s) in this paragraph which are, therefore, denied.

43.     U.S. Fire lacks knowledge or information sufficient to form a belief about the truth of the allegation(s) in this paragraph which are, therefore, denied.

44.     U.S. Fire lacks knowledge or information sufficient to form a belief about the truth of the allegation(s) in this paragraph which are, therefore, denied.

45.     U.S. Fire lacks knowledge or information sufficient to form a belief about the truth of the allegation(s) in this paragraph which are, therefore, denied.

**D.     UNDERLYING ACTIONS**

**i.     Facts Relevant To All Underlying Actions**

46.     Each underlying action speaks for itself.  U.S. Fire lacks knowledge or information sufficient to form a belief about the truth of the remaining allegation(s) in this paragraph which are, therefore, denied.

47.     Each underlying action speaks for itself.  U.S. Fire lacks knowledge or information sufficient to form a belief about the truth of the remaining allegation(s) in this paragraph which are, therefore, denied.

48.     Each underlying action speaks for itself.  U.S. Fire lacks knowledge or information sufficient to form a belief about the truth of the remaining allegation(s)

in this paragraph which are, therefore, denied.

49.     Each underlying action speaks for itself.  U.S. Fire lacks knowledge or information sufficient to form a belief about the truth of the remaining allegation(s) in this paragraph which are, therefore, denied.

50.     Each underlying action speaks for itself.  U.S. Fire lacks knowledge or information sufficient to form a belief about the truth of the remaining allegation(s) in this paragraph which are, therefore, denied.

### ii.     The Settled Underlying Actions

51.     U.S. Fire lacks knowledge or information sufficient to form a belief about the truth of the allegation(s) in this paragraph which are, therefore, denied.

52.     U.S. Fire lacks knowledge or information sufficient to form a belief about the truth of the allegation(s) in this paragraph which are, therefore, denied.

53.     Each underlying action speaks for itself.  U.S. Fire lacks knowledge or information sufficient to form a belief about the truth of the remaining allegation(s) in this paragraph which are, therefore, denied.

54.     Each underlying action speaks for itself.  U.S. Fire lacks knowledge or information sufficient to form a belief about the truth of the remaining allegation(s) in this paragraph which are, therefore, denied.

55.     U.S. Fire lacks knowledge or information sufficient to form a belief about the truth of the allegation(s) in this paragraph which are, therefore, denied.

56.     U.S. Fire lacks knowledge or information sufficient to form a belief about the truth of the allegation(s) in this paragraph which are, therefore, denied.

57.     U.S. Fire lacks knowledge or information sufficient to form a belief about the truth of the allegation(s) in this paragraph which are, therefore, denied.

58.     U.S. Fire lacks knowledge or information sufficient to form a belief about the truth of the allegation(s) in this paragraph which are, therefore, denied.

59.     U.S. Fire lacks knowledge or information sufficient to form a belief about the truth of the allegation(s) in this paragraph which are, therefore, denied.

60.     U.S. Fire lacks knowledge or information sufficient to form a belief about the truth of the allegation(s) in this paragraph which are, therefore, denied.

61.     U.S. Fire lacks knowledge or information sufficient to form a belief about the truth of the allegation(s) in this paragraph which are, therefore, denied.

62.     U.S. Fire lacks knowledge or information sufficient to form a belief about the truth of the allegation(s) in this paragraph which are, therefore, denied.

63.     U.S. Fire lacks knowledge or information sufficient to form a belief about the truth of the allegation(s) in this paragraph which are, therefore, denied.

64.     U.S. Fire lacks knowledge or information sufficient to form a belief about the truth of the allegation(s) in this paragraph which are, therefore, denied.

65.     U.S. Fire lacks knowledge or information sufficient to form a belief about the truth of the allegation(s) in this paragraph which are, therefore, denied.

### iii.     Currently Pending Underlying Actions

66.     U.S. Fire lacks knowledge or information sufficient to form a belief about the truth of the allegation(s) in this paragraph which are, therefore, denied.

67.     Each underlying action speaks for itself.  U.S. Fire lacks knowledge or information sufficient to form a belief about the truth of the remaining allegation(s) in this paragraph which are, therefore, denied.

68.     Each underlying action speaks for itself.  U.S. Fire lacks knowledge or information sufficient to form a belief about the truth of the remaining allegation(s) in this paragraph which are, therefore, denied.

69.     Each underlying action speaks for itself.  U.S. Fire lacks knowledge or information sufficient to form a belief about the truth of the remaining allegation(s) in this paragraph which are, therefore, denied.

