# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# EASTERN DIVISION

| | |
|---|---|
| FEDERAL INSURANCE COMPANY, PACIFIC EMPLOYERS INSURANCE COMPANY, ACE AMERICAN INSURANCE COMPANY, ACE PROPERTY AND CASUALTY INSURANCE COMPANY, INDEMNITY INSURANCE COMPANY OF NORTH AMERICA, and WESTCHESTER FIRE INSURANCE COMPANY, <br><br>    Plaintiffs <br><br>    v. <br><br> SHAW INDUSTRIES, INC., <br><br>    Defendant and <br><br> and <br><br> COMMERCE & INDUSTRY INSURANCE COMPANY; FIREMAN'S FUND INSURANCE COMPANY; FIRST STATE INSURANCE COMPANY; EMPLOYERS MUTUAL LIABILITY INSURANCE COMPANY; GREAT AMERICAN INSURANCE COMPANY; U.S. FIRE INSURANCE COMPANY; TRAVELERS CASUALTY AND SURETY COMPANY; WESTPORT INSURANCE CORPORATION f/k/a PURITAN INSURANCE COMPANY; JOHN DOE INSURERS 1-100; <br><br>    Nominal Defendants. | CIVIL ACTION NO. 1:23-cv-01367-RDP |

## SHAW INDUSTRIES, INC.'S ANSWER AND AFFIRMATIVE DEFENSES
## <u>TO EMPLOYERS INSURANCE COMPANY OF WAUSAU'S CROSS-CLAIM</u>

Pursuant to Federal Rule of Civil Procedure 12, Defendant Shaw Industries, Inc. ("Shaw") responds as follows to the February 28, 2024 Crossclaim filed by Employers Insurance Company of Wausau ("Wausau"):

## ANSWER

### The Parties

1. Shaw lacks sufficient knowledge or information to respond to the allegations in Paragraph 1 and, therefore, denies those allegations at this time.

2. Admitted.

### Jurisdiction and Venue

3. Denied. Shaw admits the amount in controversy exceeds $75,000 but denies this action involves a controversy between citizens of different states.

4. Admitted.

5. Denied.

### The Primary Policies

6. Shaw admits Wausau issued two insurance policies with effective dates covering January 1, 1969 to January 1, 1971. Shaw lacks sufficient knowledge or information to respond to the remaining allegations in Paragraph 6 and, therefore, denies those allegations at this time.

7. Shaw admits Wausau issued it four insurance policies with effective dates covering July 1, 1973 to July 1,1977. Shaw lacks sufficient knowledge or information to respond to the remaining allegations in Paragraph 6 and, therefore, denies those allegations at this time.

8. Paragraph 8 purports to characterize multiple insurance policies. The policies are written documents that speak for themselves, and any characterization of the policies are denied.

9. Paragraph 9 purports to characterize multiple insurance policies. The policies are written documents that speak for themselves, and any characterization of the policies are denied.

10. Paragraph 10 purports to characterize multiple insurance policies. The policies are written documents that speak for themselves, and any characterization of the policies are denied.

11. Paragraph 11 purports to characterize multiple insurance policies. The policies are written documents that speak for themselves, and any characterization of the policies are denied.

12. Paragraph 12 purports to characterize multiple insurance policies. The policies are written documents that speak for themselves, and any characterization of the policies are denied.

13. Paragraph 13 purports to characterize multiple insurance policies. The policies are written documents that speak for themselves, and any characterization of the policies are denied.

14. Paragraph 14 purports to characterize multiple insurance policies. The policies are written documents that speak for themselves, and any characterization of the policies are denied.

15. Paragraph 15 purports to characterize multiple insurance policies. The policies are written documents that speak for themselves, and any characterization of the policies are denied.

16. Paragraph 16 purports to characterize multiple insurance policies. The policies are written documents that speak for themselves, and any characterization of the policies are denied.

## The Umbrella Policy

17. Shaw admits Wausau issued it two umbrella insurance policies with effective dates covering January 12, 1975 to July 1, 1978. Shaw lacks sufficient knowledge or information to respond to the remaining allegations in Paragraph 17 and, therefore, denies those allegations at this time.

18. Paragraph 18 purports to characterize multiple insurance policies. The policies are written documents that speak for themselves, and any characterization of the policies are denied.

19. Paragraph 19 purports to characterize multiple insurance policies. The policies are written documents that speak for themselves, and any characterization of the policies are denied.

20. Paragraph 20 purports to characterize multiple insurance policies. The policies are written documents that speak for themselves, and any characterization of the policies are denied.

21. Paragraph 21 purports to characterize multiple insurance policies. The policies are written documents that speak for themselves, and any characterization of the policies are denied.

22. Paragraph 22 purports to characterize multiple insurance policies. The policies are written documents that speak for themselves, and any characterization of the policies are denied.

23. Paragraph 23 purports to characterize multiple insurance policies. The policies are written documents that speak for themselves, and any characterization of the policies are denied.

24. Paragraph 24 purports to characterize multiple insurance policies. The policies are written documents that speak for themselves, and any characterization of the policies are denied.