## V.     THE POLICIES ISSUED BY FEDERAL

70.     U.S. Fire lacks knowledge or information sufficient to form a belief about the truth of the allegation(s) in this paragraph which are, therefore, denied.

71.     U.S. Fire lacks knowledge or information sufficient to form a belief about the truth of the allegation(s) in this paragraph which are, therefore, denied.

72.     U.S. Fire lacks knowledge or information sufficient to form a belief about the truth of the allegation(s) in this paragraph which are, therefore, denied.

73.     U.S. Fire lacks knowledge or information sufficient to form a belief

about the truth of the allegation(s) in this paragraph which are, therefore, denied.

74.    U.S. Fire lacks knowledge or information sufficient to form a belief about the truth of the allegation(s) in this paragraph which are, therefore, denied.

75.    U.S. Fire lacks knowledge or information sufficient to form a belief about the truth of the allegation(s) in this paragraph which are, therefore, denied.

76.    U.S. Fire lacks knowledge or information sufficient to form a belief about the truth of the allegation(s) in this paragraph which are, therefore, denied.

77.    U.S. Fire lacks knowledge or information sufficient to form a belief about the truth of the allegation(s) in this paragraph which are, therefore, denied.

### i.    Other Federal Policies

78.    U.S. Fire lacks knowledge or information sufficient to form a belief about the truth of the allegation(s) in this paragraph which are, therefore, denied.

79.    U.S. Fire lacks knowledge or information sufficient to form a belief about the truth of the allegation(s) in this paragraph which are, therefore, denied.

80.    U.S. Fire lacks knowledge or information sufficient to form a belief about the truth of the allegation(s) in this paragraph which are, therefore, denied.

81.    U.S. Fire lacks knowledge or information sufficient to form a belief about the truth of the allegation(s) in this paragraph which are, therefore, denied.

### ii.      Other Policies Issued by Additional Plaintiff Insurers

82.     U.S. Fire admits the terms and conditions of the applicable policy(ies) of insurance issued by U.S. Fire to Shaw Industries speak for themselves.  The remainder of the allegations in this paragraph are denied.

83.     U.S. Fire lacks knowledge or information sufficient to form a belief about the truth of the allegation(s) in this paragraph which are, therefore, denied.

84.     U.S. Fire lacks knowledge or information sufficient to form a belief about the truth of the allegation(s) in this paragraph which are, therefore, denied.

## VI.   POLICIES ISSUED BY DEFENDANT INSURERS

85.     U.S. Fire admits the terms and conditions of the applicable policy(ies) of insurance issued by U.S. Fire to Shaw Industries speak for themselves.  The remainder of the allegations in this paragraph are denied.

86.     U.S. Fire admits the terms and conditions of the applicable policy(ies) of insurance issued by U.S. Fire to Shaw Industries speak for themselves. The remainder of the allegations in this paragraph are denied.

87.     U.S. Fire lacks knowledge or information sufficient to form a belief about the truth of the allegation(s) in this paragraph which are, therefore, denied.

88.     U.S. Fire lacks knowledge or information sufficient to form a belief about the truth of the allegation(s) in this paragraph which are, therefore, denied.

89.     U.S. Fire lacks knowledge or information sufficient to form a belief about the truth of the allegation(s) in this paragraph which are, therefore, denied.

90.     U.S. Fire lacks knowledge or information sufficient to form a belief about the truth of the allegation(s) in this paragraph which are, therefore, denied.

## COUNT I
### (Declaratory Judgment as to Shaw)

91.     U.S. Fire incorporates hereat its responses to the prior allegations.

92.     U.S. Fire lacks knowledge or information sufficient to form a belief about the truth of the allegation(s) in this paragraph which are, therefore, denied.

93.     U.S. Fire lacks knowledge or information sufficient to form a belief about the truth of the allegation(s) in this paragraph which are, therefore, denied.

94.     U.S. Fire lacks knowledge or information sufficient to form a belief about the truth of the allegation(s) in this paragraph which are, therefore, denied.

95.     U.S. Fire lacks knowledge or information sufficient to form a belief about the truth of the allegation(s) in this paragraph which are, therefore, denied.

96.     U.S. Fire lacks knowledge or information sufficient to form a belief about the truth of the allegation(s) in this paragraph which are, therefore, denied.

97.     U.S. Fire lacks knowledge or information sufficient to form a belief about the truth of the allegation(s) in this paragraph which are, therefore, denied.

98.     U.S. Fire lacks knowledge or information sufficient to form a belief about the truth of the allegation(s) in this paragraph which are, therefore, denied.