25. Paragraph 25 purports to characterize multiple insurance policies. The policies are written documents that speak for themselves, and any characterization of the policies are denied.

26. Paragraph 26 purports to characterize multiple insurance policies. The policies are written documents that speak for themselves, and any characterization of the policies are denied.

27. Paragraph 27 purports to characterize multiple insurance policies. The policies are written documents that speak for themselves, and any characterization of the policies are denied.

28. Paragraph 28 purports to characterize multiple insurance policies. The policies are written documents that speak for themselves, and any characterization of the policies are denied.

## The Underlying Actions

29. Admitted.

30. Shaw admits municipalities in Alabama and Georgia allege causes of action against Shaw in the Underlying Actions referenced in Paragraph 29. Shaw denies liability in any of the Underlying Actions. The allegations contained within the Underlying Actions speak for themselves, and Shaw refers to authenticated copies of those pleadings for their content.

## Count I
## Declaratory Judgment

31. Shaw incorporates by reference its response to Paragraphs 1 through 30 of the Crossclaim as if fully set forth herein.

32. Admitted.

33. Denied, including all subparts.

In response to the PRAYER FOR RELIEF and *ad damnum* clause beginning "PRAYER OF RELIEF," including its subparts (1) and (2), Shaw denies that Wausau is entitled to any of the relief sought.

Except as expressly admitted in this Answer, all allegations of Wausau's Crossclaim are denied.

## **AFFIRMATIVE DEFENSES**

Without assuming any burdens of proof that, under law, belong to Wausau, Shaw submits the defenses below to Wausau's Crossclaim:

## **FIRST DEFENSE**

Wausau's Crossclaim fails to state a claim against Shaw on which relief can be granted.

## **SECOND DEFENSE**

Shaw pleads the general issues and denies every allegation of Wausau's Crossclaim that is not expressly admitted above.

## **THIRD DEFENSE**

Wausau's Crossclaim depends on the underlying evidence obtained through discovery or proven at trial of the ongoing Underlying Actions and thus cannot be determined until the parties' liabilities and obligations, if any, are determined in the Underlying Actions.

## FOURTH DEFENSE

The terms of the policies on which Wausau tries to avoid or limit their obligations to Shaw are undefined, vague, ambiguous, and must be strictly construed against Wausau.

## FIFTH DEFENSE

To deny coverage would defeat Shaw's reasonable expectations under the policies.

## SIXTH DEFENSE

To the extent that Wausau has breached its policies or its obligations with respect to defense, settlement, and indemnity, it is entitled to no relief.

## SEVENTH DEFENSE

Wausau's claims are barred by the doctrine of waiver, consent, and ratification.

## EIGHTH DEFENSE

Wausau's claims are barred by the doctrine of acquiescence.

## NINTH DEFENSE

Wausau's claims are barred by the doctrine of estoppel.

## TENTH DEFENSE

Wausau has failed to properly reserve its rights.

## ELEVENTH DEFENSE

To the extent shown through discovery, Shaw raises all of the affirmative defenses set forth in F.R.C.P. 8 and F.R.C.P. 12(b) and none of these defenses are waived.

**TWELFTH DEFENSE**

Wausau's Crossclaim should be dismissed based on *forum non conveniens* or transferred to a more convenient forum pursuant to 28 U.S.C. § 1404.

**THIRTEENTH DEFENSE**

Shaw reserves the right to amend or supplement its Answer to assert other defenses as may become known to it or as discovery reveals.

**PRAYER FOR RELIEF**

WHEREFORE, Shaw respectfully requests the Court:

1. Enter final judgment on the merits dismissing, with prejudice, Wausau's Crossclaim;

2. Declare that Wausau owes a duty to defend and/or indemnify Shaw for the claims asserted in the Underlying Actions;

3. Award Shaw its attorneys' fees and other costs associated with defense of this action;

4. Award Shaw such other relief which it may be entitled to in law and in equity.

Respectfully submitted, this 20th day of March, 2024.

**BADHAM & BUCK, LLC**

*/s/ Brannon J. Buck*
Brannon J. Buck (ASB-5848-K56B)
Christopher B. Driver (ASB-9178-G39B)
2001 Park Place North, Ste. 500
Birmingham, Alabama 35203
(205) 521-0036 (Phone)
(205) 521-0037 (Facsimile)
bbuck@badhambuck.com
cdriver@badhambuck.com

**FELLOWS LABRIOLA, LLP**
Shattuck Ely (Georgia Bar No. 246944)
*\*Admitted Pro Hac Vice*
FELLOWS LABRIOLA LLP
Suite 2400, Harris Tower
233 Peachtree Street, NE
Atlanta, Georgia 30303
(404) 586-9200 (Phone)
tely@fellab.com
aprescott@fellab.com

*Counsel for Shaw Industries, Inc.*

## CERTIFICATE OF SERVICE

This is to certify that on this day I served the foregoing by using the Court's CM/ECF system, which will send notice of the filing to all counsel authorized to receive it.

This 20th day of March, 2024.

/s/ Brannon J. Buck

8