## COUNT II
## (In the Alternative, Declaratory Judgment as to the Defendant Insurers)

99.   U.S. Fire incorporates hereat its responses to the prior allegations.

100.   U.S. Fire lacks knowledge or information sufficient to form a belief about the truth of the allegation(s) in this paragraph which are, therefore, denied.

101.   U.S. Fire lacks knowledge or information sufficient to form a belief about the truth of the allegation(s) in this paragraph which are, therefore, denied.

102.   U.S. Fire admits that is what is sought.  All other allegations are denied.

103.   U.S. Fire denies Plaintiffs are entitled to the relief sought in their prayer for relief.

## AFFIRMATIVE DEFENSES

In further answer to the Complaint, U.S. Fire asserts the following affirmative defenses:

### (Failure To State A Claim Upon Which Relief May Be Granted)

1.   The Complaint may be barred, in whole or in part, to the extent it fails to state a claim upon which relief can be granted against U.S. Fire.

### (Failure To Set Forth Facts Which Give Rise To A Claim)

2.   The Complaint may be barred, in whole or in part, to the extent it fails to set forth facts that give rise to a claim against U.S. Fire.

### (Coverage Limited By Policy Terms)

3.   The U.S. Fire Policies speak for themselves and no coverage exists

under those policies pursuant to the terms, provisions, conditions and exclusions of the policies and/or any policy to which the U.S. Fire Policies follow form, and/or any other underlying insurance.

**(Statute Of Limitations/Time Bar)**

4.      The claims asserted  in the Complaint, as well as the insured's actual or potential claims for coverage for damages asserted in the underlying actions, (collectively the "Coverage Claims"), may be barred, in whole or in part, to the extent the insured may have failed to institute suit within the period of time required by any applicable statute of limitations and/or to the extent such claims otherwise may be time-barred.

**(Failure To Name Indispensable Parties)**

5.      Plaintiffs may have failed to serve and/or join all necessary and/or indispensable parties to this action.

**(Laches)**

6.      The Coverage Claims may be barred, in whole or in part, by the doctrine of laches.

**(Waiver/Release/Estoppel)**

7.      The Coverage Claims may be barred, in whole or in part, by the doctrines of waiver, release, and/or estoppel.

**(Unclean Hands)**

8.      The Coverage Claims may be barred, in whole or in part, by the doctrine of unclean hands.

**(Violation Of Law Or Public Policy)**

9.      The Coverage Claims may be barred, in whole or in part, to the extent any claimed loss arises from actions, omissions, or other conduct that is or was in violation of federal, state, and/or local law, statutes, regulations, or public policy.

**(Lack Of Subject Matter Jurisdiction)**

10.      This action should be dismissed to the extent that the Court lacks subject matter jurisdiction over the present action.

**(Lack Of Standing)**

11.      To the extent Plaintiffs lack standing or capacity to bring or maintain this action, dismissal of this action may be required.

**(Improper Venue)**

12.      To the extent that the instant forum is not the proper or appropriate forum for this action, transfer or dismissal of this action may be required.

**(No Actual Case Or Controversy)**

13.      There may be no actual, justifiable case or controversy between Plaintiffs and U.S. Fire.

**(Additional Defenses)**

14.     The Complaint contains insufficient information to permit U.S. Fire to raise all appropriate defenses and, therefore, U.S. Fire reserves its rights to amend and/or supplement this Answer and these defenses and to assert additional defenses.

**(Fines/Penalties/Punitive Damages)**

15.     The Coverage Claims may be barred, in whole or in part, to the extent any claimed loss is, or results from, imposition of civil or other fines, penalties, or punitive damages.

**(Expected/Intended/Non-Fortuitous Injury Or Damages)**

16.     The Coverage Claims may be barred, in whole or in part, to the extent any property damage, bodily injury, or personal injury or event resulting in such injury or damage was expected or intended by the insured or was otherwise non-fortuitous.

**(Owned Property Exclusion)**

17.     The Coverage Claims may be barred, in whole or in part, to the extent the events and claims alleged fall within the scope of any exclusion contained in, or incorporated into, the U.S. Fire Policies for property damage to property owned by, occupied by, rented to, leased to, used by, controlled by, or leased by the insured or to property within the care, custody, or control of the insured.

**(Assumption Of Liability Exclusion)**

18.     To the extent that the U.S. Fire Policies exclude coverage for liability assumed by the insured under any contract or agreement, whether written or oral, any claims that arise from liability assumed by the insured may be barred, in whole or in part.

**(All Costs Exclusion)**

19.     To the extent that the U.S. Fire Policies provide indemnity on an ultimate net loss basis, which specifically excludes all costs as defined in the policies, U.S. Fire has no obligation to provide indemnity for such excluded costs.

**(Pollution Exclusion)**

20.     The Coverage Claims may be barred, in whole or in part, to the extent that the events or claims alleged fall within the scope of any pollution exclusion contained in, or incorporated into, the U.S. Fire Policies.

**(Failure To Mitigate Damages)**

21.     The Coverage Claims may be barred, in whole or in part, to the extent that Plaintiffs or the insured failed to mitigate, minimize, or avoid any damages allegedly sustained.

**(No Insurable Risk)**

22.     The U.S. Fire Policies may be void to the extent no insurable risk existed with respect to any claim at the time of issuance of such U.S. Fire Policies.

**(Misrepresentation/Non-Disclosure)**

23.    To the extent that it is determined the insured (or its agents or representatives) misrepresented, failed to disclose, or omitted material facts regarding their acts, practices, or conditions or other material information in connection with any application for insurance or in connection with the issuance or renewal of the U.S. Fire Policies or any risk assumed under the U.S. Fire Policies, the Coverage Claims may be barred, in whole or in part, insofar as U.S. Fire relied upon such misrepresentation or omission in issuing and/or renewing any such policy.

**(Known Loss/Loss In Progress)**

24.    The Coverage Claims may be barred, in whole or in part, to the extent the insured knew or should have known of any loss, risk, condition, damage, or injury at the time the U.S. Fire Policies were issued or renewed or to the extent that any loss, risk, condition, damage, or injury had already commenced or was in progress on or before the inception or renewal of the U.S. Fire Policies.

**(Alienated Premises Exclusion)**

25.    The Coverage Claims may be barred, in whole or in part, to the extent the U.S. Fire Policies do not provide coverage for damages to premises alienated and to the extent coverage for such damages is sought.

**(Impairment Of Subrogation Rights)**

26.     The Coverage Claims may be barred, in whole or in part, to the extent Plaintiffs or the insured impaired or prejudiced any right to subrogation, indemnification, or contribution that U.S. Fire has or may have had.

**(Exhaustion/Impairment Of Limits)**

27.     The Coverage Claims may be barred or reduced to the extent that the limits of the U.S. Fire Policies have been exhausted or impaired.

**(Uncollectible Other Insurance)**

28.     The Coverage Claims may be barred, in whole or in part, to the extent Plaintiffs or the insured seek coverage under the U.S. Fire Policies in place of other insurance which is or becomes invalid, uncollectible, or otherwise unavailable due to the insolvency of other insurers or as a result of the acts of the insured.

**(Proper Allocation Required)**

29.     To the extent that the U.S. Fire Policies may be determined to otherwise respond to any claim, a proper allocation of the loss or damages between U.S. Fire, Plaintiffs, and other insurers is required. Such allocation may result in no sums being allocated to the U.S. Fire Policies.

**(No Duty To Defend)**

30.     U.S. Fire has no duty to defend any claim, proceeding, or suit under the terms of the U.S. Fire Policies.

**(Lost or Incomplete Policy)**

31.    Plaintiffs and the insured failed to meet their burden of establishing the issuance, terms and conditions of the alleged U.S. Fire Policies.

**(Coverage Provided Only To Named Insured(s))**

32.    No coverage is provided under the U.S. Fire Policies to any person or entity other than the insured(s) named in any such policy.

**(No Injury Or Damage During Policy Period)**

33.    The Coverage Claims may be barred, in whole or in part, to the extent that any bodily injury, personal injury, or property damage for which coverage is sought did not take place during the policy period of the U.S. Fire Policies.

**(No Accident Or Occurrence)**

34.    The Coverage Claims may be barred, in whole or in part, to the extent that the events or the property damage, bodily injury, personal injury, or other matters alleged or giving rise to the insured's alleged liability do not constitute "accidents" or "occurrences" as those terms are used in, defined in, and/or incorporated into the U.S. Fire Policies.

**(No Personal Injury, Bodily Injury, Or Property Damage)**

35.    The Coverage Claims may be barred, in whole or in part, to the extent that some or all of the claims or matters do not constitute "bodily injury," "personal injury," or "property damage" as used in, defined in, or incorporated into the U.S.

Fire Policies.

**(No Damages)**

36.     The Coverage Claims may be barred, in whole or in part, to the extent

that they seek reimbursement for expenditures, liabilities, and obligations that do not

constitute "damages" within the meaning of that term as used in, or incorporated

into, the U.S. Fire Policies including, without limitation, reimbursement of remedial

costs, clean-up costs, or other costs incurred in complying with or seeking to avoid

an injunction or any equitable order or action, or any claim that seeks costs

associated with complying with federal, state, or local rules, regulations, ordinances,

or laws.

**(Condition Precedent -Timely Notice)**

37.     The Coverage Claims may be barred, in whole or in part, to the extent

the insured may have failed to provide the timely and proper notice of any alleged

accident(s) or occurrence(s) and/or failed to provide the timely and proper notice of

any claim or suit instituted as required by the U.S. Fire Policies as conditions

precedent to coverage and/or failed to comply with any obligation in the U.S. Fire

Policies requiring the insured to immediately forward every demand, claim, notice,

summons or other process received by it.

**(Condition Precedent - General Obligations)**

38.     The Coverage Claims may be barred, in whole or in part, to the extent the insured may have failed to perform fully all of the obligations under the U.S. Fire Policies or to comply fully with the terms, obligations, and conditions of the U.S. Fire Policies.

**(Condition Precedent - Cooperation)**

39.     The Coverage Claims may be barred, in whole or in part, to the extent the insured may have failed to cooperate with U.S. Fire as required by the U.S. Fire Policies.

**(Condition Precedent - Exhaustion Of Underlying Limits)**

40.     To the extent that the U.S. Fire Policies may be applicable to any loss, it is excess insurance or applies over a self-insured retention and/or underlying insurance. No coverage would be available, therefore, to the extent that any applicable limits of any underlying insurance and self-insured retention have not been fully and properly exhausted.

**(Assumption Of Voluntary Payment)**

41.     The Coverage Claims may be barred, in whole or in part, to the extent that Plaintiffs and/or the insured has voluntarily paid or assumed an obligation to pay or has incurred any expense without notice to U.S. Fire or to the extent Plaintiffs and/or the insured has not received U.S. Fire's consent or approval.

**(No Coverage - Premature Claims)**

42.    To the extent Plaintiffs and/or the insured seek indemnification for losses which have not yet arisen and for amounts not yet paid, U.S. Fire is not obligated to provide coverage.

**(Knowledge of Risks)**

43.    No coverage exists, in whole or in part, because of Shaw's knowledge of the risks associated with PFAS.

**(Pro Rata Allocation)**

44.    Coverage should be allocated among all applicable policies of insurance.

**(No Coverage – Equitable Relief)**

47.    Claims seeking coverage for temporary and/or permanent injunctions and/or other equitable relief, and/or the costs of complying with temporary and/or permanent injunctive and/or other equitable relief are barred by the terms of the U.S. Fire Policies.

**(No Coverage – Unreasonable Settlement)**

48.    No coverage exists, in whole or in part, to the extent any amounts paid or to be paid by Plaintiffs and/or the insured in connection with the underlying claims are unreasonable, imprudent, excessive, or unjustified.

**(Collateral Source)**

49.    To the extent any of the alleged damages were paid or satisfied by a collateral or other source, the claims are barred, or alternatively, U.S. Fire is entitled to a setoff or credit.

**(Unjust Enrichment)**

50.    The Coverage Claims are barred, in whole or in part, by the doctrine of unjust enrichment because Plaintiffs and/or the insured will be unjustly enriched by the requested relief.

**(Incorporated Defenses)**

51.    U.S. Fire incorporates by this reference the defenses to coverage asserted by all insurers who issued policies which underlie the U.S. Fire Policies.

## <u>PRAYER</u>

WHEREFORE, U.S. Fire respectfully requests that Plaintiffs take nothing by their Complaint and the Court enter judgment:

(a)    declaring that U.S. Fire has no coverage obligation to Plaintiffs or Shaw Industries in connection with the claim set forth in the underlying complaints against Shaw Industries;

(b)    dismissing Plaintiffs' claims against U.S. Fire with prejudice; and

(c)    awarding such and further relief as the Court may deem just and proper.

Respectfully Submitted,

Date:  February 1, 2024

_/s/ Lane Finch_
F. Lane Finch, Jr. (ASB-0027-I58F)
Brandon J. Clapp (ASB-3990-D82W)
Attorneys for U.S. Fire Insurance
Company

**OF COUNSEL:**
**Swift, Currie, McGhee & Hiers, LLP**
1901 Sixth Ave. North, Suite 1100
Birmingham, AL 35203
T: (205) 314-2401
lane.finch@swiftcurrie.com
brandon.clapp@swiftcurrie.com

## **<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on February 1, 2024, the foregoing was served on the attorneys of record by one or more the following means in accordance with the Federal Rules of Civil Procedure:

[✓]   PACER/CM/ECF
[]    Email
[]    U.S. Mail
[]    Facsimile
[]    Hand Delivery

*/s/ Lane Finch*
OF COUNSEL

4866-5699-9073, v. 1

25